UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, <br><br> Defendants. | Civil Action No. 1:20-cv-04355-RRM-SMG <br><br> CLASS ACTION |
| DAVID DUARTE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, <br><br> Defendants. | Civil Action No. 1:20-cv-04528-EK-SMG <br><br> CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4817-2848-5586.v1

**TABLE OF CONTENTS**

                                                         **Page**

I. INTRODUCTION ............................................................................................................1

II. STATEMENT OF FACTS ..............................................................................................2

III. ARGUMENT ...................................................................................................................3

        A. The Related Actions Should Be Consolidated.........................................................3

        B. Dr. Okeon and Dr. Clark Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff..................................................................................3

                1. Dr. Okeon and Dr. Clark's Motion Is Timely..............................................4

                2. Dr. Okeon and Dr. Clark Have the Largest Financial Interest in the Relief Sought by the Class ...........................................................................5

                3. Dr. Okeon and Dr. Clark Are Typical and Adequate of the Putative Class ..............................................................................................................5

        C. The Court Should Approve Dr. Okeon and Dr. Clark's Selection of Counsel ......................................................................................................................6

IV. CONCLUSION ................................................................................................................8

## I. INTRODUCTION

Presently pending in this District are two related securities class action lawsuits (the "Related Actions") on behalf of purchasers of Nano-X Imaging Ltd. ("Nano-X" or the "Company") securities between August 21, 2020 and September 15, 2020 (the "Class Period"), against Nano-X and two of its executives, alleging violations of the Securities Exchange Act of 1934 ("1934 Act").[1] The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Dr. Melvyn M. Okeon and Dr. Robert E. Clark should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Court should approve Dr. Okeon and Dr. Clark's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1] The Related Actions are *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355 (E.D.N.Y.), filed on September 16, 2020, and *Duarte v. Nano-X Imaging Ltd.*, No. 1:20-cv-04528 (E.D.N.Y.), filed on September 24, 2020.

## II.  STATEMENT OF FACTS

Nano-X develops and produces x-ray source technology for the medical imaging industry. Nano-X's x-ray imaging solution, called the "Nanox System," was purportedly designed to enable medical screening as a service to improve accessibility and affordability of early detection. Nano-X's common stock trades on the NASDAQ under the ticker symbol NNOX.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose that Nano-X's commercial agreements and its customers were fabricated, that Nano-X's statements regarding its "novel" Nanox System were misleading, as Nano-X never provided data comparing its images with images from competitors' machines, and that Nano-X's submission to the U.S. Food and Drug Administration ("FDA") admitted the Nanox System was not original. *White* ECF No. 1 at ¶21; *Duarte* ECF No. 1 at ¶22.

Then on September 15, 2020, Citron Research published a report entitled "Nano-X Imaging (NNOX) A Complete Farce on the Market – Theranos 2.0." *White* ECF No. 1 at ¶22; *Duarte* ECF No. 1 at ¶23. The Citron report summarized Nano-X as a "$3 billion company [that] is nothing more than a science project with a simple rendering, minimal [research and development], fake customers, no FDA approval, and fraudulent claims that are beyond the realm of possibility." *Id*. In addition, the Citron report concluded that Nano-X's claims about its customers with commercial agreements were false. The Citron report also discussed how Nano-X had not published any data comparing images from its machines with other x-ray machines and that Nano-X's statement that it was creating a novel solution to medical imaging was false. On this news, the price of Nano-X stock suffered a two-session decline of more than 25%, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Dr. Okeon, Dr. Clark and other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "Absent prejudice to the defendants, '[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports,'" and "'the actions need not be identical to allow for consolidation.'" *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) (citation omitted). "In fact, '[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Id.* (citation omitted).

Here, the Related Actions present nearly identical factual and legal issues, alleged identical claims in an identical class period, and named identical defendants. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. Accordingly, the Related Actions should be consolidated.

#### B.   Dr. Okeon and Dr. Clark Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on September 16, 2020. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecommunications Corp.*, 2010 WL 3924862, at *4 (E.D.N.Y. Aug. 17, 2010). Dr. Okeon and Dr. Clark meet these requirements and should be appointed Lead Plaintiff.

### 1. Dr. Okeon and Dr. Clark's Motion Is Timely

The September 16, 2020, statutory notice advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by November 16, 2020. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Dr. Okeon and Dr. Clark are eligible for appointment as lead plaintiff.

