**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v s . <br><br> NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, Defendants. | Civil Action No. 1:20-cv-04355-WFK-MMH <br><br> CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR CONSOLIDATION OF RELATED ACTIONS**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

BACKGROUND ..................................................................................................................2

A. The *White* and *Duarte* Actions................................................................2

B. The Initial *McLaughlin* Action.................................................................3

C. Defendants' Application Pursuant to Rule 50.3.1(d) to Treat the Actions as Related and Assign Them to the Same District Judge...........................................4

D. The Amended Complaint Filed in the *McLaughlin* Action Expands the Putative Class Period and Recasts the Claims...............................................5

ARGUMENT........................................................................................................................6

I. LEGAL STANDARD ..............................................................................................6

II. THE RELATED ACTIONS NAME IDENTICAL DEFENDANTS AND PRESENT IDENTICAL CLAIMS DURING OVERLAPPING CLASS PERIODS...................................................................................................................6

III. THE RELATED ACTIONS CONCERN SUFFICIENTLY SIMILAR FACTUAL AND LEGAL ISSUES ............................................................................................7

IV. CONSOLIDATION WILL PROMOTE EFFICIENCY ...................................................9

V. APPOINTMENT OF LEAD PLAINTIFF..........................................................................10

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*Atanasio v. Tenaris S.A.*,
    331 F.R.D. 21 (E.D.N.Y. 2019) ...............................................................................6

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) .............................................................................7

*Brady v. Top Ships Inc.*,
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) ....................................................................7

*In re Facebook, Inc. IPO Securities & Derivative Litigation*,
    288 F.R.D. 26 (S.D.N.Y. 2012)...............................................................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)..................................................................................6

*Linn v. Allied Irish Banks, PLC*,
    No. 02 Civ. 1738(DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) ...............6

*Rauch v. Vale S.A.*,
    378 F. Supp. 3d 198 (E.D.N.Y. 2019) ................................................... 6, 7, 8, 9

*In re Refco Securities Litigation*,
    530 F. Supp. 2d 1350  (J.P.M.L. 2007) ..................................................................8

*In re Synergy Pharmaceuticals Inc. Securities Litigation*,
    No. 18-CV-873 (AMD) (VMS), 2020 WL 5763830 (E.D.N.Y. Sept. 28,
    2020), *appeal dismissed sub nom. McMullen v. Hamilton*, No. 20-3705
    (L), 2021 WL 1702868 (2d Cir. Apr. 21, 2021)....................................................7

*Toussie v. County of Suffolk*,
    No. CV 01-6716(JS)(ARL), 2007 WL 1490463 (E.D.N.Y. May 21, 2007) ......6

*Villella v. Chemical & Mining Co. of Chile Inc.*,
    No. 15 Civ. 2106(ER), 2015 WL 6029950 (S.D.N.Y. Oct. 14, 2015) ...............7

*In re Virgin Mobile Initial Public Offering (IPO) Securities Litigation*,
    542 F. Supp. 2d 1372 (J.P.M.L. 2008) ..................................................................7

*Wallace v. IntraLinks Holdings, Inc.*,
    No. 11 Civ. 8861(TPG), 2012 WL 1108572 (S.D.N.Y. Apr. 3, 2012) ...............6

## STATUTES AND RULES

15 U.S.C. § 78j(b) ..................................................................................................1

15 U.S.C. § 78t(a) ..................................................................................................1

E.D.N.Y. Rule 50.3.1(d)..........................................................................................2

15 U.S.C. § 78u-4 ..................................................................................................4

Fed. R. Civ. P. 42 ...................................................................................................6

Fed. R. Civ. P. 42(a)(2) ..........................................................................................6

Defendants Nano-X Imaging Ltd. ("Nano-X" or the "Company"), Ran Poliakine and Itzhak Maayan (together, the "Individual Defendants") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to consolidate three related securities class action lawsuits on behalf of purchasers of Nano-X securities.

**INTRODUCTION**

Presently pending in this District are three securities class action lawsuits (the "Related Actions")[1] brought on behalf of putative classes of purchasers of Nano-X securities during overlapping periods between August 21, 2020 and November 17, 2021 against Nano-X and the Individual Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a).  Although a pending motion to consolidate two of these actions, *White* and *Duarte*, is unopposed, by this motion Defendants request that all three actions be consolidated.

