

**Justin D. D'Aloia**
Partner

November 3, 2022

VIA ECF
The Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

  Re: Ko v. Nano-X Imaging Ltd., Case No. 1:20-cv-4355-WFK-MMH

Dear Magistrate Judge Henry:

  We represent Davian Holdings Limited ("Davian Holdings"), Court-appointed lead plaintiff in the matter captioned *In re Nano-X Securities Litigation*, Case No. 1:21-cv-5517-RPK-PK ("*Nano-X*").  In accordance with Local Rule 1.6 of the United States District Court for the Southern and Eastern Districts of New York, we write, together with counsel for Court-appointed lead plaintiffs Edward Ko and Derson O. Jolteus ("Lead Plaintiffs"), to inform the Court of the filing of the amended complaint on October 31, 2022 (ECF No. 62) (the "Amended Complaint" or "AC"), and the extent to which it impacts the motion to consolidate the above-referenced action ("*Ko*") and *Nano-X* (ECF No. 42) (the "Motion"), currently pending before Your Honor.

  By way of background, defendants Nano-X Imaging Ltd., Ran Poliakine, and Itzhak Maayan (collectively, "Defendants") moved to consolidate the two matters that comprised *Ko* with *Nano-X* on June 3, 2022, following the filing of the amended complaint in *Nano-X*.  At the time, *Ko* encompassed two matters captioned *White v. Nano-X Imaging Ltd.*, Case No. 1:20-cv-4355 ("*White*"), and *Duarte v. Nano-X Imaging Ltd.*, Case No. 1:20-cv-4528 ("*Duarte*").  The complaints in *White* and *Duarte* were virtually identical.  Both brought securities fraud claims on behalf of investors who purchased Nano-X securities between August 21, 2020, and September 15, 2020, for disclosures made in a registration statement filed in connection with Nano-X's IPO.

  In support of their Motion, Defendants argued that, by extending the class period to cover statements in Nano-X's registration statement regarding its "novel" X-ray product, the amended pleading in *Nano-X* created substantive overlap with the complaints in *White*/*Duarte*.  In response, Davian Holdings and Lead Plaintiffs filed an opposition to the Motion (ECF No. 46) (the "Opposition") demonstrating that *Nano-X* presents vastly different questions of law and fact than *White*/*Duarte*—the key question for consolidation—as (1) the focus of the claims in *White*/*Duarte* is whether Nano-X's core product is "novel," whereas the focus of the claims in *Nano-X* is whether that product is functionally equivalent to existing technology, *regardless of its novelty*; (2) the overlap between the actions is minimal given that *Nano-X* challenges disclosures from 13 sources

jdaloia@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9948
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Hon. Marcia M. Henry
Page 2

only one of which is at issue in *White*/*Duarte*, and *Nano-X* covers a sixty-four week class period which coincides with *White*/*Duarte* by only three-and-a-half weeks; (3) *Nano-X* arises out of corrective disclosures which took place *fourteen months* after the corrective disclosure in *White*/*Duarte*; and, as a result of all this, (4) the discovery and issues to be tried are, simply put, different.  The Opposition also highlighted that, unlike *Nano-X*, the *White*/*Duarte* complaints claimed that Nano-X fabricated the existence of commercial agreements to deploy its new product.

On August 30, 2022, after the parties finished briefing the Motion, the Court granted an unopposed application by Edward Ko and Derson O. Jolteus to consolidate *Duarte* and *White* under Case No. 1:20-cv-4355 and appoint them as Lead Plaintiffs (ECF No. 51).  In accordance with a scheduling order entered by the Court on September 14, 2022, Lead Plaintiffs filed their Amended Complaint on October 31, 2022.

The Amended Complaint leaves the arguments made in the Opposition undisturbed.[1]  The Amended Complaint retains the same class period as the original *White*/*Duarte* complaints, *i.e.,* August 21, 2020 to September 15, 2020, and relies on the same corrective disclosure from September 15, 2020.  AC ¶¶ 1, 126-30.  If anything, the Amended Complaint further distances *Ko* from *Nano-X* and buttresses the conclusion that consolidation is inappropriate.  The Amended Complaint dispenses with the allegations that challenge Nano-X's statements describing its new product as "novel"—the principal allegation from *White*/*Duarte* that Defendants relied upon to show a connection to *Nano-X*—in favor of new allegations that focus, instead, on the timing of FDA regulatory approval and the experience and quality of its distribution partners.  *Id.* ¶ 10, 92-125.  Those issues are simply not present in *Nano-X*.  In sum, the Amended Complaint eliminates any doubt that *Ko* and *Nano-X* arise out of separate frauds with distinct substantive issues.

For the foregoing reasons, and all those set forth in the Opposition, Davian Holdings and Lead Plaintiffs respectfully request that the Court deny the Motion.

Respectfully submitted,

Justin D. D'Aloia

cc:     all counsel (via ECF)

---

[1] The Amended Complaint challenges disclosures from two new sources beyond the registration statement that are also the source of misrepresentations in *Nano-X*.  As should come as no surprise, however, *Ko* takes issue with different disclosures from those sources than *Nano-X*.

**jdaloia@pomlaw.com**

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9948
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
**www.pomlaw.com**