

**Justin D. D'Aloia**
Partner

November 14, 2022

VIA ECF
The Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    Ko v. Nano-X Imaging Ltd., Case No. 1:20-cv-4355-WFK-MMH

Dear Magistrate Judge Henry:

We represent Davian Holdings, Court-appointed lead plaintiff in the *Nano-X* action, and we write, together with counsel for Lead Plaintiffs in the above-referenced *Ko* action, in response to the letter filed by Defendants on November 9, 2022 (ECF No. 64) (the "Response"), regarding their Motion to consolidate *Ko* with *Nano-X* pending before Your Honor.[1]

In their Letter, Davian Holdings and Lead Plaintiffs showed that, by abandoning the allegations in the initial complaints which focused on the "novelty" of Nano-X's new X-ray product, the Amended Complaint dispels any doubt that *Ko* and *Nano-X* arise out of separate frauds with distinct substantive issues. In the Response, Defendants accept that the novelty allegations are "now removed from the Amended Complaint." Response at 2. As a result, they attempt to seize on the other forms of "overlap" between the cases, and resort to unfounded character attacks that call into question the reasons for making this amendment. Tellingly, that stratagem evades the key question that the Court must answer. As Defendants are aware, Fed. R. Civ. P. 42(a)—the rule they move under—requires, at a bare minimum, a showing that the actions "involve a common question of law or fact." As explained below, the Response fails establish that there are any such common questions, and the Motion should be denied.

Recognizing that these linchpin allegations are "now removed," Defendants downplay their reliance on them by claiming that "allegations need not be identical" and that the current overlap between the claims, defendants, and class periods warrants consolidation for all the reasons in pages 6-8 of their Motion. Response 1, 2. But that sweeping conclusion finds no support in the cases cited therein. Each of those cases discussed those forms of overlap in matters that arose from the *same fraud* and, thus, involved common questions of law and fact in the areas where they overlapped. *See, e.g.*, *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) (finding that

---

[1] All capitalized terms not defined herein have the meaning set forth in the letter filed by Davian Holdings and Lead Plaintiffs on November 3, 2022 (ECF No. 63) (the "Letter").

jdaloia@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9948
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Hon. Marcia M. Henry
Page 2

two actions with different class periods "contain common questions of law and fact" as both were filed in response to same event and arose out of "the same pattern of alleged misconduct"); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344 (E.D.N.Y. 2018) (same for two actions that "allege substantially the same wrongdoing" and harm).[2]  Prior to the filing of the Amended Complaint, Defendants insisted that the two actions here shared a common fraud because *Nano-X*, like the *Ko* predecessor actions, challenged statements in the registration statement "under the theory that *the product did not concern 'novel' technology*."  Mot. at 8 (emphasis added).[3]  Lest there be any doubt, this became the focal point of the Opposition, and took center stage in the reply Defendants filed in further support of their Motion (ECF No. 45).  But now that this supposed connection has been severed, Defendants continued claims of "overlap" ring hollow.  *See Sidari v. Orleans Cty.*, 174 F.R.D. 275, 281-82 (W.D.N.Y. 1996) ("Consolidation is not warranted merely because two separate plaintiffs allege distinct claims under the same . . . law or statute" or "defendants are common to both cases").

Davian Holdings and Lead Plaintiffs acknowledge, as they did in the footnote of their original Letter, that there are three misstatements sources in *Ko* that overlap with those in *Nano-X*.  But that does not compel the conclusion that the two actions "relate to the *same public statements*," as Plaintiffs submit.  Response at 2 (citing *Rauch*, 378 F. Supp. 3d at 204) (emphasis added).  On the contrary, a simple comparison of the complaint in each case shows that each pleading challenges *very different* statements in those three sources.  *Compare* ECF No. 44-4 ¶¶ 66-71, *with* ECF No. 62 ¶¶ 93-125.  That is not mere happenstance.  *Ko* takes issue with statements regarding the timing of FDA approval for Nano-X's new X-ray product and the experience of its distribution partners, whereas *Nano-X* takes issue with statements claiming that the new X-ray product is functionally equivalent to existing technologies.

Unable to deny the significant daylight between the misstatements in each case, Defendants ask the Court to disregard it by invoking the truism that both actions claim that investors purchased Nano-X securities at prices artificially inflated by representations from these three disclosure documents.  Response at 3.  But that is a feature common to practically every securities fraud claim.  *See Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 484 (2d Cir. 2018)

---

[2] Defendants also cited two cases by the Judicial Panel on Multidistrict Litigation.  Mot. at 7-8.  Consolidation in those cases is governed by 28 U.S.C. § 1407, not Fed. R. Civ. P. 42(a).  But they too rest on the same premise. *See, e.g.*, *In re Refco Sec. Litig.*, 530 F. Supp. 2d 1350, 1351 (J.P.M.L. 2007) (ten actions "involve common questions of fact" because they all "arise out of the collapse of Refco" and "share allegations related to . . . the supposed harm caused to Refco and its creditors from the leveraged buy-out of Refco in 2004 and the company's initial public offering in 2005").

[3] Davian Holdings never "agreed that [it] would take charge" of the novelty allegations in its Letter.  Response at 2.  It simply noted that Defendants *argued* that such allegations were present in *Nano-X*.  But the Letter did not acquiesce or agree.  Since the Opposition was filed, the complaint in *Nano-X* has remained unchanged, and the briefing on Defendants' motion to dismiss the pleading in *Nano-X* displays that the novelty allegations are simply not at issue there.

Hon. Marcia M. Henry
Page 3

(investors in fraud-on-the-market cases are entitled to presumption that "the misstatement affected the stock price and they purchased stock in reliance on the integrity of that price"). By Defendants' logic, every pending securities fraud case which shares a common source of misrepresentations should be joined together. That is plainly not the law, and it demonstrates the folly of Defendants' argument.

Next, in a further attempt to close the gap between the misstatements in each case, Defendants refer to the fraud on the market theory and the often-cited axiom that the Court must consider "whether the defendants' representations, taken together and in context, would have misled a reasonable investor." Response at 3 (citing *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004)). However, neither of those principles imply that the "entire contents" of the subject document—one of which here, the registration statement, is nearly 200 pages long—is relevant to the disposition of the claims.

Finally, dissatisfied with the merits of their position, Defendants feel the need question the motivations for amending the pleadings to pursue two distinct frauds. Response at 3-4. For one thing, there are profoundly meritorious reasons to do so, including, to name but one, that each action centers on the fraud(s) most directly related to the event giving rise to the losses—which, for the avoidance of doubt, are markedly different in each case. That is a far cry from the type of "lawyer-driven litigation" from *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011), that Defendants cite in the Response. There, the Court refused to endorse a proposal to allow a member excluded from a class action to bring an identical class action on behalf of excluded holders as that would "likely promote near-endless skirmishes about securities holders who fall outside a class definition." *Id.* More fundamentally, and most relevant for the Motion, the motivations for making amendments play no part in whether two actions, as amended, present common questions of law or fact.

Ultimately, Defendants do not (because they cannot) deny that *Ko* and *Nano-X* seek redress for separate frauds with distinct substantive issues, and their fallback on general forms of overlap between the two matters is not a proper substitute for a specific showing that they present common questions of law and fact. Defendants may prefer that all suits arising from frauds carried out by Nano-X be housed under one roof but that is not a proper basis to consolidate.

Respectfully submitted,

Justin D. D'Aloia

cc:     all counsel (via ECF)

jdaloia@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9948

NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV

www.pomlaw.com