UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NANO-X IMAGING LTD., SECURITIES LITIGATION | Master File No. 1:20-cv-04355-WFK<br><br>**Oral Argument Requested**<br><br>**Date of Service: January 6, 2023** |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO STAY

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ............................................................................................................................3

    A.    Nano-X Imaging Ltd. ..................................................................................................3

    B.    The *White* Action .......................................................................................................4

    C.    Initially, *McLaughlin* Alleged a Different Putative Class but the Complaint Was Amended to Assert Claims on Behalf of a Broader Class that Subsumes this Action ..................................................................................................5

    D.    Defendants File a Motion for Consolidation in *White* ............................................6

    E.    The *White* Action Amended Complaint ..................................................................7

ARGUMENT ..................................................................................................................................8

I.    Balancing the Interests of Plaintiffs and Defendants Favors a Stay ...................................9

    A.    A Stay Would Avoid the Risks of Competing Class Actions ..................................9

    B.    A Stay Would Benefit and Not Prejudice Plaintiffs and the Class ........................11

    C.    Defendants' Interests and Burdens Weigh in Favor of a Stay ...............................13

II.    The Interests of the Court, the Public and Persons Not Parties to the Litigation Will Be Served by Entering a Stay ....................................................................................14

CONCLUSION .............................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott Laboratories v. Feinberg*,
    477 F. Supp. 3d 57 (S.D.N.Y. 2020) ................................................................................12

*AIDS Service Center of Lower Manhattan, Inc. v. PharmBlue LLC*,
    No. 14-CV-2792 SAS, 2014 WL 3778200 (S.D.N.Y. July 30, 2014) ....................... 12, 13

*Atanasio v. Tenaris S.A.*,
    331 F.R.D. 21 (E.D.N.Y. 2019) .........................................................................................14

*In re Collins & Aikman Corp. Securities Litigation*,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006) ...............................................................................13

*Cucci v. Edwards*,
    No. SACV 07-532 PSG (MLGx), 2007 WL 3396234 (C.D. Cal. Oct. 31, 2007) .............10

*Diatek Licensing LLC v. Estrella Media, Inc.*,
    No. 22-CV-3508 (LJL), 2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022) ...............................12

*In re Facebook, Inc., IPO Securities & Derivative Litigation*,
    Nos. 12-CV-4081 et al., 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) ................. 2, 9, 10

*In re Groupon Derivative Litigation*,
    882 F. Supp. 2d 1043 (N.D. Ill. 2012) ..............................................................................10

*Liguori v. Wells Fargo Bank, N.A.*,
    No. 19 CV 10677 (VB), 2020 WL 5370709 (S.D.N.Y. Sept. 8, 2020) .............................12

*Linn v. Allied Irish Banks, PLC*,
    Nos. 02 Civ. 1738(DAB), 02 Civ. 3168(DAB),
    2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) .....................................................................14

*In re Literary Works in Electronic Databases Copyright Litigation*,
    Nos. 00 CIV 6049 et al., 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ...............................12

*Ritchie Capital Management, LLC v. General Electric Capital Corp.*,
    87 F. Supp. 3d 463 (S.D.N.Y. 2015) ..................................................................... 10, 13, 15

*Royal Park Investments SA/NV v. Bank of America Corp.*,
    941 F. Supp. 2d 367 (S.D.N.Y. 2013) ................................................................... 10, 13, 15

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011) ............................................................................................... 14

*Specrite Design, LLC v. Elli N.Y. Design Corp.*,
    No. 16 Civ. 6154 (ER), 2017 WL 3105859 (S.D.N.Y. July 20, 2017) ............................. 15

*Trikona Advisors Ltd. v. Chuang*,
    No. 12-CV-3886, 2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013) ................... 1, 8, 9, 10, 15

*Truk International Fund, LP v. Wehlmann*,
    No. 08CIV.8462(PGG), 2009 WL 1456650 (S.D.N.Y. May 20, 2009),
    *transferred*, 737 F. Supp. 2d 611 (N.D. Tex. 2009),
    aff'd, 389 F. App'x 354 (5th Cir. 2010) .......................................................................... 13

