# Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                           :

DANIEL P. MCLAUGHLIN,                   :
                                             :

                  Plaintiff,        :           **MEMORANDUM**
                                             :           **DECISION AND ORDER**

                -against-          :
                                             :           21-CV-5517 (RPK) (PK)

NANO-X IMAGING LTD., RAN POLIAKINE, :
and TAL SHANK,                     :

                                       :

                Defendants.      :
                                       :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

On October 5, 2021, Plaintiff Daniel P. McLaughlin ("Plaintiff") brought this securities class action lawsuit against Nano-X Imaging Ltd. ("Nano-X"), its Chief Executive Officer Ran Poliakine, and its Vice President of Corporate Development Tal Shank (collectively, "Defendants"), alleging that they engaged in securities fraud in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, with a Class Period between June 17, 2021, and August 18, 2021. (Complaint ("Compl."), Dkt. 1.)

Before the undersigned on referral from the Honorable Rachel P. Kovner is the motion of Davian Holdings Limited ("Davian Holdings") pursuant to the Private Securities Litigation Reform Act (the "PSLRA") for an Order (a) appointing Davian Holdings as lead plaintiff and (b) approving Davian Holdings' selection of Pomerantz LLP as lead counsel (the "Motion"). (Dkt. 12.)

For the reasons stated below, the Motion is GRANTED.

**DISCUSSION**

I.     **Appointment of Lead Plaintiff**

In securities class actions, the PSLRA provides for the appointment of a lead plaintiff and lead counsel. The PSLRA requires plaintiffs, within twenty days of filing the complaint, to

cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Plaintiff published a notice on Accesswire, a national, business-oriented wire service, the same day he filed the Complaint. (Ex. B to Declaration of Jeremy A. Lieberman ("Lieberman Decl."), Dkt. 12-5.) *See Owen v. Elastos Found.*, No. 1:19-cv-5462-GHW, 2020 WL 2824624, at *1 (S.D.N.Y. May 5, 2020) (finding Accesswire a "satisfactory" publication). The notice stated that the lawsuit had been filed, described the claims in the action, and indicated the Class Period. (Dkt. 12-5 at 1.) It also stated a deadline of December 6, 2021—60 days from the publication date of October 5, 2021—to make a motion to be appointed as lead plaintiff. (*Id.*)

Davian Holdings timely moved for appointment as lead plaintiff on December 6, 2021. (Dkt. 12.) *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a). With its Motion, and in compliance with Section 21D(a)(2) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(2), Davian Holdings submitted a certification signed by its Director, David Ross, stating that it has reviewed the Complaint and is authorized to file the Motion, that it did not acquire Nano-X securities at the direction of Plaintiff's counsel or in order to participate in any private action arising under the Securities Act of 1933 or Securities Exchange Act of 1934, that it is willing to serve as a class representative, that it has not served or sought to serve as a class representative in any federal securities class action within the past three years, and that it will not accept payment for serving as a class representative beyond its pro rata share of any recovery, except as ordered or approved by the Court. (Ex. C to Lieberman Decl. ("Davian Holdings Cert."), Dkt. 12-6, ¶¶ 2-4, 6-7.) A list of Davian

2

Holdings' transactions in Nano-X securities during the Class Period is attached to the certification. (*See* Davian Holdings Cert. at ECF Page 4; *see also* Davian Holdings Cert. ¶ 5.) A chart reflecting Davian Holdings' financial interest was also filed with the Motion. (Ex. A to Lieberman Decl. ("Financial Interest Chart"), Dkt. 12-4.)

Two other movants filed motions for appointment as lead plaintiff and approval of lead counsel—Dr. Viswanatha K. Reddy and James W. Isenberg (Dkts. 7, 10)—but they subsequently filed notices that they do not oppose the Motion filed by Davian Holdings (Dkts. 13, 14). The Motion is, therefore, unopposed.

Under the PSLRA, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of the class members," known as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action … is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class …." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"In making the determination of which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y.

