# Exhibit 8

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
————
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
2127354132
DIRECT FAX
9177774132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

December 21, 2021

VIA ECF
The Honorable William F. Kuntz
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE: *McLaughlin v. Nano-X Imaging Ltd., et al.*, Case 1:21-cv-05517-RPK-PK; *Matthew White v. Nano-X Imaging Ltd. et al.*, Case 1:20-cv-04355-WFK-MMH; *David Duarte v. Nano-X Imaging Ltd. et al.*, Case 1:20-cv-04528-RMM-MMH

Dear Judge Kuntz and Judge Kovner:

We represent Nano-X Imaging Ltd. ("Nanox"), Ran Poliakine ("Poliakine") and Tal Shank (collectively, "Defendants") in the action captioned *McLaughlin v. Nano-X Imaging Ltd., et al.*, Case 1:21-cv-05517-RPK-PK. We write pursuant to Rule 50.3.1(d) of the Eastern District's Guidelines for the Division of Business Among District Judges to request that the Court made a judicial determination that the *McLaughlin* action is related to the earlier-filed actions captioned *Matthew White v. Nano-X Imaging Ltd. et al.*, Case 1:20-cv-04355-WFK-MMH and *David Duarte v. Nano-X Imaging Ltd. et al.*, Case 1:20-cv-04528-RRM-MMH.

In determining "relatedness," Rule 50.3.1(d) defines a related case as one that (1) involves similar facts and legal issues, (2) arises from the same transactions or

The Honorable William F. Kuntz
The Honorable Rachel P. Kovner
December 21, 2021
Page 2

event, or (3) is likely to result in a substantial saving of judicial resources from assigning both cases to the same judge and magistrate judge.

Here, the *McLaughlin*, *White* and *Duarte* actions concern sufficiently similar factual and legal issues such that a substantial saving of judicial resources is likely to result by assigning both cases to the same judge.

All three actions are putative class actions against Nanox and its current or former officers[1] asserting claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 relating to Nanox's disclosures concerning its X-ray imaging product. The *White* and *Duarte* actions are nearly identical and are currently subject to an unopposed motion to consolidate those actions and appoint a lead plaintiff that was referred to Magistrate Judge Marcia Henry on September 1, 2021. In those actions, the plaintiffs, on behalf of a putative class of purchasers of Nanox securities during the period August 21, 2020 to September 15, 2020, allege that Nanox's July 30, 2020 registration statement filed with the United States Securities and Exchange Commission, Nanox included various supposed misrepresentations. Among other things, the *White* and *Duarte* complaints make allegations regarding an application that Nanox had filed with the United States Food and Drug Administration (the "FDA") for its X-ray system, as well as the approval related to that application. Ex. 1 ¶¶ 21, 24-5; Ex. 2 ¶¶ 22, 25-6.

In the *McLaughlin* action, the plaintiff, on behalf of a putative class of purchasers of Nanox securities during the period June 17, 2021 to August 18, 2021, alleges that Nanox's June 17, 2021 press release, as well as certain subsequent public statements, misrepresented an application Nanox had submitted to the FDA. Motions for appointment of lead plaintiff and lead counsel in that action were filed on December 6, 2021.

Although the *McLaughlin* action concerns separate disclosures and covers a different putative class period, it is nevertheless substantially related to the *White* and *Duarte* actions for purposes of Rule 50.3.1 of the Eastern District's Guidelines for the Division of Business Among District Judges. Factually, all three cases concern Nanox's applications to the FDA concerning its X-ray system. At a minimum, the cases all concern common legal issues, including the elements of the claims under the Securities Exchange Act as well as the pleading standards applicable under the

---

[1] Itzhak Maayan, Nanox's former Chief Financial Officer, is a defendant in the *White* and *Duarte* actions but not the *McLaughlin* action. Mr. Shank, Nanox's Senior Vice President of Corporate Development, is a defendant in the *McLaughlin* action but is not a defendant in the *White* and *Duarte* actions.

The Honorable William F. Kuntz
The Honorable Rachel P. Kovner
December 21, 2021
Page 3

Private Securities Litigation Reform Act of 1995 and Rule 9(b) of the Federal Rules of Civil Procedure.  In addition, although Defendants believe that none of the cases have merit, in the event they survive dismissal on the pleadings, plaintiffs in all actions will likely seek overlapping discovery concerning Nanox's FDA applications.

Pursuant to Rule 50.3.1(d), we conferred in good faith with all other parties in the *McLaughlin*, *White* and *Duarte* actions regarding whether those actions are related.  Plaintiffs' counsel in the *McLaughlin* and *Duarte* actions[2] takes the position that the actions are not related, and intends to oppose this request for a judicial determination to that effect.  Plaintiff's counsel in the *White* action takes no position on whether the actions are related.

We enclose a copy of the complaint in each action for the Court's convenience.

Respectfully,

/s/ *Susan L. Saltzstein*

Susan L. Saltzstein

Enclosures
cc: all counsel of record (via ECF, without enclosures)

---

[2] Plaintiff's counsel in the *Duarte* action are also plaintiff's counsel, and seeks appointment as lead counsel, in the *McLaughlin* action.  *See McLaughlin v. Nano-X Imaging Ltd., et al.*, Case 1:21-cv-05517-RPK-PK, ECF No. 12.