# Exhibit 9



**Jeremy A. Lieberman**
Managing Partner

December 28, 2021

**VIA ECF**

Hon. William F. Kuntz, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Rachel P. Kovner, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: *McLaughlin v. Nano-X Imaging Ltd., et al.*, 1:21-cv-05517-RPK-PK; *White v. Nano-X Imaging Ltd. et al.*, 1:20-cv-04355-WFK-MMH; *Duarte v. Nano-X Imaging Ltd. et al.*, 1:20-cv-04528-RMM-MMH

Dear Judge Kuntz and Judge Kovner:

Pomerantz LLP ("Pomerantz") is counsel to: (i) Daniel P. McLaughlin, plaintiff in the action *McLaughlin v. Nano-X Imaging Ltd., et al.*, 1:21-cv-04417-RPK-PK ("*McLaughlin*"); and (ii) Davian Holdings Limited ("Davian Holdings"), unopposed movant for appointment as Lead Plaintiff in the *McLaughlin* action (*see Mclaughlin*, Dkt. No. 12). On behalf of Mr. McLaughlin and Davian Holdings, we write in opposition to Defendants' request for a judicial determination that the *McLaughlin* action is related to the earlier-filed actions *White v. Nano-X Imaging Ltd. et al.*, 1:20-cv-04355-WFK-MMH ("*White*") and *Duarte v. Nano-X Imaging Ltd. et al.*, 1:20-v-04528-RMM-MMH ("*Duarte*").

As Defendants acknowledge, in determining "relatedness," Rule 503.1(d) of the Eastern District's Guidelines for the Division of Business Among District Judges defines as related case as one that (1) involves similar facts and legal issues, (2) arises from the same transactions or event, or (3) is likely to result in a substantial saving of judicial resources from assigning both cases to the same judge and magistrate judge.

Contrary to Defendants' position, however, the *McLaughlin* action is not related to the *White* and *Duarte* actions within the meaning of Rule 503.1(d). Defendants contend that "all three cases concern Nanox's applications to the FDA concerning its X-ray system" (*McLaughlin*, Dkt. No. 18 at 2; *White*, Dkt. No. 33 at 2; *Duarte*, Dkt. No. 11 at 2), but this overbroad description of the cases glosses over significant factual distinctions between the *McLaughlin* action and the two earlier actions, which arose from wholly different events.



Hon. William F. Kuntz, U.S.D.J.
Hon. Rachel P. Kovner, U.S.D.J.
December 28, 2021
Page 2


The *White* and *Duarte* actions both concern whether Nano-X Imaging Ltd.'s ("Nano-X" or the "Company") commercial agreements and customers were fabricated, the Company's statements regarding its purportedly "novel" Nanox System in the Company's registration statement issued in connection with its initial public offering (the "Registration Statement"), whether Nano-X's submission to the U.S. Food and Drug Administration ("FDA") admitted that the Nanox System was not original, and whether the Company's public statements between August 21, 2020 and September 15, 2020, both dates inclusive, were materially false and misleading. *See White*, Dkt. No. 1 at ¶¶ 1, 19-21; *Duarte*, Dkt. No. 1 at ¶¶ 1, 19-22.

Conversely, the *McLaughlin* action does not concern **any** of the foregoing issues—it does not concern whether Nano-X's commercial agreements or customers were fabricated; it does not concern statements in the Company's Registration Statement; it does not concern any Nano-X submission to the FDA at issue in the *White* and *Duarte* actions, much less whether any such submission admitted the Nanox System was not original; and it does not concern any of the Company's public statements between August 21, 2020 and September 15, 2020, both dates inclusive. Rather, it specifically concerns an alleged deficient 510(k) application that Nano-X filed with the FDA on June 17, 2021—over nine months after the events at issue in the *White* and *Duarte* actions—and the Company's public statements between June 17, 2021 and August 18, 2021, both dates inclusive. *See McLaughlin*, Dkt. No. 1 at ¶¶ 1-6, 20-27.

Further, the alleged fraud in the *White* and *Duarte* Actions was purportedly revealed on September 15, 2020—over nine months before the events at issue in *McLaughlin*—with all such purported revelations stemming from a single short seller report published by Citron Research. *See White*, Dkt. No. 1 at ¶¶ 22-26; *Duarte*, Dkt. No. 1 at ¶¶ 23-27. The *McLaughlin* action, meanwhile, alleges that Nano-X itself revealed the fraud at issue in *McLaughlin* on August 19, 2021—nearly a year after the alleged fraud at issue in the *White* and *Duarte* Actions was already revealed. *See McLaughlin*, Dkt. No. 1 at ¶¶ 5, 28. The non-overlapping class periods at issue means that *McLaughlin* will involve examination of entirely different sets of statements alleged to be false and/or misleading than those at issue in *White* and *Duarte*.

Moreover, as Defendants acknowledge, the individual defendants named in *McLaughlin* are not the same individuals named in *White* and *Duarte*. Itzhak Maayan, the former Chief Financial Officer of Nano-X, is named as a defendant in *White* and *Duarte*, but not in *McLaughlin*. Meanwhile, Tal Shank, Nano-X's Senior Vice President of Corporate Development, is a defendant in *McLaughlin* but is not a defendant in either *White* or *Duarte*. *See McLaughlin*, Dkt. No. 18 at 2 n.1; *White*, Dkt. No. 33 at 2 n.1; *Duarte*, Dkt. No. 11 at 2 n.1. The only common individual defendant in all three actions is Ran Poliakine, Nano-X's Chief Executive Officer. Accordingly, not only do these actions involve different alleged false and/or misleading statements, they also involve statements made by different individuals.



Hon. William F. Kuntz, U.S.D.J.
Hon. Rachel P. Kovner, U.S.D.J.
December 28, 2021
Page 3

Given the lack of common facts at issue as between the *McLaughlin* action on the one hand and the *White* and *Duarte* actions on the other, assigning both of these cases to the same judge and magistrate judge is unlikely to result in a substantial saving of judicial resources. Given that *McLaughlin* involves different matters than those at issue in *White* and *Duarte*, there is no reason to assume at this juncture that "overlapping discovery concerning Nanox's FDA applications" is likely, as Defendants suggest. *See McLaughlin*, Dkt. No. 18 at 3; *White*, Dkt. No. 33 at 3; *Duarte*, Dkt. No. 11 at 3. Similarly, the fact that the defendants in *McLaughlin* are not identical to those in *White* and *Duarte* likewise undercuts any suggestion that deeming the actions related would yield substantially more efficient discovery.

For all of the foregoing reasons, we respectfully request that the Court deny Defendants' request for a determination that the *McLaughlin* action is related to the *White* and *Duarte* actions within the meaning of Rule 503.1(d).

Respectfully submitted,

Jeremy A. Lieberman

cc:      All counsel of record (via ECF)