# Exhibit 11

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

212 735 4132

DIRECT FAX

917 777 4132

EMAIL ADDRESS

SUSAN.SALTZSTEIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES

———

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

———

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 9, 2022

**VIA ECF**

The Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE:   *Ko v. Nano-X Imaging Ltd.*, Case No. 1:20-cv-4355-WFK-MMH

Dear Magistrate Judge Henry:

We represent Nano-X Imaging Ltd. ("Nanox") and write on behalf of all Defendants in response to the November 3, 2022 letter (the "Letter") submitted jointly by lead plaintiffs in the referenced action ("*Ko*") and the lead plaintiff in the related action captioned *In re Nanox Securities Litigation*, Case No. 1:21-cv-5517-RPK-PK ("*Nanox*")[1] (together, "Lead Plaintiffs").

In the Letter, Lead Plaintiffs argue that the Amended Complaint recently filed in this action supposedly "buttresses" their opposition to Defendants' motion to consolidate this action with the *Nanox* action (the "Motion"), by "further distanc[ing]" the two actions.  But it does no such thing.  If anything, Lead Plaintiffs' contrived attempt to divide the claims of the overlapping class confirms that their opposition to consolidation is unjustified and is a transparent ploy to preserve their role as lead plaintiff in the actions, while doubling the consumption of judicial resources and doubling the litigation costs for Defendants and the class members.  (*See* ECF No. 45 at 3, 9.)  The arguments raised in the Letter should be rejected and the Motion granted for the following reasons.

First, the Amended Complaint confirms the need for consolidation and does nothing to undermine the Motion.  Like the original complaints, the Amended

---

[1] The *Nanox* action is also referred to in the Motion as the *McLaughlin* action.

The Honorable Marcia M. Henry
November 9, 2022
Page 2

Complaint asserts claims under the Securities Exchange Act of 1934 that are alleged in *Nanox*, that purchasers of Nanox securities purportedly paid inflated prices for their shares due to supposed misrepresentations and omissions in Nanox's July 30, 2020 Registration Statement. The claims are against the same defendants. And the claims are asserted on behalf of a putative class of purchasers of Nanox securities (the *"Overlapping Class"*), all of whom are members of the broader putative class in the *Nanox* action. For the reasons set forth in the Motion, these factors support the need for consolidation.

Second, while Lead Plaintiffs point to two amendments reflected in the Amended Complaint that supposedly undercut the need for consolidation, they are wrong. Lead Plaintiffs say the Amended Complaint eliminated allegations that the Registration Statement misleadingly described Nanox's product as "novel." (Letter at 2.) Although in opposition to the Motion, Lead Plaintiffs argued that the "novelty" allegations were only at issue in this action, not in *Nanox*, (*see* ECF No. 46 at 1), now they apparently agreed that the lead plaintiff in *Nanox* would take charge of those allegations, while the lead plaintiff in this action would focus on "new allegations that focus . . . on the timing of FDA regulatory approval and the experience and quality of [Nanox's] distribution partners." (Letter at 2.) In a footnote, Lead Plaintiffs also point out that the Amended Complaint alleges that two additional Nanox documents contained misrepresentations. (Letter at 2 n.1; *Compare* ECF No. 62 ¶¶ 96-125; *with* ECF No. 44-4 ¶¶ 68-71.) Lead Plaintiffs acknowledge that these documents, which are investor presentations from September 14-15, 2020, are also alleged to be misleading in *Nanox*, but contend that the Amended Complaint relies on different disclosures within those documents. (Letter at 2 n.1.)

These amendments support, rather than undermine the need for consolidation because they confirm that the *Ko* action relies on alleged misrepresentations in documents – the Registration Statement and the investor presentations – that are also at issue in *Nanox*. Lead Plaintiffs contend that disclosures regarding the novelty of Nanox's product, now removed from the Amended Complaint, were the "principal allegation" Defendants cited in the Motion to connect the actions. But in fact, Defendants argued that allegations need not be identical between the actions to support consolidation, and that consolidation is warranted here because the defendants, claims and disclosure documents at issue in this action overlap with the *Nanox* action. (Motion at 6-8.) That is still the case with the Amended Complaint. The key point is that, even after the Amended Complaint was filed, both actions still "relate to the same public statements and reports." (*Id.* at 7 (*quoting Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019).)

