**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X IMAGING LTD., SECURITIES LITIGATION | Master File No. 1:20-cv-04355-WFK <br><br> **Date of Service: February 3, 2023** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>DEFENDANTS' MOTION TO STAY</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ............................................................................................................................4

I.     A Stay Would Not Prejudice Plaintiffs.........................................................................4

       A.     The Related Actions Are Parallel Securities Actions Concerning Identical
              Claims During Overlapping Class Periods .........................................................4

       B.     Plaintiffs and the Proposed Class in *White* Are Members of the Broader
              *McLaughlin* Class ...............................................................................................7

       C.     Plaintiffs Would Not Be Prejudiced By A Potential Delay in Discovery................8

II.    Defendants Would Be Prejudiced In The Absence Of A Stay ...........................................9

III.   The Remaining Factors Weigh Heavily In Favor Of A Stay.............................................9

CONCLUSION.........................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Consolidated Edison Co. of New York v. United States*,
30 F. Supp. 2d 385 (S.D.N.Y. 1998)................................................................................4

*In re Facebook, Inc., IPO Securities & Derivative Litigation*,
No. 12-CV-4081 et al., 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) .................3, 6, 8, 10

*Grant v. AOL Time Warner Inc. (In re AOL Time Warner, Inc. Securities & "ERISA" Litigation)*,
Nos. MDL No. 1500, 02 Civ.8853 (SWK),
2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003)...................................................................9

*In re Groupon Derivative Litigation*,
882 F. Supp. 2d 1043 (N.D. Ill. 2012) ............................................................................10

*Hicks v. City of New York*,
268 F. Supp. 2d 238 (E.D.N.Y. 2003) ..............................................................................4

*Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co.*,
No. 13 Civ. 3777 (AKH), 2014 WL 10919562 (S.D.N.Y. Aug. 11, 2014).........................8

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012)..............................................................................................4

*Rauch v. Vale S.A.*,
378 F. Supp. 3d 198 (E.D.N.Y. 2019) ..............................................................................5

*Ritchie Capital Management, LLC v. General Electric Capital Corp.*,
87 F. Supp. 3d 463 (S.D.N.Y. 2015).................................................................................5

*Royal Park Investments SA/NV v. Bank of America Corp.*,
941 F. Supp. 2d 367 (S.D.N.Y. 2013)...............................................................................8

*Travis v. Navient Corp.*,
284 F. Supp. 3d 335 (E.D.N.Y. 2019) ...............................................................................7

*Trikona Advisors Ltd. v. Kai-Lin Chuang*,
No. 12–CV–3886, 2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013) .............................2, 4, 5

*United States v. Shapiro*,
No. 21-CV-02475 (GRB) (JMW), 2021 WL 5304056 (E.D.N.Y. Nov. 15, 2021) .............4

*UnitedHealthcare Insurance Co. v. Regeneron Pharmaceuticals, Inc.*,
   Nos. 20 CV 10664 (VB), 21 CV 6245 (VB),
   2021 WL 6137097 (S.D.N.Y. Dec. 29, 2021) .......................................................4, 5, 8, 10

## OTHER AUTHORITIES

Annotated Manual for Complex Litigation § 21.26 (4th ed.) ........................................................3

Defendants Nano-X Imaging Ltd. ("Nanox" or the "Company"), Ran Poliakine and Itzhak Maayan (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to stay this action (the "Motion").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition gives short shrift to the applicable legal standard and tries instead to twist the relevant procedural history of the Related Actions beyond recognition. Plaintiffs claim that the Motion is a "third attempt" to consolidate the Related Actions, offering the refutable refrain that nothing has changed since Judge Kovner's ruling on reassignment. (Opp.[1] at 1.) But the history of the Related Actions speaks for itself: after the *McLaughlin* plaintiffs represented to Judge Kovner that *McLaughlin* was unrelated to this action because it did not cover the same class period, the same defendants, or concern the Company's IPO registration statement, an amended complaint was filed that contradicted each of those representations and completely overhauled the claims and class period in that action such that it now fully encompasses the claims at issue here. (Br. at 5-6.) Thereafter, Plaintiffs here (seemingly united with the *McLaughlin* plaintiffs) filed an amended complaint that asserted the same legal claims against the same defendants based on the disclosures already invoked in the *McLaughlin* action, but highlighted different sentences within the same overlapping disclosure documents. The gamesmanship continued when both plaintiffs jointly wrote to Magistrate Judge Henry within days of the amended complaint's filing further opposing consolidation.