- 4 -

### 2. Dr. Okeon and Dr. Clark Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, Dr. Okeon and Dr. Clark suffered approximately $83,839 in combined losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C.[2] To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Dr. Okeon and Dr. Clark meet the PSLRA's prerequisite of having the largest financial interest.

### 3. Dr. Okeon and Dr. Clark Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting a lead plaintiff, courts focus on the typicality and adequacy requirements." *Pompano Beach*, 2010 WL 3924862, at *5. "Rule 23(a)'s 'typicality' requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Id*. (citation omitted). "The 'adequacy' requirement of Rule 23 is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class [member] has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id*. at *6 (citation omitted).

Dr. Okeon and Dr. Clark satisfy the typicality requirement because, just like all other class members, they: (1) purchased Nano-X securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. In addition, Dr. Okeon and Dr. Clark are adequate representatives of the class because their interests are aligned with

---

[2] Dr. Okeon and Dr. Clark's losses are the same under both the "first-in, first-out" and the "last-in, first-out" accounting methodologies.

the interests of the putative class and there is no evidence of any antagonism between Dr. Okeon and Dr. Clark's interests and the class's interests. Dr. Okeon and Dr. Clark's substantial losses provide the requisite interest to ensure vigorous advocacy.

Dr. Okeon and Dr. Clark – both renowned and well-respected radiologists in California – have been friends for over fifty years. Dr. Okeon attended the University of Tennessee College of Medicine and is certified by the American Board of Radiology. Dr. Clark attended the University of Michigan Medical School and is also certified by the American Board of Radiology. Dr. Okeon and Dr. Clark attended University of California, San Francisco together for their medical residencies. Dr. Okeon and Dr. Clark both possess decades of investment experience and both have experience hiring and overseeing lawyers. Dr. Okeon and Dr. Clark were aware of one another's investments in Nano-X prior to the commencement of this litigation and have decided to jointly seek lead plaintiff status to leverage their combined resources, knowledge, and their shared experiences of over fifty years for the benefit of the class. Finally, as explained below, Dr. Okeon and Dr. Clark have selected experienced and qualified counsel, further evidencing their ability to fairly and competently represent the interests of the putative class.

Because Dr. Okeon and Dr. Clark filed a timely motion, have a large financial interest in the relief sought by the class, and have demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C. The Court Should Approve Dr. Okeon and Dr. Clark's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Pompano Beach*, 2010 WL 3924862, at *6 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). Here, Dr. Okeon and Dr. Clark have selected Robbins Geller to serve as Lead Counsel for the proposed class.

- 6 -

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller, a 200-attorney firm with offices nationwide and in New York, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3] District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex class action cases. *See Pompano Beach*, 2010 WL 3924862, at \*6 ("[B]ased upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, I respectfully recommend to Judge Feuerstein that Robbins Geller be approved as Lead Counsel."); *see also In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-cv-04296-JS-ETB (E.D.N.Y.) ($34.9 million recovery); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, No. 2:08-cv-03178-LDW-ARL (E.D.N.Y.) ($32.5 million recovery); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, No. 2:08-cv-01418-LDW-ETB (E.D.N.Y.) ($24.9 million recovery); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 1:05-md-01720-MKB-JO, ECF No. 7822 at 36 (E.D.N.Y. Dec. 16, 2019) ("[Robbins Geller and co-counsel] have also demonstrated the utmost professionalism despite the demands of the extreme perseverance that this case has required, litigating on behalf of a class of over 12 million for over 14 years, across a changing legal landscape, significant motion practice, and appeal and remand. Class counsel's pedigree and efforts alone speak to the quality of their representation.").

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

Notably, so far in 2020, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Dr. Okeon and Dr. Clark likewise note that the counsel proposed to lead this case has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4] Thus, the Court can be assured that by approving Dr. Okeon and Dr. Clark's selection of Robbins Geller as Lead Counsel the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Dr. Okeon and Dr. Clark have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Dr. Okeon and Dr. Clark respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

---

[4]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

DATED:  November 16, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

<u>    *s/ David A. Rosenfeld*    </u>
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 16, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

    ROBBINS GELLER RUDMAN
        & DOWD LLP
    58 South Service Road, Suite 200
    Melville, NY 11747
    Telephone: 631/367-7100
    631/367-1173 (fax)

    E-mail: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:20-cv-04355-RRM-SMG White v. Nano-X Imaging Ltd. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Gregory B. Linkh**
  glinkh@glancylaw.com,greglinkh@gmail.com

- **Christopher Peter Malloy**
  christopher.malloy@skadden.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`