Consolidation is particularly appropriate where, as here, the Related Actions involve the same set of defendants, allege identical legal claims, concern overlapping class periods, point to overlapping filings and statements, and concern common questions of law and fact.  Specifically, the *White* and *Duarte* actions alleged identical class periods, named identical defendants, and presented nearly identical factual and legal issues concerning Nano-X's disclosures in its July 30,

---

[1]   The Related Actions are (a) *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355 (E.D.N.Y. compl. filed Sept. 16, 2020) ("*White*"), (b) *Duarte v. Nano-X Imaging Ltd.*, No. 1:20-cv-04528 (E.D.N.Y. compl. filed Sept. 24, 2020) ("*Duarte*"); and (c) *McLaughlin v. Nano-X Imaging Ltd.*, No. 1:21-cv-05517 (E.D.N.Y. compl. filed Oct. 5, 2021), which was subsequently designated *In Re Nano-X Securities Litigation*, No. 1:21-cv-05517 (E.D.N.Y. am. compl. filed Apr. 12, 2022) ("*McLaughlin*" or "*In re Nano-X*").  The initial complaints in *White*, *Duarte*, and *McLaughlin*, and the amended complaint in *In re Nano-X* are attached as Exhibits 1, 2, 3, and 4, respectively, to the accompanying declaration of Susan L. Saltzstein ("Saltzstein Decl."), and are cited as "Ex. __" throughout.

2020 Registration Statement regarding its X-ray imaging product. The *White* and *Duarte* actions alleged, among other things, that statements the Company made describing its imaging product as "novel" were supposedly materially false and misleading.

Although the initial complaint in *McLaughlin* alleged a narrower class period of June 17, 2021 through August 18, 2021 and focused on alleged statements regarding Nano-X's FDA application, in the recently filed amended complaint lead plaintiffs jettisoned their initial theory.[2] The amended complaint now names the same set of defendants, expands the class period to encompass the entire class period in the *White* and *Duarte* actions, and adds allegations that directly overlap with those two actions. The amended complaint in *McLaughlin* now specifically concerns Nano-X's disclosures in its July 30, 2020 Registration Statement related to its X-ray imaging product— including allegations that the imaging product did not concern "novel" technology. Because the Related Actions share substantial similarities, including common issues of law and fact, consolidation is appropriate and would not only result in a substantial saving of judicial resources, but would also prevent the needless duplication of discovery.

## BACKGROUND

A.    **The *White* and *Duarte* Actions**

The *White* and *Duarte* actions were filed on September 16, 2020, and September 24, 2020, respectively. The plaintiffs in both actions seek to assert claims on behalf of a putative class of purchasers of Nano-X securities during the period of August 21, 2020 to September 15,

---

[2]    Although Defendants previously sought to have the three actions be deemed related pursuant to Rule 50.3.1(d) of the Guidelines for the Division of Business Among District Judges – Eastern District of New York ("Local Rule 50.3.1(d)"), Defendants submit this motion to consolidate based on the newly amended complaint filed in the *McLaughlin* case that eliminated substantially all of the reasons the *McLaughlin* plaintiffs advanced for opposing Defendants' Local Rule 50.3.1(d) application.

2020, and allege nearly identical claims that Defendants made materially false and misleading statements in Nano-X's July 30, 2020 Registration Statement regarding its X-ray imaging product. Specifically, the plaintiffs allege that the Company's July 30, 2020 Registration Statement included a statement that its X-ray imaging product is "novel" that was supposedly materially false and misleading because the Company did not provide data comparing its own product's images with images from competitors' machines. (Ex. 1 ¶ 21; Ex. 2 ¶ 22.) The plaintiffs also allege that the July 30, 2020 Registration Statement contained supposed misrepresentations related to both Nano-X's commercial agreements with its customers and Nano-X's submissions to the U.S. Food and Drug Administration ("FDA"). (Ex. 1 ¶ 21; Ex. 2 ¶ 22.)

Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u–4 (added by the Private Securities Litigation Reform Act of 1995 (the "PSLRA")), several putative class members made motions for the appointment of lead plaintiff and lead counsel and to consolidate the actions. However, the motion of Edward Ko and Derson Jolteus to be appointed lead plaintiffs, to appoint Levi & Korsinsky, LLP as lead counsel, and to consolidate the *White* and *Duarte* actions, filed on November 16, 2020, is now unopposed. That motion was referred to Magistrate Judge Marcia Henry on September 1, 2021. (*See* Order at 1, *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355-WFK-MMH (E.D.N.Y. Sept. 1, 2021), ECF No. 32.)

## B.    The Initial *McLaughlin* Action

The *McLaughlin* action was filed on October 5, 2021. As originally cast, the complaint was brought on behalf of a putative class of purchasers of Nano-X securities during the period of June 17, 2021 to August 18, 2021, and alleged that Nano-X's June 17, 2021 press release, as well as certain subsequent public statements, misrepresented an application Nano-X had submitted to

3

the FDA.  (Ex. 3 ¶¶ 1, 20-27.)  Motions under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, for appointment of lead plaintiff and lead counsel in that action were filed on December 6, 2021.

In a January 25, 2022 Memorandum Decision and Order, the Court (Kuo, M.J.) appointed Davian Holdings as lead plaintiff and Pomerantz LLP as lead counsel after determining that Davian Holdings had the largest financial interest in the case based on its purchases of Nano-X securities during the original class period of June 17, 2021 to August 18, 2021.

**C.     Defendants' Application Pursuant to Rule 50.3.1(d) to Treat the Actions as Related and Assign Them to the Same District Judge**

On December 21, 2021, Defendants submitted a request to the Court pursuant to Local Rule 50.3.1(d) for a judicial determination that the *McLaughlin* action was related to the *White* and *Duarte* actions and to assign all three actions to the same district judge.  (Saltzstein Decl. Ex. 5.)  Defendants argued that like the *White* and *Duarte* actions, the *McLaughlin* action concerned allegations related to Nano-X's applications to the FDA regarding its X-ray imaging product. While the *White* and *Duarte* plaintiffs did not oppose the application, the *McLaughlin* plaintiffs filed an opposition arguing that the *McLaughlin* action was not related to the *White* and *Duarte* actions because it: (a) did not cover the same class period, (b) did not name the same defendants, (c) did not concern statements in the Company's July 30, 2020 Registration Statement, and (d) did not concern the same submissions to the FDA at issue in the other two actions.  Rather, they argued, the *McLaughlin* action concerned only allegedly false statements regarding an allegedly deficient application that Nano-X filed with the FDA in June 2021.  The *McLaughlin* plaintiffs further argued the *White* and *Duarte* actions were distinct from *McLaughlin*, because those actions, unlike *McLaughlin*, concerned "the Company's statements regarding its purportedly 'novel' Nanox System in the Company's [July 30, 2020 Registration Statement]."  (Saltzstein

4

Decl. Ex. 6.)  After receiving the *McLaughlin* plaintiffs' opposition, the Court denied the application to treat the cases as related and assign them to the same judge.  (*See* Docket Entry Order, *McLaughlin v. Nano-X Imaging Ltd.*, No. 1:21-cv-05517-RPK-PK, (E.D.N.Y. Jan. 4, 2022).)

### D.   The Amended Complaint Filed in the *McLaughlin* Action Expands the Putative Class Period and Recasts the Claims

The lead plaintiff in *McLaughlin* filed an amended complaint on April 12, 2022.  The amended complaint dropped the original allegations concerning Nano-X's allegedly deficient application filed with the FDA, and instead added allegations that overlap with the *White* and *Duarte* actions, including allegations that certain statements the Company made regarding cost estimates were materially false and misleading because the Company's X-ray imaging product did not concern "novel" technology and was not comparable to existing CT imaging.  (Ex. 4 ¶¶ 59-60, 66-67).  The amended complaint in *McLaughlin* now alleges claims regarding statements the Company made in its July 30, 2020 Registration Statement, and has expanded the class period to August 21, 2020 to November 17, 2021— fully encompassing the class periods in the *White* and *Duarte* actions.  Further, while the *McLaughlin* action initially named Tal Shank, and not Itzhak Maayan, as a defendant, the amended complaint dropped Defendant Shank and added Defendant Maayan.  As a result, the defendants in the *McLaughlin* action are now identical to those in the *White* and *Duarte* actions.