*United States v. Shapiro*,
    No. 21-CV-02475 (GRB) (JMW), 2021 WL 5304056 (E.D.N.Y. Nov. 15, 2021) ......... 8, 9

*UnitedHealthcare Insurance Co. v. Regeneron Pharmaceuticals, Inc.*,
    No. 20 CV 10664 (VB), 2021 WL 6137097 (S.D.N.Y. Dec. 29, 2021) .......... 10, 12, 14, 15

Defendants Nano-X Imaging Ltd. ("Nanox" or the "Company"), Ran Poliakine and Itzhak Maayan (together, the "Individual Defendants") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to stay this action (the "Motion").

**PRELIMINARY STATEMENT**

This putative securities class action is duplicative in all relevant respects to another action pending in this District. The two related actions (the "Related Actions") are (a) *In re Nano-X Imaging Ltd., Securities Litigation*, Master File No. 1:20-cv-04355-WFK ("*White*"), currently pending before this Court; and (b) *In re Nanox Securities Litigation*, No. 21-cv-05517 ("*McLaughlin*"), currently pending before Judge Kovner.[1] *McLaughlin* names the same defendants as this action, relies on the same legal theories, and asserts the same legal claims based on alleged misrepresentations and omissions in the same Nanox disclosure documents. The claims in *McLaughlin* are asserted on behalf of a *broader* putative class that includes *all* of the members of the putative class alleged here. The overlap between the claims and parties became apparent when the April 12, 2022 amended consolidated complaint was filed in *McLaughlin*. Defendants moved to consolidate the Related Actions on June 3, 2022, and that motion is pending before Magistrate Judge Henry. *McLaughlin* is now more advanced than this action, with a fully briefed motion to dismiss pending since September 9, 2022.

This action should be stayed pending resolution of *McLaughlin* or, at least, pending resolution of the motion for consolidation. The factors courts in this district evaluate in determining whether to grant a stay all weigh in favor of granting one here. *See Trikona Advisors Ltd. v. Chuang*, No. 12-CV-3886, 2013 WL 1182960, at *2-3 (E.D.N.Y. Mar. 20, 2013)

---

[1] The consolidated amended complaints for *White* and *McLaughlin* are attached as Exhibits 1 and 2, respectively, to the accompanying declaration of Susan L. Saltzstein ("Saltzstein Decl."), and are cited as "Ex. __" throughout.

(courts in this district assess "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." (citation omitted)).

The fact that the Related Actions are overlapping securities class actions itself favors a stay. Courts recognize that only one lead plaintiff should control class claims to avoid a "destabilizing" race to an early resolution. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. 12-CV-4081 et al., 2013 WL 4399215, at *5-6 (S.D.N.Y. Aug. 13, 2013). Here, for reasons they have yet to explain, the current lead plaintiffs in *White* and *McLaughlin* have attempted to coordinate to keep the two actions separate. For example, the lead plaintiffs in both actions opposed consolidation, even though the earlier-appointed lead plaintiff in *McLaughlin* is duty bound to control the claims now being asserted in this action. And, most recently, the lead plaintiffs have coordinated in an attempt to gerrymander the *White* amended complaint. To create the impression that the claims asserted in *White* differ from the claims asserted in *McLaughlin*, the lead plaintiffs apparently agreed in each case – as evidenced by the joint letter they filed in this action within days of the submission of the *White* amended complaint – to allege the same class members were supposedly misled into buying Nanox stock by different sentences in the same Nanox disclosures.

Absent a stay, having two competing class actions continue simultaneously would prejudice absent class members by, among other things, imposing duplicative costs to fund two sets of plaintiffs' counsel, who evidently intend to pursue divergent strategies for the same claims. It will also unquestionably prejudice Defendants by forcing them to expend the resources and time to defend two separate, overlapping actions, including potentially briefing a

motion to dismiss in this matter while the motion for consolidation remains pending. In contrast, Plaintiffs in this action ("Plaintiffs") will not be prejudiced by a delay, particularly because their interests will be protected as members of the proposed class in *McLaughlin*.