3

2005)); *see also Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *3 (E.D.N.Y. May 13, 2020). "The fourth factor, the approximate losses suffered, is considered to be the most important." *Xiangdong Chen*, 2020 WL 2478643, at *3 (collecting cases); *see also Clifford*, 2020 WL 3577923, at *2.

Davian Holdings purchased 3,160 Nano-X shares on June 28, 2021, at $32.08 per share, expending a total of $101,372.80. (Financial Interest Chart at 1; *see also* Davian Holdings Cert. at ECF Page 4.) It has retained all these shares. (Financial Interest Chart at 1.) Following Nano-X's corrective disclosure on August 19, 2021, Nano-X's share price fell $2.25 (9.5%) to a closing price of $21.43 per share that same day. (Compl. ¶¶ 28-29.) Using a "90-Day Mean Price" of $23.5524, Davian Holdings estimated the value of its Nano-X stock to be $74,426, resulting in an estimated loss of $26,947. (Financial Interest Chart at 1.)

The other movants do not dispute that Davian Holdings has the largest financial interest among them. (*See* Dkts. 13, 14.) Because no other purported class member has shown a greater loss, Davian Holdings has the largest financial interest in the relief sought.[1]

Davian Holdings also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court need only consider "whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied." *Xiangdong Chen*, 2020 WL 2478643, at *4 (citing cases); *see also Omdahl v. Farfetch Limited*, No. 19-CV-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citing *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)).

"To establish typicality under Rule 23(a)(3), the party … must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to

---

[1] Movants Reddy and Isenberg claimed estimated losses of $10,569.06 and $6,674.05 respectively. (Dkts. 9-2 (loss chart), 11-3 (loss chart).)

prove the defendant's liability.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). Davian Holdings' claims are typical of the class because it purchased Nano-X stock during the class period and suffered losses that it claims were due to Defendants' false and misleading statements. The purported class members are "all those who purchased or otherwise acquired Nano-X securities during the Class Period … and were damaged upon the revelation of the alleged corrective disclosures." (Compl. ¶ 31.) Because Davian Holdings' claims arise from the same alleged conduct by Defendants, and the class members make similar legal arguments in support of their claims, Davian Holdings has established typicality.

Adequacy "entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag Telecom Holdings*, 574 F.3d at 35 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).

Courts find that a plaintiff's interests are not antagonistic to the class where, as here, the case is "based on alleged violations of the Securities Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value" as a result of the false or misleading statements. *See Xiangdong Chen*, 2020 WL 2478643, at *4 (losses tied to drop in value that occurred after IPO); *see also Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant "suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and … he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to the second prong, Pomerantz LLP is qualified, experienced, and able to conduct the litigation. The firm has served as co-lead counsel or sole lead counsel in several federal

securities class action fraud matters in various jurisdictions.  (*See* Ex. E to Lieberman Decl. at 2-5.)
These cases involved complex legal issues and large monetary amounts.  (*See id.*)

Therefore, Davian Holdings satisfies the adequacy requirement.

Because no other class member has provided any proof to rebut Davian Holdings' showing,
the presumption in the PLSRA that Davian Holdings is the most adequate plaintiff stands.  *See,
e.g., Clifford*, 2020 WL 3577923, at *3 ("In the absence of any competing motions, … there is no basis
to rebut Movants' presumptive lead plaintiff status in this case.").

## II.  Appointment of Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the
court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts defer to
a plaintiff's selection of counsel "'and will only reject the plaintiff's choice … if necessary to protect
the interests of the class.'"  *Xiangdong Chen*, 2020 WL 2478643, at *5 (quoting *Bray v. Frontier Commc'ns
Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)).  As discussed, Davian
Holdings' chosen counsel, Pomerantz LLP, has substantial experience in litigating complex securities
class actions on behalf of plaintiffs, and has served as the sole lead counsel in several prominent
securities class actions.  The undersigned therefore finds no reason to disturb Davian Holdings'
selection of lead counsel.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, Davian Holdings Limited is appointed
as lead plaintiff, and Pomerantz LLP is appointed as lead counsel.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   January 25, 2022
         Brooklyn, New York

6