The Honorable Marcia M. Henry
November 9, 2022
Page 3

Third, Lead Plaintiffs' manufactured effort to divide the cases by relying on different statements within the same disclosure documents does not help them. The claims asserted in each action on behalf of the Overlapping Class still concern the same transaction – the class members' purchase of Nanox securities – and still rely on the same theory, that the price paid for the securities was inflated due to alleged misrepresentations in the same disclosure documents. (ECF No. 62 ¶ 200; ECF No. 44-4 ¶ 159.)

Fourth, Lead Plaintiffs' attempt to carve up the claims of these class members is nonsensical given that the nature of the claims depends on all publicly available sources of information regarding Nanox. In neither *Ko* nor *Nanox* do Lead Plaintiffs allege they actually read any of the allegedly misleading statements. Instead, as the Amended Complaint confirms, both actions invoke the fraud on the market theory of reliance, alleging that the market for Nanox's securities promptly digested current information regarding Nanox from all publicly available sources and that class members were injured when, relying on the integrity of the market, they purchased securities at prices that were supposedly inflated by materially misleading information. (ECF No. 62 ¶¶ 185-87; ECF No. 44-4 ¶¶ 153-155.) Furthermore, in evaluating whether any statement or omission was materially misleading, the court will be required to consider "whether the defendants' representations, taken together and in context, would have misled a reasonable investor." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004). Therefore, notwithstanding Lead Plaintiffs' artificial effort to divide the statements between the actions, both actions will continue to relate to the entire contents of the disclosure documents cited in both actions.

Lastly, there remains the question of why Lead Plaintiffs would split the allegations between the two cases to avoid consolidation. As Defendants explained in the Motion, if the actions are consolidated a lead plaintiff and lead counsel for the consolidated action would need to be appointed. (ECF No. 43 at 10.) Under the PSLRA, the court should appoint as lead plaintiff the class member(s) it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the class member(s) with the largest financial interest in the case is the most adequate plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb). Given the expansion of the class period in the *Nanox* action, there is no evidence that any of the Lead Plaintiffs – who were awarded lead plaintiff status in their respective actions based on their financial interest in the narrower class periods originally alleged – would qualify to lead the consolidated action.

It appears, therefore, that Lead Plaintiffs have joined forces in an attempt to defeat consolidation in order to preserve their positions. Lead Plaintiffs do not argue that jerry rigging the Amended Complaint in an attempt to avoid consolidation serves

The Honorable Marcia M. Henry
November 9, 2022
Page 4

the interests of the Overlapping Class or the interests of judicial economy.  To the contrary, as Defendants argued in the Motion, the members of the Overlapping Class presumably would not want to fund the work of two sets of lead plaintiffs and lead counsel, so their interests, at least, would be served and not prejudiced by consolidation.  (ECF No. 45 at 9-10.)  Lead Plaintiffs' combined effort to divide what they apparently consider to be meritorious allegations between the cases runs contrary to the interests of the Overlapping Class they purport to represent, which would be best served by advancing all claims in one action and minimizing the litigation costs and attorneys' fees chargeable to the class.

Permitting two separate actions based on the same disclosures – with alleged misstatements in those disclosures parceled out by the Lead Plaintiffs between those actions – "invites the type of lawyer-driven litigation that the PSLRA seeks to avoid." *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011).  Indeed, allowing the cases to proceed separately would encourage piecemeal litigation over each passage in a disclosure document.  Lead Plaintiffs' lawyer-driven approach and their attempt to side-step the PSLRA lead plaintiff regime should not be countenanced.

Respectfully submitted,

*/s/ Susan L. Saltzstein*

Susan L. Saltzstein

cc:      All counsel of record (via ECF)