---

[1] "Opening Brief" or "Br." refers to the Memorandum of Law in Support of Defendants' Motion to Stay. "Opposition" or "Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay. All other capitalized terms shall have the same meaning as assigned in the Opening Brief unless otherwise defined.

Lead plaintiffs' procedural machinations contravene the statutorily mandated lead plaintiff process that has been a feature of securities class actions since the Private Securities Litigation Reform Act of 1995's ("PSLRA") passage. Here, that process is being upended so that two "lead" plaintiffs can pursue simultaneously overlapping actions against the same defendants to provide themselves with multiple bites at the litigation apple. But Plaintiffs do not cite a single case where the same claims were litigated against identical defendants on behalf of overlapping classes in separate class actions in the same federal district. The procedural posture of these Related Actions should be righted and a stay granted pending resolution of *McLaughlin*, or, at least, until a decision on the pending motion for consolidation.

First, the identical *claims* asserted in *White* are asserted in *McLaughlin*—that overlapping class members supposedly were misled into purchasing the Company's stock based purportedly on information disseminated to the market in the same three disclosure documents. Plaintiffs claim that the cases allege different sentences in these documents were purportedly misleading, that the overlapping class members allegedly suffered losses based on different "corrective" disclosures, and that the class period in *McLaughlin* is longer. (Opp. at 4-5.) But a stay would be warranted even if the allegations were not identical, and the alleged distinctions proffered by Plaintiffs are immaterial. *See, e.g., Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960, at *4 (E.D.N.Y. Mar. 20, 2013). Moreover, because the Related Actions are class actions involving the same transactions—the purchase by putative class members of Company securities—whether any public statements by Defendants were (or were not) misleading and whether any corrective disclosure caused these class members' loss should be decided in one proceeding. And the question of how the complaint should be cast, including what class period to allege, which purported misrepresentations to cite, and the theory of loss causation, are questions that should be

2

decided by a single lead plaintiff acting in the best interest of the class. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at *5-6 (S.D.N.Y. Aug. 13, 2013).

Second, Plaintiffs fail to grapple with Defendants' argument that a stay would benefit the absent class members in this action. Any member of the proposed class here necessarily would be a member of the proposed class in *McLaughlin*. (Br. at 2-3, 9-11.) No purported class member would be prejudiced if this action were stayed in favor of *McLaughlin*. (*Id.*) Plaintiffs' sole response is that they, *as lead plaintiffs*, may not be qualified to serve *as lead plaintiffs* in *McLaughlin*. (Opp. at 6.) But that is no reason to allow overlapping class actions to proceed. Whether Plaintiffs may or may not serve as *lead* plaintiffs in *McLaughlin* simply does not respond to Defendants' argument that they are members of the *McLaughlin* class and would suffer no prejudice because of a stay of this action. The actual remedy for Plaintiffs' concern that they would not qualify as lead plaintiffs for a consolidated action, assuming it were a valid one, would be appointment of a new lead plaintiff. *See, e.g.*, Ann. Manual Complex Lit. § 21.26 (4th ed.) ("[R]eplacement of a class representative may become necessary if . . . the representative's individual claim has been . . . significantly altered.")