In sum, the amendments to the *McLaughlin* complaint eliminated substantially all of the reasons the *McLaughlin* plaintiffs advanced for opposing Defendants' Local Rule 50.3.1(d) application and compel the conclusion that the *McLaughlin* case should be consolidated with the earlier filed *White* and *Duarte* actions.

5

**ARGUMENT**

**I.      LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42, a court may consolidate multiple actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25 (E.D.N.Y. 2019) (citations omitted). "Considerations of judicial economy favor consolidation," *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738(DAB), 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)), and "[s]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Toussie v. County of Suffolk*, No. CV 01-6716(JS)(ARL), 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (citation omitted). Furthermore, "the actions need not be identical to allow for consolidation." *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) (citation omitted).

Consolidation is also "particularly appropriate in securities class actions." *Wallace v. IntraLinks Holdings, Inc.*, No. 11 Civ. 8861(TPG), 2012 WL 1108572, at *1 (S.D.N.Y. Apr. 3, 2012) (citation omitted); *see also In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) ("[C]ourts in this district have routinely consolidated actions [alleging] Securities Act and Exchange Act claims.").

**II.     THE RELATED ACTIONS NAME IDENTICAL DEFENDANTS AND PRESENT IDENTICAL CLAIMS DURING OVERLAPPING CLASS PERIODS**

The Related Actions concern identical provisions of the Exchange Act, with each asserting claims under Sections 10(b) and 20(a) relating to Nano-X's disclosures concerning its X-ray imaging product. Additionally, the class period in the *White* and *Duarte* actions overlaps

6

with the class period in the *McLaughlin* action, weighing in favor of consolidation. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344 (E.D.N.Y. 2018) (noting, as a reason for granting the motion to consolidate, that the two complaints included "the same proposed class period"). Moreover, the fact that the class periods are overlapping, and not identical, "is not an obstacle to consolidation." *In re Synergy Pharms. Inc. Sec. Litig.*, No. 18-CV-873 (AMD) (VMS), 2020 WL 5763830, at *3 (E.D.N.Y. Sept. 28, 2020), *appeal dismissed sub nom. McMullen v. Hamilton*, No. 20-3705 (L), 2021 WL 1702868 (2d Cir. Apr. 21, 2021).

Furthermore, the fact that the Related Actions name identical defendants supports a finding of consolidation. *See Brady*, 324 F. Supp. 3d at 344 ("[L]ooking to considerations of judicial economy, the Court finds that the fact that both actions involve the same set of defendants weighs in favor of consolidation.").

## III. THE RELATED ACTIONS CONCERN SUFFICIENTLY SIMILAR FACTUAL AND LEGAL ISSUES

Consolidation is appropriate where, as here, all of the actions "relate to the same public statements and reports." *Rauch*, 378 F. Supp. 3d at 204 (citation omitted); *accord*, *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008) ("[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." (citation omitted)); *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *4 (S.D.N.Y. Oct. 14, 2015) ("Courts in this district 'routinely consolidate securities class actions arising from the same allegedly actionable statements' . . . ." (citation omitted)). The Judicial Panel on Multidistrict Litigation has also held that centralization of securities actions is appropriate where their allegations stem from the same disclosures. *See, e.g.*, *In re Virgin Mobile Initial Pub. Offering (IPO) Sec. Litig.*, 542 F. Supp. 2d 1372, 1373 (J.P.M.L. 2008) (finding centralization of securities actions was warranted because the actions

7

were based on the same registration statement and prospectus in connection with an initial public offering); *In re Refco Sec. Litig.*, 530 F. Supp. 2d 1350, 1351 (J.P.M.L. 2007) (finding centralization of securities actions appropriate because they shared allegations related to the company's financial statements).  Securities actions "need not be identical to allow for consolidation." *Rauch*, 378 F. Supp. 3d at 204 (citation omitted).