Thus, balancing the interests of Plaintiffs and Defendants, as well as the interest of absent class members (who at least until class certification are non-parties), strongly favors a stay. For the same reasons, a stay will promote the interest of the courts. If the Related Actions are consolidated, there will be no need for any further duplicative proceedings. Even if they are not, a stay will serve the interests of judicial economy by potentially avoiding the need for two courts in this district to rule on motions to dismiss in separate but duplicative actions. Among other things, a ruling on the pending motion to dismiss in *McLaughlin* would be relevant to this action because, for example, the complaints rely on the same theories of scienter.

Accordingly, this Court should grant the Motion and stay this action pending the resolution of *McLaughlin*, or, at a minimum, until Magistrate Judge Henry resolves the pending motion for consolidation.

## BACKGROUND

### A. Nano-X Imaging Ltd.

Nanox is a development-stage company that is developing and producing "a digital x-ray source for the medical imaging industry to be produced on a commercial scale." (Ex. 1 ¶ 31.) Nanox's goal is to make medical imaging more accessible globally. To that end, Nanox is seeking to commercialize a multi-source digital x-ray imaging system capable of taking images from several angles. (*See id.* ¶ 37.) As part of its regulatory strategy, the complaint alleges that Nanox initially sought approval from the U.S. Food and Drug Administration ("FDA") for a version of its system, called the Nanox.CART, which utilizes a single x-ray source (*id.* ¶ 44) and is meant for x-rays of hands, wrists and fingers (*id.* ¶ 65), while making clear that it planned to

later submit a 510(k) application for its multi-source product, the Nanox.ARC (*id.* ¶ 45). The multi-source product was the product the Company intended to introduce to the market. (*Id.* ¶¶ 36-37.) The Company received FDA approval for the Nanox.CART in April 2021. (*See id.* ¶ 65.) The Company submitted an FDA application for a version of the multi-source Nanox.ARC in June 2021 but has yet to receive approval for this product. (*Id.* ¶¶ 67, 70.)

      **B.**     **The *White* Action**

On September 16, 2020, *White v. Nano-X Imaging Ltd., et al*, No. 1:20-cv-04355 (E.D.N.Y.) was filed. (ECF No. 1.[2]) That complaint asserted claims on behalf of a putative class of purchasers of Nanox securities during the period of August 21, 2020 to September 15, 2020, alleging that Defendants made materially false and misleading statements in Nanox's July 30, 2020 Registration Statement regarding the x-ray imaging product under development. Specifically, the plaintiff alleged that the Company's July 30, 2020 Registration Statement included a statement that its x-ray imaging product is "novel" that was supposedly materially false and misleading because the Company purportedly did not provide data comparing its own product's images with images from competitors' machines. (ECF No. 1 ¶ 21.) The plaintiff also alleged that the July 30, 2020 Registration Statement contained supposed misrepresentations related to both Nanox's commercial agreements with its customers and Nanox's submissions to the FDA. (*Id.*) On August 30, 2022, this Court appointed Edward Ko and Derson Jolteus as lead plaintiffs, Levi & Korsinsky, LLP as lead counsel, and consolidated an identical action ("*Duarte*")[3] into *White*. (ECF No. 51.)

---

[2] "ECF No." refers to filings on the now-consolidated docket for the instant action.

[3] *Duarte v. Nano-x Imaging Ltd., et al*, No. 1:20-cv-04528 (E.D.N.Y.).

4

### C. Initially, *McLaughlin* Alleged a Different Putative Class but the Complaint Was Amended to Assert Claims on Behalf of a Broader Class that Subsumes this Action

The *McLaughlin* action was filed on October 5, 2021, and is pending before Judge Kovner. (Ex. 3.) The original complaint was brought on behalf of a putative class of purchasers of Nanox securities during the period of June 17, 2021 to August 18, 2021, so it initially did not overlap with the *White* class. (*Id.* ¶ 1.) The initial complaint was focused on Nanox's June 17, 2021 press release, as well as certain subsequent public statements, claiming Defendants had misrepresented an application Nanox had submitted to the FDA. (*Id.* ¶¶ 20-27.) In a January 25, 2022 Memorandum Decision and Order, the Court appointed Davian Holdings as lead plaintiff and Pomerantz LLP as lead counsel. (Ex. 4.)