Third, Plaintiffs speculate that they would be prejudiced by a stay because there may be a potential delay in discovery down the road. As an initial matter, Plaintiffs cannot even establish that a delay in discovery would occur here. As a matter of law, under the PSLRA, discovery in this action is currently stayed, and will continue to be stayed, pending the outcome of Defendants' anticipated motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). In fact, consolidation of this action with the more advanced *McLaughlin* action likely would lead to a speedier resolution of both cases. Regardless, even if Plaintiffs could identify a discovery delay—wholly speculative and unlikely given Defendants' intended motion to dismiss—that hypothetical scenario would be insufficient

3

to demonstrate that Plaintiffs would be prejudiced.  *See UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, 2021 WL 6137097, at *3 (S.D.N.Y. Dec. 29, 2021).

Finally, Plaintiffs all but ignore Defendants' arguments with respect to each of the remaining factors courts consider in assessing a motion to stay, including the interests and burden on the Defendants, the interest of the courts, the interests of persons not parties to the civil litigation, and the public interest.  Plaintiffs' failure to grapple meaningfully with these factors is no accident—each of them clearly favors a stay here.

## ARGUMENT[2]

## I.    A STAY WOULD NOT PREJUDICE PLAINTIFFS

### A.    The Related Actions Are Parallel Securities Actions Concerning Identical Claims During Overlapping Class Periods

Plaintiffs claim that the Related Actions involve "materially different claims and different questions of law and fact" because they are based on different sentences within overlapping disclosures.  (Opp. at 5-6.)[3]  Plaintiffs' implication that the Related Actions must be identical to warrant a stay is unfounded—courts will grant a stay even where the actions are not identical and resolution of one action will not settle every question of fact or law at issue in the other.  *See Trikona*, 2013 WL 1182960 at *4 ("While the Connecticut action 'may not settle every question

---

[2] Defendants' Opening Brief sets forth the applicable standard to this motion to stay, and how that standard weighs in favor of granting a stay here.  *See United States v. Shapiro*, 2021 WL 5304056, at *1 (E.D.N.Y. Nov. 15, 2021).  (Br. at 8-9.)  Plaintiffs' reliance on *Hicks v. City of New York*, 268 F. Supp. 2d 238 (E.D.N.Y. 2003) to argue that courts disfavor stays is misplaced.  *Hicks* involved a motion to stay pending the outcome of a criminal case against a co-defendant, and thus applied a different legal standard.  *Id.* at 241.  In any event, a subsequent Second Circuit case pointed to the standard in *Hicks* and clarified that the legal tests for motions to stay "can do no more than act as a rough guide for the district court as it exercises its discretion."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).

[3] Plaintiffs rely on *Consol. Edison Co. of New York v. United States*, 30 F. Supp. 2d 385 (S.D.N.Y. 1998) to argue that they would be prejudiced if this Court were to grant a stay, but that case is entirely inapposite.  The court there found that plaintiffs would be prejudiced by a stay because the injunctive relief sought was not readily available in the alternate forum, the Court of Federal Claims, where the related individual actions were pending.  *Id.* at 389.  There are no such considerations present here.

of fact and law' at issue in [plaintiff's suit against defendant], it will 'in all likelihood . . . settle many and simplify them all.'" (second alteration in original) (citation omitted)); *UnitedHealthcare*, 2021 WL 6137097, at *4 (granting stay where related action was "not identical" but "rel[ied] on the same premise.").

Regardless, Plaintiffs ignore that the Related Actions are substantially similar securities class actions that name identical defendants, invoke the same legal theories and assert identical legal claims based on the same disclosures during overlapping class periods. (*See* Br. at 1.)  The Related Actions both allege that purchasers of Nanox securities paid inflated prices for their shares as a result of supposed misrepresentations and omissions in the same disclosures—Nanox's July 30, 2020 Registration Statement and two September 2020 investor presentations.  (Br. at 7-8.) That the Related Actions are purportedly based on separate sentences within the same disclosures does not create a material difference precluding a stay in the face of this direct and extensive overlap.  Courts routinely stay cases where, as here, related lawsuits likely implicate "overlapping core facts, documents, witnesses, and legal theories." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *see also Trikona*, 2013 WL 1182960 at *3; *UnitedHealthcare*, 2021 WL 6137097, at *4.