Here, the Related Actions all allege that Nano-X included supposed misrepresentations in its July 30, 2020 Registration Statement with respect to its X-ray imaging product, and point to overlapping statements within the registration statement as being materially false and misleading. Notably, the *White* and *Duarte* actions both allege that statements in Nano-X's July 30, 2020 Registration Statement describing its X-ray imaging product as "novel" technology were materially false and misleading because the Company did not provide data comparing its own product's images with images from competitors' machines.  (Ex. 1 ¶¶ 19-21; Ex. 2 ¶¶ 20-22.) Similarly, the amended complaint in the *McLaughlin* action alleges that Nano-X's July 30, 2020 Registration Statement included misrepresentations with respect to cost estimates of its X-ray imaging product under the theory that the product did not concern "novel" technology and was not comparable to existing CT imaging.  (Ex. 4 ¶¶ 59-60, 66-67.)

Moreover, the Related Actions point to several overlapping statements within the July 30, 2020 Registration Statements as being materially false and misleading, including the following:

> As a first step to producing a new class of affordable medical imaging systems, we have focused on identifying and developing a novel X-ray source.  Our X-ray source is based on a novel digital microelectromechanical system ("MEMs") semiconductor cathode that we believe can achieve the same functionalities as legacy X-ray analog cathodes, while allowing for lower-cost production than existing medical imaging systems.

(Ex. 4 ¶ 66.)

> Digital X-ray source with the potential to significantly reduce the costs of medical imaging systems.  We believe our digital X-ray source technology will allow us to

8

> manufacture the Nanox.ARC, if cleared, at substantially lower costs compared to medical imaging systems that use a legacy analog X-ray source without sacrificing imaging quality. A lower cost device has the potential to substantially increase medical imaging availability and improve accessibility of early-detection services broadly across the globe.

(Ex. 1 ¶ 20.)

> Realizing that the X-ray tube technology has essentially not changed in more than 100 years and remains a significant source of complexity and cost-driver of existing X-ray-based medical imaging systems, we developed a novel digital X-ray source that we believe addresses these drawbacks and will enable a new class of medical imaging systems that can be produced at a significantly lower cost than the existing systems.

(Ex. 2 ¶ 21.)

All three actions allege that Nano-X's statements in its July 30, 2020 Registration Statement misrepresented or omitted to state material facts about the Company's X-ray imaging product.[3] Further, the Related Actions all share a common legal question—whether Defendants' misrepresentations violated Sections 10(b) and 20(a) of the Exchange Act.

## IV.   CONSOLIDATION WILL PROMOTE EFFICIENCY

Given the significant factual and legal overlap between the three actions, consolidation is necessary to ensure justice. Although Defendants believe that none of the actions have merit, in the event they survive dismissal on the pleadings, Defendants would be forced to produce duplicate discovery with respect to Nano-X's X-ray imaging product. Consolidating discovery will prevent the needless duplication of discovery and help minimize costs. *See Rauch*, 378 F. Supp. 3d at 205 ("[C]onsolidation of stockholders' suits often benefits both the courts and the

---

[3]   The fact that the *McLaughlin* action contains a longer class period, and therefore contains additional allegations pertaining to statements from sources other than the July 30, 2020 Registration Statement, "does not render consolidation inappropriate." *See Rauch*, 378 F. Supp. 3d at 205.

9

parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." (citation omitted)).

## V.   APPOINTMENT OF LEAD PLAINTIFF

Should the Court consolidate the actions, it should also appoint a lead plaintiff and lead counsel.  While we express no opinion on who should be appointed as lead plaintiff and lead counsel, given the changes to the class period in the *McLaughlin* action, there has been no showing that the lead plaintiff in that action is the most adequate class member or that the lead plaintiff has standing to assert the claims made in the now-expanded class period.

### CONCLUSION

For the foregoing reasons, the Related Actions should be consolidated.

Dated:  New York NY
        June 3, 2022

Respectfully submitted,

      /s/ *Susan L. Saltzstein*
Susan L. Saltzstein
Christopher P. Malloy
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
susan.saltzstein@skadden.com
christopher.malloy@skadden.com

*Attorneys for Defendants*