Thereafter, on April 12, 2022, the newly appointed lead plaintiff in *McLaughlin* filed an amended complaint that completely overhauled the claims and class period at issue in that case, dropping the original allegations concerning Nanox's allegedly deficient application filed with the FDA, and adding allegations that overlap with, and entirely subsume, those from the *White* and *Duarte* actions, which had not yet been consolidated. (Ex. 2.) The *McLaughlin* amended complaint added allegations that certain statements the Company made regarding the estimated cost of manufacturing the Nanox.ARC at commercial scale purportedly were materially false and misleading. (*E.g.*, *id.* ¶¶ 3-5.) It also added allegations that the Company supposedly had misrepresented the capabilities of the x-ray imaging product it was developing, which allegedly did not involve "novel" technology and was not comparable to existing CT imaging. (*E.g.*, *id.* ¶ 5.)

The *McLaughlin* amended complaint included allegations concerning statements made in Nanox's July 30, 2020 Registration Statement, as well as two investor presentations from

September 2020. (*Id.* ¶¶ 66-71.) It also expanded the class period to August 21, 2020 to November 17, 2021— fully encompassing the August 21, 2020 to September 15, 2020 class periods in *White* and *Duarte*. (*Id.* ¶ 1.) Further, the amended complaint dropped Defendant Shank and added Defendant Maayan, making the defendants in all actions identical. (*Id.* at 1.)

On July 25, 2022, Defendants moved to dismiss the amended complaint in *McLaughlin* on the grounds that: (1) plaintiff failed to plead any misleading statement or actionable omission; (2) the challenged statements were nonactionable forward-looking statements; (3) the challenged statements were nonactionable statements of opinion; (4) plaintiff could not establish a violation under Item 303; (5) plaintiff did not adequately plead scienter; (6) plaintiff failed to plead loss causation; and (7) the control person claims under Section 20(a) also failed. The motion to dismiss is now fully briefed and pending before Judge Kovner. (*See* Exs. 5-7.)

### D. Defendants File a Motion for Consolidation in *White*

Before the amendments to the *McLaughlin* complaint, Defendants had submitted a request to the Court pursuant to Local Rule 50.3.1(d) for a judicial determination that the *McLaughlin* action was related to the *White* and *Duarte* actions and to assign all three actions to the same district judge. (Ex. 8.) In his opposition, the *McLaughlin* plaintiff represented that his case was not related to the *White* and *Duarte* actions because it: (a) covered a different class period; (b) named different defendants; (c) did not concern statements in the Company's July 30, 2020 Registration Statement; and (d) did not concern the same submissions to the FDA at issue in the other two actions. (Ex. 9.) After receiving the *McLaughlin* plaintiff's opposition, Judge Kovner denied the application to treat the cases as related and assign them to the same judge. (*See* Docket Entry Order, *McLaughlin v. Nano-X Imaging Ltd.*, No. 1:21-cv-05517-RPK-PK, (E.D.N.Y. Jan. 4, 2022).)

6

As described above, however, the amended complaint filed by the lead plaintiff appointed in *McLaughlin* eliminated substantially all of the reasons the initial *McLaughlin* plaintiff had advanced for opposing Defendants' Local Rule 50.3.1(d) application. Thus, on June 3, 2022, Defendants moved to consolidate the Related Actions. (ECF Nos. 38-47.) Defendants argued that consolidation was appropriate due to the identical class periods, identical defendants, and nearly identical factual and legal issues, arising out of the same disclosures. (ECF No. 43.) The lead plaintiffs in both *White* and *McLaughlin* opposed the motion. (ECF No. 46.) On October 11, 2022, that motion was referred to Magistrate Judge Henry for decision, which is currently pending. (ECF No. 61.)