Second, Plaintiffs' invocation of the length of the class period in *McLaughlin* as well as its separate purported corrective disclosures as a reason to reject a stay is a red herring.  (Opp. at 6.) There simply can be no debate that this action is completely subsumed by *McLaughlin* by virtue of the overlapping class period and *McLaughlin*'s reliance on the three disclosures also at issue here.  (Br. at 9.)  Plaintiffs' circular argument offers no response.  And courts have found a longer class period or different corrective disclosures no impediment to consolidation.  *See, e.g., Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 205 (E.D.N.Y. 2019) ("That *Vale I* has a longer class period,

and thus contains additional allegations pertaining to Vale's 2015 and 2016 20-F Forms, does not render consolidation inappropriate.")

To the extent that Plaintiffs could identify any meaningful difference between the Related Actions (they cannot), any such difference would be the direct product of lead plaintiffs' efforts to end-run the requirements of the PSLRA and avoid consolidation by bringing claims related to different sentences within the *same disclosures* as separate class actions. (Br. at 2, 7-8.) Allowing multiple lead plaintiffs to pursue parallel class actions simultaneously with overlapping class periods prejudices the absent class members because it puts the respective lead plaintiffs in competition with each other. *In re Facebook Inc.*, 2013 WL 4399215, at *5.

Rather than respond to any of Defendants' arguments about the prejudicial risks of allowing these competing class actions to proceed, Plaintiffs instead critique *In re Facebook* on superficial grounds. (Opp. at 5-6.) Plaintiffs contend that *In re Facebook* is inapposite because it involved a motion to sever certain actions from a consolidated securities class action arising from Facebook's initial public offering. (*Id.*) Yet *In re Facebook* addressed the *exact same* concerns present here, namely, if plaintiffs who are already members of a securities class action are permitted to pursue a separate parallel class action based on the same causes of action, both actions would seek recovery for the same absent class members and result in a competitive race between lead plaintiffs. *In re Facebook Inc.*, 2013 WL 4399215, at *5. The competitive issue would be resolved by allowing a lead plaintiff to control a single class action on behalf of a single putative class. *Id.* The lead plaintiff would have "sole authority to determine what claims to pursue on behalf of the class," including determining which alleged corrective disclosures to rely on. *Id.* at

6

*3.  Plaintiffs fail to demonstrate how they would be prejudiced by a stay based on any supposed differences between the Related Actions.[4]

**B.**  **Plaintiffs and the Proposed Class in *White* Are Members of the Broader *McLaughlin* Class**

Plaintiffs also fail to address Defendants' argument that the proposed class members and lead plaintiffs in *White* are all members of the broader class in *McLaughlin*, and thus would not be prejudiced by a stay because their interests would be protected in that case.[5]  (Br. at 11.)  Instead, Plaintiffs unpersuasively claim that the "plaintiffs in the respective actions are vastly different." (Opp. at 6.)  According to Plaintiffs, "[o]ne of the *White* plaintiffs sold his stock before the [*McLaughlin*] corrective disclosure, he is therefore unable to be a class representative for the [*McLaughlin*] claims," and "[a]nother plaintiff did not purchase any stock during the [*McLaughlin*] class period and his lack of purchases later into the [*McLaughlin*] class period may cast doubt on whether he can pursue claims for misleading statements issued much later."  (*Id.*)  But this addresses a different issue—whether Plaintiffs here may or may not serve as an appropriate *class representative* in *McLaughlin*—not whether the Plaintiffs here, and the absent class members they purport to represent, fall within the putative class in *McLaughlin*.  Indeed, it is clear that Plaintiffs' concerns stem from preserving their own role as lead plaintiffs in this action even if that is at the expense of the absent class members' interests.  (Opp. at 6.)  That is no basis to claim Plaintiffs

---

[4] Plaintiffs' reliance on *Travis v. Navient Corp.*, 284 F. Supp. 3d 335 (E.D.N.Y. 2018) to argue that a stay is not warranted because the actions are not substantially similar is misplaced.  *Travis* denied a motion to dismiss, stay or transfer the action pursuant to the "first-filed" rule, which both Plaintiffs and Defendants agree is inapplicable in this case.  *Id.* at 348.  Additionally, in *Travis*, neither the plaintiff nor her claims were eligible to be included in the related action.  *Id.* at 347.