E. **The *White* Action Amended Complaint**

On October 31, 2022, the lead plaintiffs in *White* filed an amended complaint. (Ex. 1.) The allegations relating to Nanox's July 30, 2020 Registration Statement (which is also at issue in *McLaughlin*) remained largely unchanged. However, the amended complaint added allegations relating to purported misstatements in two additional disclosure documents – Nanox investor presentations made in September 2020 – that are also at issue in *McLaughlin*. (*Compare* Ex. 1 ¶¶ 96-125; *with* Ex. 2 ¶¶ 68-71.) The lead plaintiffs in both actions then submitted a joint letter to Magistrate Judge Henry arguing that the *White* amended complaint did not require consolidation, despite the fact that the claims in each action relied on the same disclosure documents. (Ex. 10.) They argued that the two actions involved different questions of law and fact because the *White* amended complaint supposedly dropped "the allegations that challenge Nano-X's statements describing its new product as 'novel' . . . in favor of new allegations that focus, instead, on the timing of FDA regulatory approval and the experience and quality of its distribution partners." (*Id.*)

As explained in Defendants' response to that letter, the allegations regarding the novelty of Nanox's system are still at issue in *McLaughlin*, and it appears that the lead plaintiffs worked together in an attempt to divide the allegations in order to perpetuate multiple litigation fronts. (Ex. 11.) Essentially, the lead plaintiffs had attempted to avoid consolidation by alleging the same class members were allegedly misled by different passages in the same disclosure documents. Nevertheless, the allegations *still* concern the *very same* disclosures, cover overlapping class periods, were filed against the same defendants and allege the same theory – namely that class members purchased the Company's shares at inflated prices based on purported misrepresentations and omissions. (*Id.*)

Pursuant to Defendants' November 21, 2022 request for a pre-motion conference, this Court set a briefing schedule for Defendants' motion to stay this action, but has not set a briefing schedule for Defendants' motion to dismiss the amended complaint. (ECF No. 78.)

## ARGUMENT

"It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors*, 2013 WL 1182960, at *2-3. Indeed, "[t]he Court has discretion to stay civil proceedings 'pursuant to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Shapiro*, No. 21-CV-02475 (GRB) (JMW), 2021 WL 5304056, at *1 (E.D.N.Y. Nov. 15, 2021) (citation omitted).

In deciding whether to issue a stay, courts consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public

interest." *Trikona Advisors*, 2013 WL 1182960, at *2-3 (citation omitted); *see also Shapiro*, 2021 WL 5304056, at *1. Here, each of these factors weigh heavily in favor of a stay of this action, and the Court should grant the Motion.

I.  **BALANCING THE INTERESTS OF PLAINTIFFS AND DEFENDANTS FAVORS A STAY**

   A.  **A Stay Would Avoid the Risks of Competing Class Actions**

Because *White* and *McLaughlin* involve overlapping class claims, it is important that only one lead plaintiff control the claims, so any competing class action should be stayed to avoid prejudice to Defendants and absent class members. Normally, the court-appointed lead plaintiff is charged with making strategic decisions regarding what claims and theories to advance and the class's scope. *In re Facebook, Inc.*, 2013 WL 4399215, at *5-6. Allowing parallel class actions covering the same absent class members to proceed simultaneously would put the respective lead plaintiffs in a "destabilizing competition to race to an early resolution." *Id.* at *5-6. Accordingly, allowing time for the motion for consolidation to be decided before the parties proceed with potentially unnecessary and costly motion to dismiss briefing will not prejudice Plaintiffs.

Here, the lead plaintiffs in *White* and *McLaughlin* proceeded in a manner that subverted the normal rule that one lead plaintiff should control the class claims. Although the classes initially did not overlap, after it was appointed, the lead plaintiff in *McLaughlin* overhauled the claims in that case in a way that subsumed completely the class and claims in this action. Then, after the lead plaintiffs in this action were appointed, the lead plaintiffs in both actions apparently sought to divide the claims and pursue competing class actions, posing the very risk of "destabilizing competition" among lead plaintiffs courts disfavor. Even if the claims between the actions differed (and they do not), allowing the *White* lead plaintiffs to pursue them when the

interest." *Trikona Advisors*, 2013 WL 1182960, at *2-3 (citation omitted); *see also Shapiro*, 2021 WL 5304056, at *1. Here, each of these factors weigh heavily in favor of a stay of this action, and the Court should grant the Motion.