[5] To the extent Plaintiffs claim that "[a]nother plaintiff did not purchase any stock during the [*McLaughlin*] class period," (Opp. at 6), Defendants assume Plaintiffs refer to the portion of the *McLaughlin* class period that does not overlap with the class period in this matter.  If Plaintiffs indeed mean that one plaintiff did not purchase any stock during the entirety of the *McLaughlin* class period, that plaintiff cannot serve as lead plaintiff in *White* either.

7

would be prejudiced by a stay.  And Plaintiffs and the proposed class members are still free to pursue their claims through individual actions.  *In re Facebook Inc.*, 2013 WL 4399215, at *6.

### C.  Plaintiffs Would Not Be Prejudiced By A Potential Delay in Discovery

Plaintiffs' attempt to conjure prejudice from a hypothetical delay of discovery is also flawed.  Citing no cases, Plaintiffs claim that a stay would "adversely impact [their] ability to get discovery." (Opp. at 7.)  However, under the PSLRA discovery is stayed pending the outcome of Defendants' anticipated motion to dismiss.  (Opp. at 7.)  There has been no motion practice on the merits of this case to date.  Even if there is a future delay in discovery (which is completely speculative), such a delay would be insufficient to show prejudice to Plaintiffs.  *See UnitedHealthcare*, 2021 WL 6137097, at *3 (finding minimal prejudice to plaintiffs from discovery delay which was outweighed by the prejudice to defendants and the interests of the courts and the public).[6]  Moreover, consolidation of this case with the further-progressed *McLaughlin* is likely to result in a ruling on a motion to dismiss before a motion in this action will be submitted.

Plaintiffs' argument that a hypothetical delay in discovery would be "compounded in this case because Nano-X is an Israeli firm" only further supports Defendants' arguments about the burden they face absent a stay.  (Opp. at 7.)  Even in Plaintiffs' unlikely scenario where discovery proceeds, Defendants would be required to engage in lengthy discovery *twice*.  This is precisely the type of prejudice to defendants that warrants a stay.  *See Royal Park Investments. SA/NV v. Bank of America Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) (finding that "the risk of

---

[6] Plaintiffs cite to *Intell. Ventures II L.L.C. v. JP Morgan Chase & Co.*, 2014 WL 10919562 (S.D.N.Y. Aug. 11, 2014) to argue that Defendants may not use "tactical procedural motions" to delay litigation. (Opp. 7.)  But that case has no applicability here.  In *Intellectual Ventures,* the court denied a motion to stay multiple patent claims based on a pending review of a single patent claim, finding that the defendant would have a tactical advantage from continuing utilization of patented devices and systems that the lawsuit was intended to regulate.  *Id.* at *3.  Plaintiffs have not identified any "tactical advantage" Defendants would receive from a stay.

hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [plaintiff]" (alterations in original) (citation omitted)); *see also In re AOL Time Warner, Inc. Securities & "ERISA" Litigation*, 2003 WL 22227945, at \*1 (S.D.N.Y. Sept. 26, 2003).

## II.   DEFENDANTS WOULD BE PREJUDICED IN THE ABSENCE OF A STAY

Unable to rebut Defendants' specific and supported arguments as to why they would be prejudiced absent a stay, Plaintiffs instead dedicate one sentence in the Opposition to address these arguments—characterizing them as "bare assertions." (Opp. at 7.)  The Opening Brief details the multitude of reasons why Defendants would be prejudiced absent a stay, including, among other things, (1) the need to expend significant resources to defend overlapping class actions seeking overlapping discovery, (2) the inefficiency and cost of engaging in duplicative and costly motion to dismiss briefing and (3) the potential for inconsistent rulings in the two Related Cases.  (Br. at 10, 13-14.)  It is Plaintiffs' bare assertions that deserve no credit.