I.  **BALANCING THE INTERESTS OF PLAINTIFFS AND DEFENDANTS FAVORS A STAY**

   A.  **A Stay Would Avoid the Risks of Competing Class Actions**

Because *White* and *McLaughlin* involve overlapping class claims, it is important that only one lead plaintiff control the claims, so any competing class action should be stayed to avoid prejudice to Defendants and absent class members. Normally, the court-appointed lead plaintiff is charged with making strategic decisions regarding what claims and theories to advance and the class's scope. *In re Facebook, Inc.*, 2013 WL 4399215, at *5-6. Allowing parallel class actions covering the same absent class members to proceed simultaneously would put the respective lead plaintiffs in a "destabilizing competition to race to an early resolution." *Id.* at *5-6. Accordingly, allowing time for the motion for consolidation to be decided before the parties proceed with potentially unnecessary and costly motion to dismiss briefing will not prejudice Plaintiffs.

Here, the lead plaintiffs in *White* and *McLaughlin* proceeded in a manner that subverted the normal rule that one lead plaintiff should control the class claims. Although the classes initially did not overlap, after it was appointed, the lead plaintiff in *McLaughlin* overhauled the claims in that case in a way that subsumed completely the class and claims in this action. Then, after the lead plaintiffs in this action were appointed, the lead plaintiffs in both actions apparently sought to divide the claims and pursue competing class actions, posing the very risk of "destabilizing competition" among lead plaintiffs courts disfavor. Even if the claims between the actions differed (and they do not), allowing the *White* lead plaintiffs to pursue them when the

*McLaughlin* lead plaintiff decided not to would be inappropriate. "[I]t is settled law that a litigant may not assert a separate class action to bring claims that the lead plaintiff has determined not to pursue on a class basis." *In re Facebook, Inc.*, 2013 WL 4399215, at *4 (citing *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09 MD 2058, 2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012)).

A stay would avoid the risks associated with competing class actions. First, a stay would permit time for the Court to decide the consolidation motion pending before Magistrate Judge Henry, while avoiding the need for the parties to proceed with potentially unnecessary and costly motion to dismiss briefing in this action. *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372-74 (S.D.N.Y. 2013) (finding stay was warranted while consolidation before judicial panel on multidistrict litigation was pending); *see also Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471-72 (S.D.N.Y. 2015) (same).

Even if the cases are not consolidated, it would make sense to stay this action until the broader *McLaughlin* case is resolved. *See In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1050-53 (N.D. Ill. 2012) (granting stay of action pending resolution of related securities class action relying on the same disclosures); *see also Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007) (same); *Trikona*, 2013 WL 1182960, at *4 ("While the Connecticut action 'may not settle every question of fact and law' at issue in [plaintiff's suit against defendant], it will 'in all likelihood . . . settle many and simplify them all.'" (second alteration in original) (citation omitted)). A stay through the motion to dismiss in *McLaughlin* would also serve to prevent inconsistent rulings on cases with similar questions of fact. *See UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20 CV 10664 (VB), 2021 WL 6137097, at *5 (S.D.N.Y. Dec. 29, 2021) (finding stay appropriate where

continuing with concurrent litigation could subject defendant to inconsistent judgment). For example, if granted, a decision on the pending motion to dismiss in *McLaughlin* could provide guidance to this Court on the viability of the amended complaint in this action. As previewed in Defendants' pre-motion letter, the amended complaint here should be dismissed based, *inter alia*, on the failure to allege scienter. (*See* ECF No. 76.) The scienter allegations here are similar to, and similarly defective as, the allegations in *McLaughlin*.