## III.   THE REMAINING FACTORS WEIGH HEAVILY IN FAVOR OF A STAY[7]

The interests of the Court, the public and persons not parties to the litigation each weigh in favor of a stay of this action.  (Br. at 14-15.)  Plaintiffs devote all of two sentences to arguing, with no case cites in support, that it is "in the Court's interest to allow plaintiffs harmed by different misrepresentations to pursue damages appropriately in separate actions."  (Opp. at 7.)[8]  This is

---

[7] Although for different reasons, Plaintiffs agree with Defendants that application of the "first filed" rule is not warranted here.  (Opp. at 8.)  Defendants note, however, that the "first filed" rule should not be applied here because (1) *McLaughlin* has progressed further than this action, (2) Plaintiffs' choice of forum is minimized because they are seeking to represent absent class members, and (3) the *McLaughlin* lead plaintiffs were appointed prior to Plaintiffs' appointment as lead plaintiffs in this action.  (*See* Br. at 12-13.)  For the reasons described above (*supra* at 4-6), the Related Actions are substantially similar and Plaintiffs' argument that the "first filed" rule does not apply because this action is not "competing" with *McLaughlin* (Opp. at 8), is without merit.  Indeed, none of the cases that Plaintiffs cite for this proposition support a conclusion that actions against the same defendants, asserting the same legal claims, based on overlapping disclosures and with overlapping class periods, are not competing.

[8] Plaintiffs do not explain how it is possible for any putative class member to have been harmed by one purported
*(cont'd)*

9

unrelated to applicable substantive law.  Courts have made clear that stays are particularly appropriate in related securities class actions involving the same disclosures.  *See In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1050-53 (N.D. Ill. 2012) (granting stay of action pending resolution of related securities class action relying on the same disclosures).  Moreover, as discussed above (*supra* at 6-7), courts specifically *disfavor* parallel related class actions brought by separate lead plaintiffs.  *See In re Facebook Inc.*, 2013 WL 4399215, at *5.

Finally, Plaintiffs' unsupported argument that "it is in the interest of the investing public" that securities fraud claims are prosecuted has no bearing on the Motion.  The "public interest is served by promoting the efficient use of judicial resources and minimizing the possibility of conflicts between different courts."  *UnitedHealthcare*, 2021 WL 6137097, at *5 (citation omitted).  The interests of non-parties to the litigation, such as potential witnesses, also weigh in favor of a stay because, in the (unlikely) event that discovery proceeds, they will not be required to participate in duplicative discovery in the event the cases are consolidated.  (Br. at 15.)

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion and stay this action.

---

misrepresentation in a disclosure but at the same time is not harmed by a different purported misrepresentation in the very same disclosure.

Dated: New York, New York
      February 3, 2023

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    */s/ Susan L. Saltzstein*
Susan L. Saltzstein
Christopher P. Malloy
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
susan.saltzstein@skadden.com
christopher.malloy@skadden.com

*Attorneys for Nano-X Imaging Ltd.*

Jeffrey J. Chapman
Stephen G. Foresta
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York New York 10020
Telephone: (212) 548-7060
jchapman@mcguirewoods.com
sforesta@mcguirewoods.com

*Attorneys for Ran Poliakine*

Hadar E. Israeli
Zvi Gabbay
Haguy E. Kessel
58 Harakevet St., 21st Floor
Tel Aviv, Israel
Telephone: +972-3-6400600
Fax: +972-3-6400650
hisraeli@barlaw.co.il
hkessel@barlaw.co.il

*Attorneys for Itzhak Maayan*

11