### B. A Stay Would Benefit and Not Prejudice Plaintiffs and the Class

Plaintiffs and the absent class members they purport to represent would not be prejudiced by a stay of this action. The proposed class members here (including the lead plaintiffs) are all members of the class in *McLaughlin*, so their interests would be represented in that action were it to proceed. Plaintiffs may argue that they have a personal interest in pursuing this action as a class action, but that interest is no basis for avoiding a stay. Allowing competing class actions to move forward would, if anything, prejudice the absent class members by imposing duplicative plaintiffs' counsel fees and litigation expenses on the class members and by allowing competing lead plaintiffs to make divergent strategic decisions on their behalf. If Plaintiffs or any absent class member wish to pursue their claims on an individual basis, they will be given the opportunity to opt out of *McLaughlin* if it moves forward past class certification.

Moreover, this action is still in its early stages, and is less advanced than *McLaughlin*. Here, Defendants have not yet answered the amended complaint and there has been no motion practice on the merits of the case, and due to the PSLRA automatic stay, no discovery has taken place. On the other hand, *McLaughlin* has progressed further, with a fully briefed and filed motion to dismiss currently pending. Because the instant action has not progressed past the filing of the amended complaint, Plaintiffs will not be meaningfully prejudiced if the Court

enters a stay. *See UnitedHealthcare*, 2021 WL 6137097, at *3 (finding minimal prejudice from suspension of discovery efforts where discovery had not begun, but had begun in the related unstayed action).

Indeed, the only identifiable "prejudice" to Plaintiffs would be related to timing. However, any delay likely would be relatively short, and this is not enough alone to warrant denying this Motion. *See Liguori v. Wells Fargo Bank, N.A.*, No. 19 CV 10677 (VB), 2020 WL 5370709, at *4 (S.D.N.Y. Sept. 8, 2020) ("[D]elay standing alone does not establish prejudice." (citation omitted)); *see also Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-cv-3508 (LJL), 2022 WL 5108090, at *2-3 (S.D.N.Y. Oct. 4, 2022) (granting stay pending resolution of a motion to dismiss in a parallel case alleging infringement of the same patents where plaintiffs could show no prejudice other than delay); *In re Literary Works in Elec. Databases Copyright Litig.*, Nos. 00 CIV 6049 et al., 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) ("[A] stay of several months will cause no prejudice or hardship . . . .").

Plaintiffs may argue that they should be given the benefit of the "first filed" rule because this action was filed before *McLaughlin*. Application of the rule here, however, would be unwarranted. The first-filed rule refers to the principle that deference should be given to the first-filed action, and is often invoked to argue that a later-filed case be dismissed, stayed or transferred. *See Abbott Lab'ys v. Feinberg*, 477 F. Supp. 3d 57, 63-64 (S.D.N.Y. 2020). However, the first-filed rule applies with less force where, as here, there has been less progress in the first-filed action and the later-filed action is further along. *See AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14-cv-2792 (SAS), 2014 WL 3778200, at *2 (S.D.N.Y. July 30, 2014). Further, where the balance of convenience tilts in favor of the second forum, departure from the first-filed rule is warranted. *Id.* And here, where a lead plaintiff has already

been appointed in the other action, deference should instead be given to that lead plaintiff. (*See supra* at 9-10.)

Here, departure from the first-filed rule is warranted. As discussed above, Plaintiffs are seeking to represent absent class members, so their individual interests in preserving their choice of forum are less important, particularly given that absent class members may be prejudiced if duplicative class actions relating to their claims are allowed to proceed. *See Truk Int'l Fund, LP v. Wehlmann*, No. 08 Civ. 8462(PGG), 2009 WL 1456650, at *7 (S.D.N.Y. May 20, 2009) ("[Plaintiff's] choice of forum is entitled to less deference here, however, because it represents a putative class."); *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006) (same).

Furthermore, there has been no motion practice regarding the merits of this case to date. On the contrary, *McLaughlin* has progressed further, with a fully briefed motion to dismiss currently pending before Judge Kovner. Moreover, if the cases are consolidated, the first-filed rule is of no concern. The first-filed rule is not to be mechanically applied, *see PharmBlue LLC*, 2014 WL 3778200, at *2, and applying it here to avoid a stay would not be in the Court's or the litigants' best interest.

### C. Defendants' Interests and Burdens Weigh in Favor of a Stay

Unlike Plaintiffs, Defendants have a strong interest in a stay of this action and would be substantially prejudiced by being required to expend resources to defend overlapping actions. *See Royal Park Invs.*, 941 F. Supp. 2d at 373 (finding that "the risk of hardship to defendant of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to plaintiff" (alterations in original) (citation omitted)); *see also Ritchie Cap. Mgmt.*, 87 F. Supp. 3d at 471-72 (finding stay necessary to avoid potentially duplicative

proceedings and where lawsuits likely implicate "overlapping core facts, documents, witnesses, and legal theories").

For the reasons described above (*supra* at 10), requiring Defendants to proceed with a motion to dismiss in this action while there is an outstanding motion to consolidate these overlapping cases would substantially prejudice Defendants and strongly weighs in favor of a stay of this action. Indeed, requiring Defendants to spend the time and resources to brief another motion to dismiss in this case before a decision has been reached on consolidation would, at least in part, defeat the purpose of consolidating the two actions. *See Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25 (E.D.N.Y. 2019) ("Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" (citations omitted)); *Linn v. Allied Irish Banks, PLC*, Nos. 02 Civ. 1738(DAB), 02 Civ. 3168(DAB), 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004) ("[C]onsiderations of judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990))).

## II. THE INTERESTS OF THE COURT, THE PUBLIC AND PERSONS NOT PARTIES TO THE LITIGATION WILL BE SERVED BY ENTERING A STAY

The interests of the Court, the public and persons not parties to the litigation are similar here and each weigh in favor of a stay of this action. As discussed above, a stay would protect, not prejudice, absent class members who (at least until a class is certified) are non-parties. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (finding an "argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*" is "surely erroneous" (citation omitted)). Further, should the Court grant the Motion, judicial efficiency would be promoted, judicial resources would be preserved, and unnecessarily duplicative litigation would be prevented. *See UnitedHealthcare*, 2021 WL 6137097, at *5 ("Courts disfavor duplicative

litigation."); *Royal Park*, 941 F. Supp. 2d at 374 (finding a stay would conserve judicial resources); *Ritchie Cap. Mgmt.*, 87 F. Supp. 3d at 471-72 ("[A] stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer.").

Moreover, "considerations of judicial economy are viewed as relevant to the public interest." *Specrite Design, LLC v. Elli N.Y. Design Corp.*, No. 16 Civ. 6154 (ER), 2017 WL 3105859, at *6 (S.D.N.Y. July 20, 2017); *see also UnitedHealthcare*, 2021 WL 6137097, at *5 ("[T]he public interest is served 'by promoting the efficient use of judicial resources and minimizing the possibility of conflicts between different courts.'" (citation omitted)); *Trikona*, 2013 WL 1182960, at *1-3 (recognizing "strong public interest in avoiding time-consuming and unnecessary duplicative litigation"). The interests of persons who are not parties to the litigation, such as potential witnesses, will also be preserved by a stay as they will also not be required to participate in duplicative litigation in the event the cases are consolidated.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion and stay this action.

| | |
|---|---|
| Dated: New York, New York<br>January 6, 2023 | Respectfully submitted,<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br><br>　　*/s/ Susan L. Saltzstein*　　<br>Susan L. Saltzstein<br>Christopher P. Malloy<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br>susan.saltzstein@skadden.com<br>christopher.malloy@skadden.com<br><br>*Attorneys for Nano-X Imaging Ltd.*<br><br><br>Jeffrey J. Chapman<br>Stephen G. Foresta<br>MCGUIREWOODS LLP<br>1251 Avenue of the Americas<br>20th Floor<br>New York New York 10020<br>Telephone: (212) 548-7060<br>jchapman@mcguirewoods.com<br>sforesta@mcguirewoods.com<br><br>*Attorneys for Ran Poliakine*<br><br><br>Hadar E. Israeli<br>Zvi Gabbay<br>Haguy E. Kessel<br>58 Harakevet St., 21st Floor<br>Tel Aviv, Israel<br>Telephone: +972-3-6400600<br>Fax: +972-3-6400650<br>hisraeli@barlaw.co.il<br>hkessel@barlaw.co.il<br><br>*Attorneys for Itzhak Maayan* |