# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN,<br><br>Defendants, | Case No. 1:20-cv-04355-WFK-MMH<br><br><br>Hon. William F. Kuntz, II<br><br>Hon. Magistrate Judge Marcia M. Henry |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**STIPULATION OF SETTLEMENT**

{00550774;2 }

This Stipulation of Settlement, dated June 2, 2023, is made and entered into by and among: (i) lead plaintiff in the *In re Nano-X* Action, Davian Holdings Limited, and lead plaintiffs in the *White* Action, Derson Jolteus and Edward Ko, on behalf of themselves and the Settlement Class; (ii) defendants Nano-X, Ran Poliakine and Itzhak Maayan, by and through their undersigned counsel. This Stipulation is intended by Lead Plaintiffs and Defendants to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions of this Stipulation.

### TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Litigation or that any of Defendants' defenses had any merit whatsoever, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit in their defenses whatsoever, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants, subject to the approval of the Court, that the Litigation shall be dismissed with prejudice, and all Released Plaintiffs' Claims as against the Released Defendant Parties, and all Released Defendants' Claims, as against the Released Plaintiff Parties, shall be fully, finally, and forever compromised, settled, and released, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.     Definitions**

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1.    "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment from the Net Settlement Fund.

1.2.    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3.    "Claimant" means any Person that submits a Claim to the Claims Administrator in such form and manner, and within such time, as the Court shall prescribe.

1.4.    "Claims Administrator" means Epiq Global.

1.5.    "Complaints" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed in the *White* Action on October 31, 2022 (ECF No. 62), and the Amended Complaint filed in the *In re Nano-X* Action on April 12, 2022 (ECF No. 24).

1.6.    "Court" means the United States District Court for the Eastern District of New York.

1.7.    "Defendants" collectively means Nano-X and the Individual Defendants.

1.8.    "Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP, McGuireWoods LLP, and Barnea Jaffa Lande & Co.

1.9.    "Effective Date," or the date upon which the Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met, have occurred, or have been waived.

1.10.    "Escrow Account" means an interest-bearing escrow account established and maintained by the Escrow Agent pursuant to ¶2.2 of this Stipulation to receive the Settlement Amount.

1.11.    "Escrow Agent" means The Huntington National Bank.

1.12.    "Fee and Expense Application" means the application or applications Lead Counsel may submit to the Court for an award from the Settlement Fund for attorneys' fees and payment of expenses incurred in connection with prosecuting the Litigation, plus interest earned on such

attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. The Fee and Expense Application may also include an application for a Lead Plaintiff Award.

1.13. "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Court, as described in ¶6.1.

1.14. "Final" means, with respect to the Judgment: (a) if no appeal therefrom has been filed, the time has passed for any notice of appeal to be timely filed therefrom; or (b) if an appeal has been filed, either (i) the Judgment has been finally affirmed or (ii) the appeal from the Judgment has been dismissed, and in either case the time for any reconsideration or further appellate review has passed. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of the Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (a) the Fee and Expense Award, any Lead Plaintiff Award, or any other award of attorneys' fees, costs, or expenses to Lead Counsel or Lead Plaintiff; (b) the Plan of Allocation (as submitted or subsequently modified); or (c) the procedures for determining Authorized Claimants' recognized Claims shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.15. "Individual Defendants" means Ran Poliakine and Itzhak Maayan.

1.16. "*In re Nano-X* Action means the action captioned *In re Nano-X Securities Litigation*, Case No. 1:21-cv-05517-RPK-PK, pending before Judge Rachel P. Kovner in the Court.

1.17. "IPO" means the public offering of Nano-X ordinary shares, that commenced on August 20, 2020, and closed on August 25, 2020.

1.18.    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B, and where none of the Settling Parties elects to terminate the Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.19.    "Lead Counsel" means the law firms of Levi & Korsinsky, LLP and Pomerantz LLP.

1.20.    "Lead Plaintiffs" means Davian Holdings, Derson Jolteus, and Edward Ko.

1.21.    "Lead Plaintiff Award" means any award by the Court to the Lead Plaintiffs for their service on behalf of the Settlement Class or for any Lead Plaintiff's reasonable time, costs and expenses directly relating to the representation of the Settlement Class.

1.22.    "Litigation" means the *White* Action and the *In re Nano-X* Action.

1.23.    "Nano-X" means Nano-X Imaging Ltd.

1.24.    "Net Settlement Fund" means the Settlement Fund less: (a) any Fee and Expense Award, including interest thereon; (b) any Lead Plaintiff Award; (c) Notice and Administration Expenses; (d) Settlement Fund Taxes and Tax Expenses; and (e) other Court-approved deductions.

1.25.    "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Hearing described in ¶7 of the Preliminary Approval Order as approved by the Court, substantially in the form attached hereto as Exhibit A-1.

1.26.    "Notice and Administration Expenses" means reasonable costs and expenses actually incurred in connection with:  providing Notice of the Settlement to the Settlement Class by mail, publication, and other means; locating Settlement Class Members; assisting with the

submission of Claims; processing Proof of Claim and Release forms; paying any escrow fees or Tax Expenses; or otherwise administering the Settlement.

1.27.    "Opt-Out Date" means the deadline for submitting a valid Request for Exclusion as set by the Court in the Preliminary Approval Order.

1.28.    "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, including a Person's heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.29.    "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of Lead Plaintiffs or the Settlement Class or is included in the Fee and Expense Application.

1.30.    "Plan of Allocation" means the plan or formula of allocation described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.31.    "Preliminary Approval Order" means the order entered by the Court, substantially in the form of Exhibit A attached hereto, preliminarily approving the Settlement, preliminarily certifying the Settlement Class, and directing dissemination of Notice to the Settlement Class.

1.32.    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form

{00550774;2 }                                        5

attached hereto as Exhibit A-2, and that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.33. "Related Parties" when used in reference to a Person, means and includes (i) the Person; (ii) for natural persons, each of that Person's immediate family members and any trust of which the Person is settlor or which is for the benefit of any such Person and/or member of his family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries or wholly-owned affiliates; and (iii), for any of the Persons listed in sub-parts (i) or (ii) of this definition, their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, underwriters, investment bankers, commercial bankers, insurers, reinsurers, predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, attorneys, legal or personal representatives, assigns, and assignees of each of them, and any controlling person thereof, in their capacities as such, and any entity in which such Person has a controlling interest.

1.34. "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

1.35. "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against any Defendants in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" do not include (a) claims between or among Defendants or any combination of Defendants, including claims for indemnification; or (b) between Defendants and their insurers.

1.36.   "Released Defendant Parties" means Defendants, Defendants' Counsel, and their Related Parties.

1.37.   "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, Plaintiffs' Counsel, and their Related Parties.

1.38.   "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, by Released Plaintiff Parties, whether brought directly or indirectly against any of the Released Defendant Parties, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which: (a) relate to any of the allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted, involved, set forth, asserted, or referred to, or could have been asserted, by a Released Plaintiff Party in the Litigation; or (b) arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, disposition, or ownership of Nano-X securities during the Settlement Class Period. "Released Plaintiffs' Claims" do not include claims to enforce the Settlement, or the claims of any Person that submits a Request for Exclusion that is accepted by the Court.

1.39.   "Request for Exclusion" means a written request to be excluded from the Settlement Class within the time and in the manner specified in the Court's Preliminary Approval Order and the Notice.

1.40.   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.41.   "Settlement Amount" means eight million U.S. dollars ($8,000,000.00) to be paid to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.42.   "Settlement Class" means all Persons and entities who purchased or otherwise acquired Nano-X securities during the Settlement Class Period and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers, and directors of Nano-X, at all relevant times; (iii) members of the immediate families of such officers and directors of Nano-X, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a direct or indirect controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

1.43.   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class, as set forth in ¶1.39 above.

1.44.   "Settlement Class Period" means the period between August 21, 2020 and November 17, 2021, inclusive.

1.45.   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.46.   "Settlement Hearing" means the hearing set by the Court to consider whether the Settlement should be approved as fair, reasonable, and adequate within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure.

1.47.   "Settling Parties" collectively means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

1.48.   "Stipulation" means this Stipulation of Settlement, dated June ___, 2023.

1.49.   "Summary Notice" means the summary notice of proposed Settlement and hearing for publication in a national business newswire, such as *PR Newswire*, substantially in the form attached hereto as Exhibit A-3.

1.50.    "Supplemental Agreement" means the separate confidential agreement between Lead Plaintiffs and Defendants, providing Defendant Nano-X with the right to terminate the Settlement and render it null and void if Settlement Class Members, who purchased or otherwise acquired more than a certain percentage of Nano-X securities subject to the Settlement, timely and validly exclude themselves from the Settlement Class.

1.51.    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.52.    "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.10, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns).

1.53.    Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties

{00550774;2 }                                          9

that, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have

{00550774;2 }                                             10

existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

1.54.     "*White* Action" means the action captioned *White v. Nano-X Imaging Ltd. et al.*, Master File No. 1:20-cv-04355-WFK-MMH, pending before Judge William F. Kuntz in the Court.

**2.     The Settlement**

2.1.     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Plaintiffs' Claims, as against all Released Defendant Parties, and Released Defendants' Claims, as against all Released Plaintiff Parties, upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2.    In full and final settlement of the claims asserted in the Litigation, and in consideration of the releases specified in ¶¶4.1-4.3 of this Stipulation, Nano-X, on behalf of all Defendants, shall pay or shall cause the Settlement Amount to be paid into the Escrow Account within thirty (30) calendar days after the later to occur of: (a) entry of the Preliminary Approval Order; and (b) the Escrow Agent providing to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (i) wire transfer instructions (including bank name and ABA routing number, address, account name, and number); (ii) the name and telephone number of an individual with knowledge who can verbally confirm the wire transfer instructions; and (iii) a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account maintained by the Escrow Agent.

2.3.    If the entire Settlement Amount is not timely paid into the Escrow Account as set forth in ¶2.2 of this Stipulation, Lead Counsel may terminate the Settlement, but only if: (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (b) the entire Settlement Amount is not transferred into the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.4.    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund, as set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator and shall have no liability whatsoever to the Released Plaintiff Parties in connection with such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or

{00550774;2 }                                    12

the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; (e) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns; or (f) the payment of any other Notice and Administration Expenses.

2.5.    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2 herein, Defendants shall have no obligation to make any other payments pursuant to this Stipulation.

### b.    The Escrow Agent

2.6.    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.7.    The Settlement Fund, net of any Taxes, shall be used to pay: (a) the Notice and Administration Expenses of the Settlement; (b) any Fee and Expense Award or Lead Plaintiff Award made by the Court pursuant to the Fee and Expense Application, as defined in ¶6.1 hereof;

and (c) any other fees, payments, or awards subsequently approved by the Court. The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants, as provided in ¶¶5.2-5.11 hereof. The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or returned pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.8.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, Notice and Administration Expenses up to the sum of $250,000.00. Prior to the Effective Date, all such Notice and Administration Expenses in excess of $250,000.00 shall be paid from the Settlement Fund subject to prior approval of the Court. After the Effective Date, Notice and Administration Expenses may be paid as incurred and as approved by Lead Counsel, without further approval of the Court.

2.9.    The Claims Administrator shall disseminate (a) the Notice, substantially in the form of Exhibit A-1 attached hereto, (b) Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, and (c) Summary Notice, substantially in the form of Exhibit A-3 attached hereto, to the Settlement Class in accordance with this Stipulation and as ordered by the Court. To the extent there are updates or modifications to the Notice, Proof of Claim and Release, and Summary Notice to the Settlement Class, such updates will be reflected on a class action website to be maintained by the Claims Administrator for the purpose of providing Settlement Class Members with information relating to this Settlement. The Released Defendant Parties shall have

no responsibility for, or liability whatsoever with respect to, the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

### c.    Taxes

2.10.    With respect to Taxes, the Settling Parties agree as follows:

(a)    The Settlement Fund shall be treated as being, at all times, a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  The Escrow Agent shall timely make such elections, as necessary or advisable, to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and, in all events, shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) Tax Expenses, shall be paid out of the Settlement Fund by the Escrow Agent; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund, without prior order from the Court, and the Escrow Agent shall also be obligated to withhold, and shall be responsible for withholding, from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(*l*)(2)).  Neither the Settling Parties nor their counsel are responsible, nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

2.11.   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have

any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

### d. Termination of Settlement

2.12. In the event that this Stipulation or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed, vacated, or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund, less Notice and Administration Expenses, Taxes, or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.8-2.9 and/or 2.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3. Preliminary Approval Order and Settlement Hearing

3.1. Promptly upon the execution of this Stipulation, Lead Counsel shall use its best efforts to submit this Stipulation, together with its exhibits, to the Court in the *In re Nano-X* Action and shall apply for entry of (and Defendants shall not oppose the entry of) the parties' agreed-upon Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, preliminary certification of the Settlement Class for settlement purposes, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto, and the scheduling of the Settlement Hearing at which the Court will consider whether to grant Final approval of the Settlement, finally certify the Settlement Class for

{00550774;2 }                                    17

Settlement purposes, approve the Plan of Allocation, and issue an order concerning the Fee and Expense Application for the Fee and Expense Award and Lead Plaintiff Award. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the expected date of the Settlement Hearing.

3.2. The Court in the *In re Nano-X* Action will set the procedures by which the settlement of the Litigation is assessed and approved, (1) but the Settling Parties shall request that (1) the Court in the *In re Nano-X* Action handle the approval of the Settlement, including the Settlement Hearing; (2) the Settling Parties file a letter motion with the Court in the *White* Action substantially in the form of Exhibit C,[], attaching the Stipulation, Proposed Order and Class Notice; and (3) subsequent to the Effective Date of the Settlement before the *In re Nano-X* Action Court, Lead Plaintiffs will file a stipulation of dismissal with prejudice in the *White* Action, if not already dismissed pursuant to the terms of the Settlement and Judgment contemplated thereby.

3.3. Within ten (10) business days after the entry of the Preliminary Approval Order, Nano-X shall provide, or direct its transfer agent to provide, the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of registered owners of Nano-X securities during the Class Period. The Claims Administrator shall disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.

3.4. Any Settlement Class Member who wishes to request exclusion from (*i.e.*, opt-out of) the Settlement Class must submit a written Request for Exclusion within the time and in the manner specified in the Court's Preliminary Approval Order and the Notice. The Opt-out Date for

submitting a valid Request for Exclusion is to be set by the Court in the Preliminary Approval Order, but the Settling Parties shall request that the Opt-out Date be set so that all Requests for Exclusion are postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) at least twenty-one (21) calendar days before the Settlement Hearing.  A Request for Exclusion is valid only if it is personally signed by the Settlement Class Member, and otherwise complies with all the requirements set forth in the Preliminary Approval Order and the Notice.  Group opt-outs, including "mass" or "class" opt-outs, are not permitted.  Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Litigation, whether or not he, she, or it timely submits a Proof of Claim and Release.

3.5.    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the Plan of Allocation, or to any aspect of the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and the Notice.  The deadline for submitting such objections is to be set by the Court in the Preliminary Approval Order, but the Settling Parties shall request that the deadline be the same as the Opt-out Date, *i.e.*, all objections must be postmarked (for U.S. Mail), received by the private carrier (for FedEx, UPS, etc.), or filed with the Court at least twenty-one (21) calendar days before the Settlement Hearing.  An objection is valid only if it is personally signed by the Settlement Class Member, and otherwise complies with all the requirements set forth in the Preliminary Approval Order and the Notice.

3.6.    As set forth in ¶2.9 above, it shall be the responsibility of the Claims Administrator to disseminate the Notice and otherwise implement the Notice program contemplated by the Preliminary Approval Order, as approved by the Court.

### 4. Mutual Releases

4.1.    Upon the Effective Date, each and every Released Plaintiff Party, including Lead Plaintiffs and the other Settlement Class Members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.  In exchange for the mutual releases and other consideration set forth herein, including full payment of the Settlement Amount by or on behalf of Defendants, Lead Plaintiffs will, as provided for in the Judgment, also consent to the dismissal with prejudice of the Litigation as set forth herein.

4.2.    Any Proof of Claim and Release that is executed by a Settlement Class Member shall release all Released Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3.    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties.  Upon the Effective Date, the Released Defendant Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other

{00550774;2 }                                    20

forum, foreign or domestic, asserting the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of this Stipulation are not released. Notwithstanding the foregoing, nothing in this Stipulation or its exhibits shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1.    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court, as may be necessary or as circumstances may require, shall administer, and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. As provided in ¶2.4 above, other than Nano-X's obligation to provide its securities holders' records as provided in ¶3.2 above, the Released Defendant Parties and Defendants' Counsel shall have no responsibility whatsoever for, interest in, or any liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator.

5.2.    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay the Fee and Expense Award and Lead Plaintiff Award, if and to the extent allowed by the Court; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants, as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

{00550774;2 }                                       21

5.3.     All Proof of Claim and Release forms must be completed and postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) or received electronically by the Claims Administrator within ninety (90) calendar days after the mailing of the Notice, or such other time as may be set by the Court.  Proof of Claim and Release forms shall be substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury, and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.4.     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release, or otherwise allowed, and have not requested to be excluded from the Settlement Class, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  Notwithstanding the foregoing or any other provision of this Section 5, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted but otherwise valid Claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.5.     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.7 below.

5.6.    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release, in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the opportunity to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject, in whole or in part, for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.7 below.  Notwithstanding the foregoing or any other provision of this Section 5, Lead Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim and Release submitted.  No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.7.    If any Claimant whose timely Claim has been rejected, in whole or in part, for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.6 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.8.    Each Claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court, with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, other Claimants, and parties to the Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.9.    No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund six months after the date of the initial distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's discretion shall, if feasible, after payment of any outstanding Notice and Administration Expenses, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distributions.  These additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a level where, in the judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution,

to attempt to make further distributions.  Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to a 501(c)(3) non-profit charitable organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Lead Counsel, Lead Plaintiffs, Defendants, their Related Parties, or Defendants' Counsel, and is approved by the Court.

5.10.  No Person shall have any claim against the Released Defendant Parties, the Released Plaintiff Parties, or the Claims Administrator based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11.  It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation.

## 6.  Fee and Expense Application

6.1.  Lead Counsel may submit a Fee and Expense Application or Application(s) to the Court for a Fee and Expense Award, to be paid from the Settlement Fund.  The Fee and Expense Application may include a request for a Lead Plaintiff Award.  Defendants shall take no position with respect to Lead Counsel's Fee and Expense Application(s).

6.2.    The amount of the Fee and Expense Award is within the sole discretion of the Court. Any Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon award, subject to Court approval, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund (including interest at the same rate earned by the Fund) if and when, as a result of any appeal or otherwise, the amount of fees or expenses awarded is reduced or if the Settlement does not become Effective.  Lead Counsel may thereafter allocate the Fee and Expense Award among Plaintiffs' Counsel in a manner in which it, in good faith, believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3.    Any Lead Plaintiff Award approved by the Court shall be paid to the Lead Plaintiff(s) from the Settlement Fund after the Effective Date occurs.

6.4.    In the event that the Effective Date does not occur, or the Judgment or order granting (in whole or in part) the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason and such reversal, modification, cancellation, or termination becomes Final and not subject to review, then, to the extent that the Fee and Expense Award has been paid, Lead Counsel and such other Plaintiffs' Counsel who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund, plus interest thereon, at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.

6.5.     Any Fee and Expense Application shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, as set forth in this Stipulation, and shall have no effect on the terms of this Stipulation or the validity or enforceability of the Settlement.  The approval of the Settlement, and its becoming Final, shall not be contingent on nor otherwise affected by the grant or denial, in whole or in part, of any Fee and Expense Application, Lead Plaintiff Award, nor by any appeals or modifications of any resulting Fee and Expense Award or Lead Plaintiff Award.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.6.     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses (including Taxes) to Plaintiffs' Counsel, Lead Plaintiffs, or any other Person who receives payment from the Net Settlement Fund.

6.7.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, the allocation of any Fee and Expense Award that the Court may make in the Litigation among Plaintiff's Counsel or any other Person who may assert some claim thereto.

**7.        Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1.     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     certification, solely for the purposes of effectuating the Settlement set forth in this Stipulation, of the Settlement Class;

(b)     the Court has entered the Preliminary Approval Order substantially in the form of Exhibit A attached hereto, or another order as may be subsequently agreed to by the Settling Parties as provided in ¶7.4 below;

(c)     the Settlement Amount has been deposited into the Escrow Account;

(d)     no Settling Party has exercised its option to terminate this Settlement and Stipulation pursuant to ¶7.3 hereof;

(e)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, or a judgment as may be subsequently agreed to by the Settling Parties as provided in ¶7.4 below; and

(f)     the Judgment has become Final, as defined in ¶1.13 hereof.

7.2.    Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5-7.7 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3.    Defendant Nano-X shall have the right to terminate the Settlement and render it null and void if Settlement Class Members, who purchased or otherwise acquired more than a certain percentage of Nano-X securities subject to the Settlement, timely and validly exclude themselves from the Settlement Class, as set forth in the Supplemental Agreement executed between Lead Plaintiffs and Defendants, by and through their counsel.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its

{00550774;2 }                                    28

terms.  If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court, so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.4.     Lead Plaintiffs and Nano-X shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so  to all other parties hereto within thirty (30) calendar days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter a Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which any proceedings before the Court, on remand after the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, are completed.   Notwithstanding the foregoing, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or any Lead Plaintiff Award, shall be considered material to this Stipulation and shall not  constitute grounds for cancellation or termination of this Stipulation.

7.5.     Unless otherwise ordered by the Court, in the event this Stipulation is not approved, or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur, within fourteen (14) business days after written notification of such event is sent by counsel for Defendant Nano-X or Lead Counsel to the Escrow Agent, the Settlement Fund shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund  in the

{00550774;2 }

amount of their contribution, together with any accrued interest, and with respect to the contribution by Defendant Nano-X, less Taxes, Tax Expenses, and Notice and Administration Expenses, which have either been disbursed pursuant to ¶¶2.8 and/or 2.10 hereof or are chargeable to the Settlement Fund pursuant to ¶¶2.8-2.9 and/or 2.10 hereof. The Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the same Persons in the same manner as the Settlement Fund described in this ¶7.5. Payments pursuant to this paragraph shall be pursuant to written instructions from Defendants' Counsel.

7.6.    In the event that this Stipulation is not approved, or this Stipulation or the Settlement is validly terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of April 3, 2023. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶1.1-1.47, 2.6-2.8, 2.10-2.12, 6.4-6.5, 7.4-7.7, and 10.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7.    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8-2.10. In addition, any amounts already incurred pursuant to ¶¶2.8-2.10 hereof at the time of such termination or cancellation, but which have not been paid,

shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.5 hereof.

7.8.   Nano-X represents that, to the best of its knowledge, it is not "insolvent" within the meaning of 11 U.S.C. § 101(32) or under Israeli law as of the time the Stipulation is executed and does not expect to be as of the time the payment of the Settlement Amount is actually transferred or made as reflected in the Stipulation.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount to the Settlement Fund, or any portion thereof, by Nano-X or its insurers to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state or foreign law, and any portion thereof is required to be refunded, then the Settling Parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants, the Settling Parties shall be restored to their litigation positions as of April 3, 2023, and the Settlement Fund (less any amounts disbursed pursuant to ¶¶2.7-2.10, 5.1-5.11) shall be promptly returned.

**8.    No Admission of Wrongdoing**

8.1.   Lead Plaintiffs acknowledge that they are entering into this Stipulation and the Settlement based on their own and Lead Counsel's investigation and after consultation with Lead Counsel, and not in reliance on any statements (oral or written) by Defendants, whether in this Stipulation or otherwise.

8.2.   Defendants are entering into this Settlement solely to eliminate the uncertainty, burden and expense of further litigation.  Each of the Defendants denies any wrongdoing and expressly denies that Lead Plaintiffs or the Settlement Class Members have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Defendants further deny that they made any material

misstatements or omissions, that they acted with the requisite state of mind, that any plaintiff, including Lead Plaintiffs, has suffered any damages, or that any plaintiff was harmed by any conduct alleged in this Litigation or that could have been alleged therein.

8.3.   Neither the Settlement, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any drafts thereof, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)   is, may be deemed to be, or shall be offered as an admission of, or evidence of, the validity of any Released Claim as against a Released Defendant Party, or a Released Defendant Claim as against a Released Plaintiff Party;

(b)   shall be offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity of any claim that has been, or could have been, asserted in the Litigation, or the deficiency of any defense that has been, or could have been, asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any Settlement Class Member, as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(d)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason, as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(e)     shall be construed against Defendants, Lead Plaintiffs, or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be, or would have been, recovered after trial or in any proceeding other than the Settlement.

**9.      Class Certification**

9.1.    The Settling Parties hereby stipulate, for purposes of the Settlement only, to certification of the Litigation as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; to certification of the Settlement Class as a class; to appointment of Lead Plaintiffs as representatives of the Settlement Class; and to appointment of Lead Counsel as counsel for the Settlement Class. In the event that the Judgment, if applicable, does not become Final or the Settlement fails to become effective for any reason, the Settling Parties reserve all their rights concerning class certification.

**10.    Miscellaneous Provisions**

10.1.    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement and the Settlement contemplated therein; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party, as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and any other applicable law or similar rule.  The Settling Parties agree that the Settlement Amount and other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties with the assistance of an experienced professional mediator and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

10.3.    The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses, and resolution of the Litigation and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. The Settling Parties reserve their right to rebut, in a manner that such party determines to be

appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.4.    Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.5.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

10.6.    All of the exhibits to this Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall control.

10.7.    This Stipulation, along with its exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.8.    This Stipulation and the exhibits attached hereto, together with the Supplemental Agreement, constitute the entire agreement among the Settling Parties hereto, as to the subject matter hereof, and supersede any prior or contemporaneous written or oral agreements or

understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

10.9.    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

10.10.  Lead Counsel, on behalf of the Settlement Class, represents that it is expressly authorized by Lead Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and conditions, and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class that it deems appropriate.

10.11.  Each counsel or other Person executing this Stipulation, its exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto, hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

10.12.  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or PDF documents via e-mail shall be deemed originals.

10.13.  All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when delivered personally to the recipient; (b) one

{00550774;2 }                                                36

(1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), with delivery acknowledged by the carrier; (c) one (1) business day after receipt of an electronic return read receipt if sent by email; or (d) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient, as set forth below:

### *If to Lead Plaintiffs or to Lead Counsel:*

LEVI & KORINSKY, LLP
Nicholas I. Porritt
Shannon L. Hopkins
Adam M. Apton
Max E. Weiss
55 Broadway, #427
New York, NY 10006
nporritt@zlk.com
shopkins@zlk
aapton@zlk.com
mweiss@zlk.com

POMERANTZ LLP
Jeremy A. Lieberman
Justin D. D'Aloia
Marc I. Gross
600 Third Avenue
New York, New York 10016
jalieberman@pomlaw.com
jdaloia@pomlaw.com
migross@pomlaw.com

### *If to Nano-X or the Individual Defendants or to their Counsel:*

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
Susan L. Saltzstein
Christopher P. Malloy
One Manhattan West
New York, New York 10001
susan.saltzstein@skadden.com
christopher.malloy@skadden.com

MCGUIREWOODS LLP

{00550774;2 }                              37

Jeffrey J. Chapman
Stephen G. Foresta
Louis D. Greenstein
1251 Avenue of the Americas, 20th Floor
New York New York 10020
jchapman@mcguirewoods.com
sforesta@mcguirewoods.com
lgreenstein@mcguirewoods.com

BARNEA JAFFA LANDE & CO.
Hadar E. Israeli
Zvi Gabbay
Haguy E. Kessel
58 Harakevet St., 21st Floor
Tel Aviv, Israel
hisraeli@barlaw.co.il
hkessel@barlaw.co.il

10.14.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

10.15.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

10.16.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.17.  Pending the final approval of this Stipulation and its exhibits by the Court, all proceedings in the Litigation shall be stayed except for activities related to the approval or enforcement of the Settlement or Stipulation, and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties consistent with any applicable orders of the Court.

{00550774;2 }                                                    38

10.18.   This Stipulation, its exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal substantive laws of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

10.19.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.20.   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

10.21.   Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

10.22.   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS THEREOF, the parties hereto have caused this Stipulation to be executed by their duly authorized attorneys, as of _____, 2023.

[SIGNATURES TO FOLLOW]

STIPULATED AND AGREED:

_Jeremy Lieb_

Jeremy A. Lieberman
Justin D. D'Aloia
Marc I. Gross
POMERANTZ LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
jdaloia@pomlaw.com
migross@pomlaw.com

*Lead Counsel for Lead Plaintiff Davian
Holdings Limited*

Brian Schall
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Davian
Holdings Limited*

_Nicholas Porritt_

Nicholas I. Porritt
Shannon L. Hopkins
Adam M. Apton
Max E. Weiss
LEVI & KORSINSKY, LLP
55 Broadway, #427
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
shopkins@zlk.com
aapton@zlk.com
mweiss@zlk.com
nporritt@zlk.com

*Lead Counsel for Lead Plaintiffs Derson
Jolteus and Edward Ko*

_Susan L. Saltzstein_

Susan L. Saltzstein
Christopher P. Malloy
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
susan.saltzstein@skadden.com
christopher.malloy@skadden.com

*Attorneys for Nano-X Imaging Ltd.*

_Jeffrey Chapman_

Jeffrey J. Chapman
Stephen G. Foresta
Louis D. Greenstein
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York New York 10020
Telephone: (212) 548-7060
jchapman@mcguirewoods.com
sforesta@mcguirewoods.com
lgreenstein@mcguirewoods.com

*Attorneys for Ran Poliakine*

_Hadar Israeli / MR_

Hadar E. Israeli
Zvi Gabbay
Haguy E. Kessel
BARNEA JAFFA LANDE & CO
58 Harakevet St., 21st Floor
Tel Aviv, Israel
Telephone: +972-3-6400600
Fax: +972-3-6400650
hisraeli@barlaw.co.il
hkessel@barlaw.co.il

*Attorneys for Itzhak Maayan*

# EXHIBIT A-1

**Exhibit A-1**
**Long Form Notice**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**EXHIBIT A-1**
**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION,**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES,**
<u>**AND SETTLEMENT HEARING**</u>

{00552539;1 }

**Exhibit A-1**
**Long Form Notice**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION,**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES,**
**AND SETTLEMENT HEARING**[1]

**If you purchased or otherwise acquired securities of Nano-X Imaging Ltd. ("Nano-X") between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class Period"), and are not otherwise excluded from the Settlement Class (see page 10 below) you may be eligible to receive a payment.**

**A federal court authorized this Notice.  This is not attorney advertising.**

- This Notice is given pursuant to an order issued by the United States District Court for the Eastern District of New York (the "Court").

- This Notice serves to inform you of the proposed settlement (the "Settlement") of the above-captioned class action lawsuits (collectively, the "Litigation") and the hearing (the "Settlement

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated June 2, 2023 (the "Stipulation").  Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation. The Stipulation can be obtained at www.NanoXSecuritiesLitigation.com.

**Exhibit A-1**
**Long Form Notice**

Hearing") to be held by the Court on September 7, 2023 at 11:00 a.m., to consider (a) the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement, dated June 2, 2023 (pp. 10-11 below), and the Plan of Allocation (pp. 11-13, below); (b) whether the Judgment, as provided under the Stipulation, should be entered upon payment in full of the $8.0 million Settlement Amount; (c) whether to approve the Settlement and Plan of Allocation; (d) whether to award Lead Counsel attorneys' fees and expenses (pp. 19-20, below); and (e) whether to award Lead Plaintiffs an amount for their reasonable time, costs, and expenses related to the representation of the Settlement Class (p. 20, below).

- The proposed Settlement concerns two lawsuits over whether Defendants violated federal securities laws by allegedly making material misrepresentations and/or omissions of material fact in their public statements about Nano-X's anticipated regulatory approvals, business model, prospects, and revenues. Defendants have denied and continue to deny all allegations of deception, wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Classes were harmed by the conduct alleged in the Litigation.

- If approved by the Court, the proposed Settlement will provide $8,000,000 gross, plus interest as it accrues, minus attorneys' fees and expenses, costs and administrative expenses and any applicable taxes, to pay claims of investors who purchased or acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive, and were damaged thereby (the "Settlement Class" or "Settlement Class Members"), and are not otherwise excluded from the Settlement Class (see pp. 10, below).

- The Settlement represents an average recovery of approximately $0.235 per share of Nano-X securities for the approximately 34 million shares outstanding (and registered under the Securities Act and freely transferable by non-affiliates) at the close of the Settlement Class Period. A share may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per outstanding share of Nano-X securities. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Nano-X securities, the purchase and sales prices, and the total number of claims filed. See the Plan of Allocation on page 11-14 below for more detail.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form by _____, 202_.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($2,666,667) plus interest and reimbursement of up to $250,000 in litigation expenses. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in this Litigation on a contingent basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intend to ask the Court to grant a Lead Plaintiff Award to each of the three Lead Plaintiffs who have represented Settlement Class Members Class in the Litigation, in an amount not to exceed

{00552539;1 }                                    2

**Exhibit A-1**
**Long Form Notice**

$3,000 each, or $9,000 in total. Collectively, the requested attorneys' fees and litigation expenses and Lead Plaintiff Awards are estimated to average $0.078 per outstanding share of Nano-X securities. If approved by the Court, these amounts will be paid from the Settlement Fund.

• The estimated average recovery to Settlement Class Members, after the deductions set forth in the preceding paragraph, is $0.157 per outstanding Nano-X share. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Nano-X securities, the purchase and sales prices, and the total number and amount of claims filed.

• The parties disagree on the monetary amount of any potential award of damages if investors prevailed at trial.

• Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

• While you will remain a member of the Settlement Class, you will be excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Nano-X securities or otherwise suffered no compensable damages during the Settlement Class Period.

• The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (for U.S. Mail) OR RECEIVED BY A PRIVATE CARRIER (For FedEx, UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR ONLINE, NO LATER THAN _____, 202_** | This is the only way to get a payment under the Settlement. If you have a Recognized Claim and want to receive a portion of the Settlement proceeds, you must submit the Proof of Claim and Release that is being distributed with this Notice |
| **SUBMIT A REQUEST FOR EXCLUSION POSTMARKED OR RECEIVED BY THE PRIVATE CARRIER (For FedEx, UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR VIA EMAIL, NO LATER THAN AUGUST 17, 2023** | Get no payment. This is the only option that allows you to bring your own lawsuit against the Released Parties about the Released Claims raised in this Litigation. If you exclude yourself, you will receive no payment and cannot object or speak at the Settlement Hearing. |
| **OBJECT TO THE SETTLEMENT OR ANY RELATED ASPECT POSTMARKED OR RECEIVED BY THE PRIVATE CARRIER (For FedEx,** | Write to the Court about why you do not like the Settlement. You may, but are not required to, appear at the Settlement Hearing. You cannot object to the Settlement unless you are a member |

**Exhibit A-1**
**Long Form Notice**

| | |
|---|---|
| **UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR VIA EMAIL, NO LATER THAN AUGUST 17, 2023** | of the Settlement Class and do not exclude yourself. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement at the Settlement Hearing. Notify the Court of your intention to appear at the hearing in the written objection you send to the Court. |
| **DO NOTHING** | Get no payment.  Give up all legal rights relating to the claims at issue in this Litigation and be bound by the Judgment. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members, should be directed to any of the following:

| | |
|---|---|
| In re Nano-X Securities Litigation<br>Epiq Global<br>c/o Eric Blow<br>P.O. Box 6786<br>Address: Portland, OR 97228-6786<br>Telephone: 888-977-4348<br>Facsimile: _____.<br>Email:info@www.Nanoxsettlement.com | Nicholas I. Porritt<br>LEVI & KORSINSKY, LLP<br>55 Broadway, 4th Fl., Suite 427<br>New York, NY  10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email:  nporritt@zlk.com<br><br>Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile:  (917) 463-1044<br>Email: jalieberman@pomlaw.com |

**This Notice is intended to inform you how the proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation or whether the Defendants engaged in any wrongdoing.**

{00552539;1 }                                                                    4

**Exhibit A-1**
**Long Form Notice**

---

| **WHAT THIS NOTICE CONTAINS** |
|---|

**Table of Contents**                                             **Page**

**BASIC INFORMATION** ...............6

1. Why did I get this Notice package? ...............6

2. What is this lawsuit about? ...............6

3. Why is this a class action? ...............8

4. What are the reasons for Settlement? ...............8

**WHO IS PART OF THE SETTLEMENT?** ...............9

5. How do I know if I am part of the Settlement? ...............10

6. Are there exceptions to being included? ...............10

7. What if I am still not sure if I am included? ...............10

**WHAT ARE THE SETTLEMENT BENEFITS?** ...............10

8. What does the Settlement provide? ...............10

**PLAN OF ALLOCATION** ...............11

9. How will the Settlement be allocated among Class Members? ...............11

10. How much will my payment be? ...............14

**HOW CAN YOU RECEIVE A PAYMENT?** ...............15

11. How can I get a payment? ...............15

12. When would I get my payment? ...............15

13. What am I giving up to get a payment or stay in the Settlement Class? ...............15

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............18

14. How do I exclude myself from the proposed Settlement? ...............18

15. If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties later for the same thing later? ...............18

16. If I exclude myself, can I get money from the proposed Settlement? ...............19

**THE LAWYERS REPRESENTING YOU** ...............19

17. Do I have a lawyer in this case? ...............19

18. How will the lawyers be paid? ...............19

**OBJECTING TO THE SETTLEMENT** ...............20

19. How do I tell the Court that I do not like the proposed Settlement? ...............20

20. What is the difference between objecting and excluding myself? ...............21

**THE COURT'S SETTLEMENT HEARING** ...............21

21. When and where will the Court decide whether to approve the proposed Settlement? ...............21

**Exhibit A-1**
**Long Form Notice**

22. Do I have to come to the hearing? ...................................................................21

23. May I speak at the hearing? ...........................................................................21

**IF YOU DO NOTHING** ..................................................................................22

24. What happens if I do nothing at all? .............................................................22

**GETTING MORE INFORMATION** ..............................................................22

25. Are there more details about the proposed Settlement? ................................22

**SPECIAL NOTICE TO NOMINEES** .............................................................22

## BASIC INFORMATION

| 1. Why did I get this Notice package? |
|---|

You or someone in your family may have purchased or otherwise acquired Nano-X securities during the period August 21, 2020 and November 17, 2021. The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed Settlement of a class action litigation, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and any appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement allows. This Notice explains this Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them. It is not an expression of any opinion by the Court with respect to the truth of the allegations of the Litigation or the merits of the claims or defenses asserted.

| 2. What is this lawsuit about? |
|---|

Nano-X is a development-stage company based in Israel which claimed to have designed a digital X-ray source for use in medical imaging systems. This proposed Settlement relates to two class action lawsuits, both based in the United States District Court for the Eastern District of New York Court, and both alleging that Nano-X and certain of its officers and directors violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making untrue statements or omitting to state material facts required to be disclosed in their public statements. Specifically, Lead Plaintiffs in the *White* Action (defined below) allege that Defendants made false and misleading statements between August 21, 2020 and September 15, 2020 claiming that Nano-X would quickly obtain regulatory approval of its Nanox.Arc imaging system, and projecting revenues purportedly coming from certain customer contracts, while failing to disclose that regulatory approval was unlikely to occur because its product was insufficiently developed, and the claimed customer contracts were not as represented. Lead Plaintiff in the *In re Nano-X* Action (defined below) alleges that Defendants made false and misleading statements between August 21, 2020 and November 17, 2021 claiming that its imaging system could be manufactured at far lower cost than current systems, and worked at least as well as existing technology, both of which claims are alleged to be untrue when made.

Defendants deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Among other things, Defendants have denied, and continue to deny, that any material misstatements were made, that they acted with the requisite state of mind, that Lead Plaintiffs or the Settlement

**Exhibit A-1**
**Long Form Notice**

Class have suffered any damages, or that any plaintiff was harmed by any conduct alleged in these Actions or that could have been alleged therein. Defendants do not admit and expressly deny any liability or wrongdoing in connection with the allegations set forth in the Litigation or any facts related thereto.

On September 16, 2020, the initial class action complaint was filed in the Eastern District of New York Court against Nano-X, captioned *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355, on behalf of all investors who purchased Nano-X securities between August 21, 2020 and September 15, 2020 (the "*White* Action"). Thereafter, a very similar complaint was filed entitled *Duarte v. Nano-X Imaging Ltd.*, No. 20-cv-4528. Those two cases were later consolidated and assigned to Judge William F. Kuntz, II, and Edward Ko and Derson O. Jolteus were appointed as Lead Plaintiffs in the *White* Action on August 30, 2022.

On October 5, 2021, Daniel McLaughlin filed another class action against Nano-X, also in the Eastern District of New York, which was assigned to Judge Rachel P. Kovner. Davian Holdings Limited was appointed Lead Plaintiff in *McLaughlin*, which was recaptioned *In re Nano-X Securities Litigation*, No. 21-cv-05517-RPK-PK (the "*In re Nano-X* Action").

Lead Plaintiff in the *In re Nano-X* Action filed an amended complaint on April 12, 2022, asserting the same causes of action as the predecessor *McLaughlin* complaint, on behalf of purchasers of Nano-X securities between August 21, 2020 and November 17, 2021, and also included additional supporting factual allegations. Lead Plaintiffs in the *White* Action filed an amended complaint on October 31, 2022, which asserted the same causes of action and for the same period as the initial complaint but included additional factual allegations supporting the claims.

The amended complaints in both the *White Action* and the *In re Nano-X* Action asserted claims under Section 10(b) and 20(a) of the Exchange Act, and named the same defendants: Nano-X, and individual defendants Ran Poliakine and Itzhak Maayan (the "Individual Defendants") (collectively, the "Defendants").

On June 3, 2022, after Lead Plaintiff in the *In re Nano-X* Action filed its amended complaint, Defendants served a motion to consolidate the *In re Nano-X* Action with the *White* Action in the *White* Action. This motion was fully briefed and submitted on June 24, 2022, and remains pending.

On July 25, 2022, Defendants served a motion to dismiss the amended complaint in the *In re Nano-X* Action. On August 25, 2022, Lead Plaintiff in the *In re Nano-X* Action served its opposition thereto, and on September 9, 2022, Defendants served and filed their reply.

On November 21, 2022, Defendants sought leave from Judge Kuntz to file a motion to stay the *White* Action pending the outcome of the motion to dismiss in the *In re Nano-X* Action, or in the alternative, to file a motion to dismiss the *White* Action. On December 2, 2022, Judge Kuntz granted Defendants leave to file a motion to stay. This motion was fully briefed and submitted as of February 7, 2023 and remains pending.

While Defendants' motion to dismiss was pending in the *In re Nano-X* Action, and while Defendants' motion for a stay was pending in the *White* Action, the parties in both Actions agreed to attempt to resolve the Litigation on a global basis, *i.e.*, resolve both Actions. On April 3, 2023,

{00552539;1 }                                              7

**Exhibit A-1**
**Long Form Notice**

a mediation was conducted before a highly experienced mediator, Jed Melnick, Esq..  At the end of the full-day session and following a mediator's recommendation, the parties agreed to settle the Litigation globally, on the terms set forth in the Stipulation, subject to the Court's approval.  The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Settling Parties.

---

| 3. Why is this a class action? |
| --- |

In a class action, one or more people called plaintiffs sue on behalf of themselves and all persons who have similar claims.  All the persons with similar claims are called a "class" or "class members."  Bringing a case as a class action allows the collective adjudication of many similar claims that might be otherwise too small to bring as individual actions and is more efficient than bringing the same claim in many individual actions.  In a class action, the court resolves the claims of all class members, except for those who properly exclude themselves from the class.

---

| 4. What are the reasons for Settlement? |
| --- |

The Settlement was reached after a thorough investigation by Lead Counsel in both the *White* and *In re Nano-X* Actions and following full briefing of Defendants' motion to dismiss in the *In re Nano-X* Action.  The *White* Action was stayed pending the ruling on Defendants' motion to dismiss in the *In re Nano-X* Action.  In neither Action in the Litigation has the Court reached any decisions as to the merits of Lead Plaintiffs' claims.  Lead Plaintiffs believed they could have obtained a recovery if they survived Defendants' motions to dismiss the case, future anticipated summary judgment motions, and would have won at trial; while the Defendants believe they would have prevailed on their motions to dismiss, or otherwise prevailed on their subsequent summary judgment motions; or that, if the Actions had been allowed to proceed to trial, Lead Plaintiffs would not have won anything at a trial and that Lead Plaintiffs and Class Members would thus have gotten no recovery at all. Instead, Plaintiff and Defendants have agreed to the Settlement, which was reached with the substantial assistance of a highly respected mediator of complex class actions.  In reaching the Settlement, the Settling Parties have avoided the risks, costs and delays of further litigation, trial, and likely appeals.

As in any litigation, Lead Plaintiffs and the Settlement Class would face an uncertain outcome if they did not agree to the Settlement. For example, Lead Plaintiffs understood that there was a risk that Defendants' motion to dismiss in the *In re Nano-X* Action would be granted; and if it was, there was a significant risk that the *White* Action, which was stayed pending a decision on the motion to dismiss in the *In re Nano-X* Action, would be dismissed as well given certain similarities in the two Actions.

Had the Litigation survived Defendants' motions to dismiss, additional obstacles were posed by the fact that most of the witnesses are located in Israel, and obtaining factual discovery may require service by means of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and letters of requests, and there is no assurance that such requests would have received an affirmative response from the Israeli central authority through whom such requests must be addressed, or that Lead Plaintiffs would otherwise have been able to secure the necessary testimony and documents to prove their case, or obtain them in a timely manner given the delays and other impediments often attendant to such requests for international discovery. Even if Lead Plaintiffs had obtained some discovery abroad, there is no assurance that such

{00552539;1 }                                              8

**Exhibit A-1**
**Long Form Notice**

documents and/or testimony would have sufficed to support their claims, which in large part involved issues related to highly complex technology. Further, after such discovery concluded, along with costly expert testimony, it was expected that Defendants would argue in a summary judgment motion and at trial that the alleged false statements were true and not misleading, that their statements made sufficient disclosures of material facts and about the risks of investing in Nano-X, and/or that investors should have otherwise been aware that Nano-X's technology was new, regulatory approval was not assured, and that investments in Nano-X were therefore highly risky.

Plaintiff also expected that Defendants would argue that Lead Plaintiffs and the Settlement Class were not entitled to any damages under the federal securities laws because the decline in the value of Nano-X securities was not caused by Defendants' alleged false and misleading public statements but by other factors. Proving that Defendants' statements caused the losses of Lead Plaintiffs and Settlement Class Members would entail costly expert analyses and testimony, and there was no assurance that it would be successful; and even if Lead Plaintiffs were able to prove that some of their losses were caused by Defendants' statements, there was a substantial risk such provable losses would be much smaller than Lead Plaintiffs expected. Additionally, Lead Plaintiffs expected that the Litigation, if it survived Defendants' motions to dismiss, would continue for a lengthy period, and it is likely that, even if Lead Plaintiff succeeded, Defendants would file appeals that could postpone final resolution of the Litigation for years. Moreover, a class has not yet been certified in either Action. There is no assurance the Court would certify a class, and a failure to obtain class certification would mean that Settlement Class Members would have to file and prosecute individual actions by themselves, at their expense, to have any prospect of recovery.

For the foregoing reasons among others, Lead Plaintiffs and Lead Counsel believe that the Settlement is fair and reasonable to the Members of the Settlement Class. While continuation of the Litigation against Defendants potentially could result in a judgment greater than the Settlement, there is also the substantial risk that continuing the Litigation could result in no recovery at all or a recovery that is less than the amount of the Settlement. If the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery. Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

The Defendants have expressly denied, and continue to deny, each and all of the claims alleged by Lead Plaintiffs in the Litigation, as well as any allegations of fault, liability, wrongdoing or damages whatsoever. Defendants further deny that they made any material misstatements or omissions, that they acted with the requisite state of mind, that any plaintiff, including Lead Plaintiffs, have suffered any damages, or that any plaintiff was harmed by any conduct alleged in these Actions or that could have been alleged therein. The Defendants maintain that they have strong and meritorious defenses to all of the claims alleged in this Litigation. However, the Defendants also recognize the uncertainty and risks inherent in any litigation, especially in a complex case such as this. The Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO IS PART OF THE SETTLEMENT?

{00552539;1 }                                    9

**Exhibit A-1**
**Long Form Notice**

| 5. How do I know if I am part of the Settlement? |
| --- |

If you purchased or acquired Nano-X securities during the period August 21, 2020 through November 17, 2021, inclusive (the "Settlement Class Period"), you are a Settlement Class Member, except for certain exclusions listed in Question 6 below.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation, as set forth therein, postmarked (for U.S. Mail), received by the private carrier (for FedEx, UPS, etc.) or submitted online or via e-mail **no later than _____, 202\_**.

| 6. Are there exceptions to being included? |
| --- |

Yes. Pursuant to the Settlement Class definition in the Stipulation, excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of Nano-X, at all relevant times; (iii) members of the immediate families of such officers and directors of Nano-X, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a direct or indirect controlling interest.

Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court, and the instructions provided in this Notice (p.16).

While you would remain a member of the Settlement Class, you would be excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Nano-X securities or otherwise suffered no compensable damages during the Settlement Class Period.

| 7. What if I am still not sure if I am included? |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by writing, emailing or calling them at the contact information provided on p. **4** above. Or you can fill out the Proof of Claim and Release form described in Question 11 to see if you qualify.

### WHAT ARE THE SETTLEMENT BENEFITS?

| 8. What does the Settlement provide? |
| --- |

The Settlement, if approved, will result in the creation of a cash settlement fund of $8,000,000, plus all interest and accretions thereto (the "Settlement Fund"). The Settlement Fund, less (a) any Fee and Expense Award, including interest thereon; (b) any Lead Plaintiff Award for representing the interests of the Settlement Class; (c) Notice and Administration Expenses; (d) Settlement Fund Taxes and Tax Expenses; and (e) any other Court-approved deductions (the "Net Settlement

{00552539;1 }                                                  10

**Exhibit A-1**
**Long Form Notice**

Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

In return, the Parties have agreed to dismiss the Litigation with prejudice, and Lead Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement Class agree to release, relinquish and discharge all Released Claims against the Defendants and their respective Related Parties (collectively, the "Released Defendant Parties"), whether or not these Class Members execute and deliver Proof of Claim and Release forms.

## PLAN OF ALLOCATION

| 9. How will the Settlement be allocated among Class Members? |
| --- |

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that other Settlement Class Members send in, how many shares of Nano-X securities you purchased or otherwise acquired during the Settlement Class Period, whether you sold any of those shares, and when you purchased, acquired, and/or sold such shares.

For purposes of determining the amount an Authorized Claimant (a Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment) may recover under the Plan of Allocation, Lead Counsel conferred with their damages consultant in developing the Plan of Allocation. The calculation of claims is not an estimate of (a) actual damages, (b) the amount a Settlement Class Member might have been able to recover after a trial, or (c) the amount that will be paid to Settlement Class Members pursuant to the Settlement. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The calculation of a Recognized Claim (as described below) will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula described below. A "Recognized Loss Amount" will be calculated as set forth for each purchase or acquisition of publicly traded or publicly listed shares of Nano-X securities during the Settlement Class Period that is listed in the Proof of Claim and Release and for which adequate documentation is provided. To the extent that the calculation of an Authorized Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of an Authorized Claimant's Recognized Loss Amounts will be the Authorized Claimant's "Recognized Claim."

### The Basis for Calculating Your Recognized Loss Amount
The Recognized Loss Amount for each share of publicly traded or publicly listed Nano-X securities purchased or otherwise acquired between August 21, 2020 and November 17, 2021, inclusive, will be calculated as follows:

{00552539;1 }                                        11

**Exhibit A-1**
**Long Form Notice**

A.  For securities purchased on or after August 21, 2020, but before September 15, 2020, and sold before September 15, 2020, the Recognized Loss Amount for each such share shall be zero.

B.  For securities purchased on or after August 21, 2020, but before September 15, 2020, and sold on or after September 15, 2020 but before November 17, 2021, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, or ii) $11.57 per share.

C.  For securities purchased on or after September 15, 2020 and sold before November 17, 2021, the Recognized Loss Amount for each such share shall zero.

D.  For securities purchased on or after September 15, 2020, but before November 17, 2021, and sold during the period from November 17, 2021 through February 14, 2022, inclusive, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price minus the sales price, ii) $1.69 per share, or iii) the purchase price *minus* the "Average Sale Price" indicated in Table-1 below.

E.  For securities purchased on or after August 21, 2020 but before September 15, 2020, and sold during the period from November 17, 2021 through February 14, 2022, inclusive, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, ii) $13.26 per share, or iii) the purchase price *minus* the "Average Sale Price" indicated in Table-1 below.

F.  For securities purchased on or after September 15, 2020, but before November 17, 2021, and retained after the close of trading on February 14, 2022, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, ii) $1.69 per share, or iii) the purchase price minus $14.83 per share.

G.  For securities purchased on or after August 21, 2020, but before September 15, 2020, and retained after the close of trading on February 14, 2022, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, ii) $13.26 per share, or iii) the purchase price minus $14.83 per share.

**Exhibit A-1**
**Long Form Notice**

### Table-1: Average Prices for Sales of
### Nano-X Common Stock During 90-Day PSLRA Look-Back Period

| Date | Closing Price | Average Sale Price | Date | Closing Price | Average Sale Price |
|---|---|---|---|---|---|
| 11/17/2021 | $20.01 | $20.01 | 1/3/2022 | $16.05 | $17.81 |
| 11/18/2021 | $19.01 | $19.51 | 1/4/2022 | $15.55 | $17.74 |
| 11/19/2021 | $18.96 | $19.33 | 1/5/2022 | $13.97 | $17.63 |
| 11/22/2021 | $19.94 | $19.48 | 1/6/2022 | $13.55 | $17.51 |
| 11/23/2021 | $20.02 | $19.59 | 1/7/2022 | $12.97 | $17.39 |
| 11/24/2021 | $20.33 | $19.71 | 1/10/2022 | $12.95 | $17.27 |
| 11/26/2021 | $20.15 | $19.77 | 1/11/2022 | $13.16 | $17.16 |
| 11/29/2021 | $21.17 | $19.95 | 1/12/2022 | $12.42 | $17.04 |
| 11/30/2021 | $20.63 | $20.02 | 1/13/2022 | $12.14 | $16.91 |
| 12/1/2021 | $18.04 | $19.83 | 1/14/2022 | $11.75 | $16.79 |
| 12/2/2021 | $17.69 | $19.63 | 1/18/2022 | $10.82 | $16.65 |
| 12/3/2021 | $15.94 | $19.32 | 1/19/2022 | $10.66 | $16.51 |
| 12/6/2021 | $15.72 | $19.05 | 1/20/2022 | $11.15 | $16.39 |
| 12/7/2021 | $17.84 | $18.96 | 1/21/2022 | $11.25 | $16.27 |
| 12/8/2021 | $17.55 | $18.87 | 1/24/2022 | $11.49 | $16.17 |
| 12/9/2021 | $16.16 | $18.70 | 1/25/2022 | $10.74 | $16.05 |
| 12/10/2021 | $16.72 | $18.58 | 1/26/2022 | $10.05 | $15.93 |
| 12/13/2021 | $16.88 | $18.49 | 1/27/2022 | $9.45 | $15.79 |
| 12/14/2021 | $16.55 | $18.38 | 1/28/2022 | $10.35 | $15.69 |
| 12/15/2021 | $17.63 | $18.35 | 1/31/2022 | $11.35 | $15.60 |
| 12/16/2021 | $17.45 | $18.30 | 2/1/2022 | $11.65 | $15.53 |
| 12/17/2021 | $18.86 | $18.33 | 2/2/2022 | $10.60 | $15.43 |
| 12/20/2021 | $17.80 | $18.31 | 2/3/2022 | $10.21 | $15.34 |
| 12/21/2021 | $18.62 | $18.32 | 2/4/2022 | $11.04 | $15.26 |
| 12/22/2021 | $18.58 | $18.33 | 2/7/2022 | $10.99 | $15.18 |
| 12/23/2021 | $17.86 | $18.31 | 2/8/2022 | $11.40 | $15.11 |
| 12/27/2021 | $16.58 | $18.25 | 2/9/2022 | $11.75 | $15.06 |
| 12/28/2021 | $15.99 | $18.17 | 2/10/2022 | $11.04 | $14.99 |
| 12/29/2021 | $15.22 | $18.07 | 2/11/2022 | $10.37 | $14.91 |
| 12/30/2021 | $15.39 | $17.98 | 2/14/2022 | $9.90 | $14.83 |
| 12/31/2021 | $14.54 | $17.87 | | | |

In the event a Settlement Class Member has more than one acquisition or sale of Nano-X securities, all acquisitions and sales shall be matched on a First-in First-Out ("FIFO") basis in the order of the transactions beginning with publicly traded Nano-X securities purchased or otherwise acquired on August 21, 2020.

{00552539;1 }                                                13

**Exhibit A-1**
**Long Form Notice**

An acquisition or sale of Nano-X securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Nano-X securities shall not be deemed an acquisition or sale of Nano-X securities for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Nano-X securities in exchange for securities of any other corporation or entity shall not be deemed an acquisition or sale of Nano-X securities.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator, any other Person designated by Plaintiffs' Counsel, Defendants, Defendants' Related Parties, or Defendants' Counsel or their Related Parties based on distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.

With respect to Nano-X securities purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Nano-X common stock on the date of exercise. Any Recognized Loss arising from purchases of Nano-X securities acquired during the Settlement Class Period through the exercise of an option on Nano-X common stock shall be computed as provided for other purchases of Nano-X common stock in the Plan of Allocation.

Settlement Class Members who do not submit acceptable Proofs of Claim and Release will not share in the Settlement proceeds. The Settlement and the Judgment issued in this Litigation will nevertheless bind Settlement Class Members who do not submit a Request for Exclusion (as defined below) and/or an acceptable Proof of Claim and Release.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Related Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs, Plaintiffs' Counsel, and any other Person designated by Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

| 10. How much will my payment be? |
| --- |

If you are entitled to a payment, your share of the Net Settlement Fund will depend on, among other things, the number of Authorized Claimants. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

**Exhibit A-1**
**Long Form Notice**

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund six months after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, after payment of any outstanding Notice and Administration Expenses, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution.  These additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a *de minimis* level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions.  Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to Investor Protection Trust, a nonprofit organization devoted to investor education, or another §501(c)(3), non-profit charitable organization designated by Lead Plaintiffs and approved by the Court.

## HOW CAN YOU RECEIVE A PAYMENT?

| 11. How can I get a payment? |
| --- |

In order to qualify for a payment, you must be an eligible Settlement Class Member and send in a valid and timely Proof of Claim and Release form.  A Proof of Claim and Release form is enclosed with this Notice and may also be downloaded from the Claims Administrator's website, at www.NanoXSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim and Release form; sign it; and mail or submit it online, along with the required supporting documents, so that it is **postmarked (for U.S. Mail, if mailed) or received by the private carrier (for FedEx, UPS, etc.) (address provided on page 4) or received by the Claims Administrator (if submitted online) no later than _____, 202_**.  Any Settlement Class Member who fails to submit a Proof of Claim and Release form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Settlement Class Member's Proof of Claim and Release form is accepted), but shall otherwise be bound by all of the terms of the Stipulation and the Judgment, including the releases therein, and will be permanently barred and enjoined from asserting any of the Released Claims against any of the Released Defendant Parties.

| 12. When would I get my payment? |
| --- |

The Court will hold a Settlement Hearing on September 7, 2023, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process.  Please be patient. If your address changes, please contact the Claims Administrator at the contact information provided on page **4.**

| 13. What am I giving up to get a payment or stay in the Settlement Class? |
| --- |

{00552539;1 }                                                        15

**Exhibit A-1**
**Long Form Notice**

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by any orders issued by the Court. If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes Final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims. The Judgment shall also provide for the full and final release of all Released Defendants' Claims, as against the Released Plaintiff Parties.

- "Released Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), whether arising under federal, state, common, or foreign law, by Released Plaintiff Parties, whether brought directly or indirectly against any of the Released Defendant Parties, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which arise out of or relate in any way, to: (a) any of the allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted, involved, set forth, asserted, or referred to, or could have been asserted, by a Released Plaintiff Party in the Litigation; and (b) arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, disposition, or ownership of Nano-X securities during the Settlement Class Period. "Released Claims" do not include claims to enforce the Settlement, or the claims of any Person that submits a Request for Exclusion that is accepted by the Court.

- "Released Defendant Parties" means Defendants, Defendants' Counsel, and their Related Parties.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against any Defendants in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" do not include (a) claims between or among Defendants or any combination of Defendants, including claims for indemnification; or (b) between Defendants and their insurers.

- "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and their Related Parties.

- "Related Parties" when used in reference to a Person, means and includes (i) the Person; (ii) for natural persons, each of that Person's immediate family members and any trust of which the Person is settler or which is for the benefit of any such Person and/or member of his family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries or wholly-owned affiliates; and (iii), for any of the Persons listed in sub-parts (i) or (ii) of this definition, their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, underwriters, investment bankers, commercial bankers, insurers, reinsurers, predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees,

**Exhibit A-1**
**Long Form Notice**

administrators, agents, attorneys, legal or personal representatives, assigns, and assignees of each of them, and any controlling person thereof, in their capacities as such, and any entity in which such Person has a controlling interest.

- "Unknown Claims" means (a) any and all Released Claims that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties that, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Claims against the Released Defendant Parties and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date,

**Exhibit A-1**
**Long Form Notice**

and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own (*i.e.*, outside this Litigation) about the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 14. How do I exclude myself from the proposed Settlement? |
| --- |

To exclude yourself from the Settlement Class, you must send a written or e-mail request saying that you want to be excluded from the Settlement Class in the following Litigation: Nano-X Securities Litigation, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK (a "Request for Exclusion"). Your Request for Exclusion **must legibly state** your name, address, telephone number, and the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of Nano-X securities during the period August 21, 2020 through November 17, 2021, inclusive. Your Request for Exclusion must also include adequate documentation to evidence such transactions in Nano-X securities (such as account statements or trading records) and must be personally signed by the Settlement Class Member. Do not send originals of your documentation as they will not be returned. All Requests for Exclusion must be postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) **no later than _____, 202_**, and sent to the Claims Administrator at: Nano-X Securities Litigation Settlement, EXCLUSIONS, c/o Claims Administrator, at the address set forth on p.**4**; or by email: info@www.NanoxSettlement.com **You cannot exclude yourself by telephone**.

If you make a proper Request for Exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper Request for Exclusion, you will not be legally bound by the Settlement or Judgment or the releases therein, and you may be able to sue Nano-X and the other Released Defendant Parties about the Released Claims in the future.

| 15. If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties |
| --- |

{00552539;1 }                                            18

**Exhibit A-1**
**Long Form Notice**

| later for the same thing later? |
|---|

No.  Unless you timely and validly exclude yourself from the Settlement Class, you give up any rights to sue Defendants and the other Released Defendant Parties, or to enforce any existing judgments against any of the Released Defendant Parties, for any and all Released Claims, outside this Litigation in the future.  If you have a pending lawsuit against Defendants or the other Released Defendant Parties, speak to your lawyer in that case immediately to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is **August 17, 2023**.

| 16. If I exclude myself, can I get money from the proposed Settlement? |
|---|

No.  If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.  However, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 17. Do I have a lawyer in this case? |
|---|

The following attorneys are counsel for the Settlement Class ("Lead Counsel"):

| | |
|---|---|
| Nicholas I. Porritt<br>LEVI & KORSINSKY, LLP<br>55 Broadway, Suite 427<br>New York, NY  10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email:  nporritt@zlk.com | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile:  (917) 463-1044<br>Email: jalieberman@pomlaw.com |

You will **not** be separately charged for Lead Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. How will the lawyers be paid? |
|---|

Lead Counsel has litigated this matter since its inception on a fully contingent basis and advanced all expenses on behalf of the Settlement Class.  Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing.  Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the total amount of up to 33-1/3% or 1/3 of the Settlement Fund, plus payment of Plaintiffs' Counsel's expenses incurred in connection with the Litigation in an amount not to exceed $250,000.  In addition, the three Lead Plaintiffs may seek a payment of up to $9,000 in the aggregate for their reasonable time, costs and expenses relating to the representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4).  Additionally, at the Settlement Hearing, Lead Plaintiffs will ask the Court to approve payment of the Claims Administrator's expenses.  Such sums, as may be approved by the Court, will be paid from the

{00552539;1 }                                           19

**Exhibit A-1**
**Long Form Notice**

Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The Fee and Expense Award requested will be the only payment to compensate Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. The Court will decide what constitutes a reasonable fee and expense award and may award less than the amount requested by Lead Counsel.

## OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court that I do not like the proposed Settlement? |
| --- |

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement if you do not like any part of it, including the Plan of Allocation, the application by Lead Counsel for an award of fees and reimbursement of expenses, or the application for an award under 15 U.S.C. §78u-4(a)(4) to the Lead Plaintiffs.  You can state the reasons why you think the Court should not approve it, and the Court will consider your views.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no Settlement payments will be sent out and the Litigation will continue.

Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*NanoX Securities Litigation*, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK), (b) be submitted to the Court either by mailing them to the "Clerk of the Court," or by filing them in person at, at the following address:  United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY  11201, and (c) be filed or postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) no later than **August 17, 2023**.  Copies should also be provided by that date to counsel for the parties.  Lead Counsel's addresses are:  Levi & Korsinsky, LLP, c/o Nicholas I. Porritt, Esq., 55 Broadway, 4th Fl., Suite 427, New York, NY 10006, nporritt@zlk.com, and Pomerantz LLP, c/o Jeremy A. Lieberman, Esq., 600 Third Avenue, New York, NY 10016, jalieberman@pomlaw.com; and Defendants' Counsel's addresses are: Skadden, Arps, Slate, Meagher & Flom LLP, c/o Susan L. Saltzstein, Esq., One Manhattan West, New York, NY 10001, McGuireWoods LLP, c/o Jeffrey J. Chapman, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, and Barnea Jaffa Lande & Co., c/o Hadar E. Israeli, 58 Harakevet St., 21st Floor, Tel Aviv, Israel 6777016, hisraeli@barlaw.co.il.

The objection must (a) state the reasons you object to the Settlement, (b) provide your name, address, telephone number, and be personally signed by you, (c) include documents sufficient to demonstrate membership in the Settlement Class, consisting of documents showing the number of shares of Nano-X securities you purchased/acquired and/or sold during the period August 21, 2020 through November 17, 2021, inclusive, as well as the dates, number of shares, and prices for each such purchase/acquisition and sale (*i.e.*, copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement), and (d) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel. Do not send the originals of your documentation as they will not be returned.

**Exhibit A-1**
**Long Form Notice**

If you object, you need not come to the Settlement Hearing to have your objection considered. However, any persons wishing to be heard orally at the Settlement Hearing must indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

| 20. What is the difference between objecting and excluding myself? |
|---|

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses, or the request for an award to Lead Plaintiffs for representing the Settlement Class. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Litigation no longer applies to you.

## THE COURT'S SETTLEMENT HEARING

| 21. When and where will the Court decide whether to approve the proposed Settlement? |
|---|

The Court will hold a Settlement Hearing on **September 7, 2023, at 11:00.a.m.**, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4E-N, Brooklyn, NY 11201, for the purpose of determining whether: (i) the Settlement, as set forth in the Stipulation, for $8,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (ii) Judgment, as provided under the Stipulation, should be entered; (iii) to award Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (iv) to compensate Lead Plaintiffs for their efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (v) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing or hold the Settlement Hearing by telephonic or video conference without further notice to members of the Settlement Class. Any change to the Settlement Hearing date, time, or manner will be posted on the settlement website (www.NanoXSecuritiesSettlement.com) and may also be found by checking the Court's fee-based Public Access to Court Electronic Records ("PACER") site or with Lead Counsel.

| 22. Do I have to come to the hearing? |
|---|

No. Lead Counsel will answer questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not necessary. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| 23. May I speak at the hearing? |
|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must indicate in your written objection (or in a separate writing filed and served in the same manner and by the same date) that it is your "intention to Appear in *NanoX Securities Litigation*, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK." Settlement Class Members who intend to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, or an award to Lead

**Exhibit A-1**
**Long Form Notice**

Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class or if you fail to provide written notice to the Court of your intention to speak at the Settlement Hearing by the **August 17, 2023** deadline for objections.

## IF YOU DO NOTHING

| 24. What happens if I do nothing at all? |
| --- |

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Released Defendant Parties about the claims being released in the Settlement.

## GETTING MORE INFORMATION

| 25. Are there more details about the proposed Settlement? |
| --- |

This Notice contains only a summary of the terms of the proposed Settlement.  More details are in the Stipulation.  You may obtain a copy of the Stipulation and other documents related to the Settlement, including this Notice, the Proof of Claim and Release form, and the proposed Judgment, at www.NanoXSecuritiesLitigation.com, or by contacting the Claims Administrator by email, telephone or mail at the address and website provided on page 4.  In addition, the records in the Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Office of the Clerk of the United States District Court for the Eastern District of New York, or through the Court's PACER system at https://ecf.cand.uscourts.gov.  You may also contact Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 55 Broadway, Suite 427, New York, NY 10006, Tel. No. (212) 363-7500, or Jeremy A. Lieberman, Esq., Pomerantz LLP, 600 Third Avenue, New York, NY 10016, Tel. No. (212) 661-1100, if you have any questions about the Litigation or the Settlement.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

## SPECIAL NOTICE TO NOMINEES

If you hold any Nano-X securities purchased or acquired between August 21, 2020 and November 17, 2021, inclusive, as a nominee for a beneficial owner, then, within ten (10) business days after you receive this Notice, you must either: (i) send a copy of this Notice, and the enclosed Proof of Claim and Release, by First-Class Mail to all such Persons; or (ii) provide a list of the names and addresses of such Persons to the Claims Administrator at one of the following:

{00552539;1 }                                      22

**Exhibit A-1**
**Long Form Notice**

*Nano-X Securities Litigation Settlement*
Epiq Global
c/o Eric Blow
P.O. Box 6786
Portland, OR 97228-6786
Email: info@nanoxsettlement.com
Telephone: 888-977-4348
www.NanoxSettlement.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release, and which would not have been incurred but for the obligation to forward such documents, in an amount not to exceed $0.75 per Notice packet mailed or $0.15 per Settlement Class Member identified and provided to the Claims Administrator, upon submission of appropriate documentation to the Claims Administrator.

Dated:  _____, 202__          BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE EASTERN
                                        DISTRICT OF NEW YORK

{00552539;1 }                    23

# EXHIBIT A-2

**Exhibit A-2**
**Proof of Claim and Release**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**EXHIBIT A-2**
**PROOF OF CLAIM AND RELEASE**

{00551710;1 }

**Exhibit A-2**
**Proof of Claim and Release**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

<u>**PROOF OF CLAIM AND RELEASE**</u>

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a Settlement Class Member based on the claims in the Actions titled *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355-WFK-MMH, and *In re Nano-X Securities Litigation*, No. 21-cv-05517-RPK-PK (the "Litigation"),[1] you must complete and sign this Proof of Claim and Release ("Proof of Claim"). If you fail to file a properly completed Proof of Claim and Release, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS (1) **IF SUBMITTED ONLINE** AT WWW.NANOXSECURITIESLITIGATION.COM,

---

[1]This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.NanoXSecuritiesLitigation.com.

{00551710;1 }                                        1

**Exhibit A-2**
**Proof of Claim and Release**

**RECEIVED NO LATER THAN _____ 202_; OR (2) IF SENT BY MAIL, POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.) OR RECEIVED BY THE CLAIMS ADMINISTRATOR (IF SUBMITTED ONLINE) ON OR BEFORE_____, 202_,** AND ADDRESSED AS FOLLOWS:

*Nano-X Securities Litigation Settlement*
Epiq Global
c/o Eric Blow
P.O. Box 6786
Portland, OR 97228-4348

Do not mail or deliver your completed Proof of Claim and Release and/or any supporting documentation to the parties in the Litigation or their counsel. If you are NOT a Settlement Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Settlement Class Member and you do not timely request exclusion, YOU WILL BE BOUND by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.      CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired publicly listed or publicly traded securities of Nano-X Imaging Ltd. ("Nano-X" or the "Company") (ticker symbol: NNOX) between August 21, 2020 and November 17, 2021, inclusive, and were damaged thereby, unless you are an excluded party under the terms of the Stipulation.

Use Part I of this form titled "Claimant Identification" to identify each purchaser or acquirer of the Nano-X securities that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE NANO-X SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The social security number (or taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      CLAIM FORM

Use Part II of this form titled "Schedule of Transactions in Nano-X Securities" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your **purchases and acquisitions** of publicly traded or publicly listed Nano-X securities between August 21, 2020 and November 17, 2021, inclusive. On the schedules, state the number of Nano-X securities you held, if any, before Nano-X's August 21, 2020 IPO, and provide all of the

{00551710;1 }                                    2

**Exhibit A-2**
**Proof of Claim and Release**

requested information with respect to **all** of your ***purchases and sales*** of Nano-X securities between August 21, 2020 and November 17, 2021, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Nano-X securities you held at the close of trading on November 17, 2021. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN NANO-X SECURITIES SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at info@Nanoxsettlement.com or www.NanoxSettlment.comto obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

{00551710;1 }                                                3

**Exhibit A-2**
**Proof of Claim and Release**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YOURK

*White v. Nano-X Imaging Ltd.*, No. 20-cv-04355-WFK-MMH, and
*In re Nano-X Securities Litigation*, No. 21-cv-05517-RPK-PK

**PROOF OF CLAIM AND RELEASE**

**PART I:  CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

City                    State/Province                    Zip/Postal Code          Country

Your Social Security Number (for individuals) or Taxpayer Identification Number (for estates, trusts, corporations, etc.):

Telephone Number (home):                    Telephone Number (work):

{00551710;1 }                                        i

**Exhibit A-2**
**Proof of Claim and Release**

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):

❑ Individual (includes joint owner accounts)          ❑ Pension Plan
❑ Corporation                                          ❑ Estate
❑ IRA/401k                                             ❑ Trust
❑ Other (please specify): _____

{00551710;1 }                                ii

**Exhibit A-2**
**Proof of Claim and Release**

**PART II:  SCHEDULE OF TRANSACTIONS IN NANO-X SECURITIES**

**Beginning Holdings:**

A.  **State the total number of shares of Nano-X securities held before Nano-X's August 21, 2021 IPO** (must be documented).  If none, write "zero" or "0".

|  |
|---|
|  |

**Purchases/Acquisitions:**

B.  **Purchases or acquisitions of Nano-X securities between August 21, 2020 and November 17, 2021, inclusive:**  Separately list each and every purchase/acquisition of publicly traded or publicly listed Nano-X securities made between August 21, 2020 and November 17, 2021, both dates inclusive (must be documented):

| Trade Date(s) Month/Day/Year (chronologically) | Number of Shares Purchased or Acquired | Purchase Price Per Share | Total Purchase or Acquisition Price (excluding commissions) | Was this Purchase or Acquisition the result of an option? | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| 1. | 1. | 1. | 1. | ❏ Yes ❏ No | ❏ Yes ❏ No |
| 2. | 2. | 2. | 2. | ❏ Yes ❏ No | ❏ Yes ❏ No |
| 3. | 3. | 3. | 3. | ❏ Yes ❏ No | ❏ Yes ❏ No |

**Sales:**

C.  **Sales of Nano-X securities:**  Separately list each and every sale/disposition of publicly traded or publicly listed Nano-X securities made between August 21, 2020 and November 17, 20121, both dates inclusive (must be documented):

If none, check here: ❏

| Trade Date(s) Month/Day/Year (chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sales Price (excluding commissions, taxes, and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|
| 1. | 1. | 1. | 1. | ❏ Yes ❏ No |
| 2. | 2. | 2. | 2. | ❏ Yes ❏ No |
| 3. | 3. | 3. | 3. | ❏ Yes ❏ No |

{00551710;1 }                                                iii

**Exhibit A-2**
**Proof of Claim and Release**

**Ending Holdings:**

D.       **Number of shares of Nano-X securities held at the close of trading on November 17, 2021:**   State the total number of shares of publicly traded or publicly listed Nano-X securities held at the close of trading on November 17, 2021 (must be documented).  If none, write "zero" or "0".

**If additional space is needed, attached separate numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

{00551710;1 }                                                    iv

**Exhibit A-2**
**Proof of Claim and Release**

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY**
**IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Nano-X securities and know of no other Person having done so on my (our) behalf.

**V.   RELEASE**

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, defined below.

2.   "Related Parties" when used in reference to a Person, means and includes (i) the Person; (ii) for natural persons, each of that Person's immediate family members and any trust of which the Person is settler or which is for the benefit of any such Person and/or member of his family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries or wholly-owned affiliates; and (iii), for any of the Persons listed in sub-parts (i) or (ii) of this definition, their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys,  underwriters, investment bankers, commercial bankers,  insurers, reinsurers,  predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, attorneys, legal or personal representatives, assigns, and assignees of each of them, and any controlling person thereof, in their capacities as such, and any entity in which such Person has a controlling interest.

3.   "Released Defendant Parties" means Defendants, Defendants' Counsel, and their Related Parties.

4.   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against any Defendant in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" do not include (a) claims between or among Defendants or any combination of Defendants, including claims for indemnification; or (b) between Defendants and their insurers.

5.   "Released Plaintiff Party" or "Released Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and their Related Parties.

6.   "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), whether arising under federal, state, common, or

{00551710;1 }                                        3

**Exhibit A-2**
**Proof of Claim and Release**

foreign law, by Released Plaintiff Parties, whether brought directly or indirectly against any of the Released Defendant Parties, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which: (a) relate to any of the allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted, involved, set forth, asserted, or referred to, or could have been asserted, by a Released Plaintiff Party in the Litigation; or (b) arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, disposition, or ownership of Nano-X securities during the Settlement Class Period. "Released Plaintiffs' Claims" do not include claims to enforce the Settlement, or the claims of any Person that submits a Request for Exclusion that is accepted by the Court.

7.      "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties that, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Claims against the Released Defendant Parties and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have

{00551710;1 }                                  4

**Exhibit A-2**
**Proof of Claim and Release**

existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

8. I (We) hereby warrant and represent that I (we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9. I (We) hereby warrant and represent that I (we) have included information about (a) any Nano-X securities I (we) held before Nano-X's August 21, 2020 IPO; (b) all of my (our) purchases or acquisitions of publicly traded or publicly listed Nano-X securities between August 21, 2020 and November 17, 2021, both dates inclusive, (c) all of our my (our) sales of publicly traded or publicly listed Nano-X securities between August 21, 2020 and November 17, 2021, both dates inclusive, and (d) the number of shares of publicly traded or publicly listed Nano-X securities I (we) held at the close of trading on November 17, 2021.

10. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____
                                    (Month/Year)

in _____ .
        (City)             (State/Country)

_____
(Sign your name here)

{00551710;1 }                                  5

**Exhibit A-2**
**Proof of Claim and Release**

_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
_e.g._, Beneficial Purchaser or Acquirer,
Executor or Administrator)

{00551710;1 }                                   6

**Exhibit A-2**
**Proof of Claim and Release**

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and acknowledgment.

2.  Remember to attach copies of supporting documentation.

3.  **Do not send** originals of stock certificates or other documentation as they will not be returned.

4.  Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to the address below.

7.  **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.), OR RECEIVED ONLINE BY THE CLAIMS ADMINISTRATOR AT THE SETTLEMENT WEBSITE, NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:**

*Nano-X Securities Litigation Settlement*
Epiq Global
c/o Eric Blow
P.O. Box 6786
Portland, OR 97228-4348
www.NanoXSettlement.com (online portal)
info@Nanoxsettlement.com

{00551710;1 }                                7

# EXHIBIT A-3

**Exhibit A-3**
**Summary Notice**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**EXHIBIT A-3**
**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

{00552541;1 }

**Exhibit A-3**
**Summary Notice**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF NANO-X IMAGING LTD. ("NANO-X" OR THE "COMPANY") BETWEEN AUGUST 21, 2020 AND NOVEMBER 17, 2021, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD").[1]

THIS NOTICE WAS AUTHORIZED BY THE COURT AND EXPLAINS HOW YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.[2]

---

[1] Such Persons and entities may be members of the Settlement Class unless excluded under the terms of the Stipulation of Settlement.

[2] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation, which can be viewed and/or obtained at www.NanoXSecuritiesSettlement.com.

{00552541;1 }                                   1

**Exhibit A-3**
**Summary Notice**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United State District Court for the Eastern District of New York, that a hearing will be held on September 7, 2023, at 11:00 a.m. before the Honorable Rachel P. Kovner, United State District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY11201, to determine whether: (1) the proposed Settlement of the above-captioned actions (the "Litigation"), as set forth in the Stipulation, for $8,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment, as provided under the Stipulation, should be entered upon payment in full of the $8.0 million settlement amount; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), discussed below), and, if so, in what amount; (4) to grant an award to the three Lead Plaintiffs out of the Settlement Fund for their reasonable time, costs and expenses relating to the representation of the Settlement Class, and if so, in what amount; and (5) the Plan of Allocation should be approved by the Court.  The Court may adjourn or continue the Settlement Hearing or hold the Settlement Hearing by telephonic or video conference without further notice to members of the Settlement Class.  Any change to the Settlement Hearing date, time, or manner will be posted on the settlement website (www.NanoxSettlement.com).

The Litigation encompasses two securities class actions against Nano-X and the same officers and directors for making allegedly materially false and misleading statements and omissions in Nano-X's public statements between August 21, 2020 and November 17, 2021.

The Settlement was reached on behalf of all Persons and entities who purchased or otherwise acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class").

{00552541;1 }                                               2

**Exhibit A-3**
**Summary Notice**

IF YOU PURCHASED OR OTHERWISE ACQUIRED NANO-X SECURITIES (TICKER SYMBOL: "NNOX") DURING THE SETTLEMENT CLASS PERIOD OF AUGUST 211, 2020 THROUGH NOVEMBER 17, 2021, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form so that it is **postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.), or received electronically by the Claims Administrator, no later than _____, 202_**. Your failure to submit your Proof of Claim and Release by _____, 202_, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Litigation. If you are a member of the Settlement Class and do not submit a Request for Exclusion from the Settlement, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment and the full and final release of all Released Plaintiffs' Claims as against the Released Defendant Parties, whether or not you submit a Proof of Claim and Release.

This Summary Notice provides only a summary of matters regarding the Litigation and the Settlement. If you have not received a copy of the Notice of Proposed Settlement of Class Action ("Notice"), which more completely describes the Settlement and your rights thereunder (including your right to object to or exclude yourself from the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation and other settlement documents, online at www.NanoXSecuritiesSettlement.com, or by writing to:

*Nano-X Securities Litigation Settlement*
Epiq Global
c/o Eric Blow
P.O. Box 6786

{00552541;1 }                                        3

**Exhibit A-3**
**Summary Notice**

Portland, OR 97228-4348
Email: info@Nanoxsettlement.com

Inquiries should NOT be directed to the Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or a Proof of Claim and Release, may be made to Lead Counsel at:

| | |
|---|---|
| Nicholas I. Porritt<br>LEVI & KORSINSKY, LLP<br>55 Broadway, Suite 427<br>New York, NY 10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email: nporritt@zlk.com | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com |

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ET**C.**), OR RECEIVED ELECTRONICALLY BY THE CLAIMS ADMINISTRATOR, NO LATER THAN AUGUST 17, 2023,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT TIMELY REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, PLAN OF ALLOCATION, REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR AWARD TO THE LEAD PLAINTIFFS FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND

{00552541;1 }                                  4

**Exhibit A-3**
**Summary Notice**

DEFENDANTS' COUNSEL SUCH THAT IT IS **POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.), OR (FOR COPIES SENT TO COUNSEL), RECEIVED ELECTRONICALLY, NO LATER THAN AUGUST 17, 2023,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____                BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE EASTERN
                                          DISTRICT OF NEW YORK
                                          THE HONORABLE RACHEL P. KOVNER
                                          THE HONORABLE WILLIAM F. KUNTZ

{00552541;1 }                          5

# EXHIBIT B

**Exhibit B**
**Proposed Judgment**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

{00551736;1 }

**Exhibit B**
**Proposed Judgment**

WHEREAS, the Settling Parties agreed to settle and dismiss with prejudice the Litigation upon the terms and conditions set forth in the Stipulation of Settlement, dated June 2, 2023 (the "Stipulation");[1] and

WHEREAS, on _____, 202_, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), which, for purposes of the Settlement only, (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class solely for purposes of effectuating the Settlement; (c) approved the form and manner of Notice of the Settlement to the Settlement Class and ordered that such notice be provided to potential Settlement Class Members, which, among other things, provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement (the "Notice"); (d) appointed Lead Plaintiffs as class representatives, and appointed Lead Counsel as class counsel; (e) scheduled a hearing regarding final approval of the Settlement as described in the Notice (the Settlement Hearing);

WHEREAS, due and adequate Notice having been given to the Settlement Class as required in the Preliminary Approval Order; and

WHEREAS, the Court conducted a Settlement Hearing on September 7, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice;

---

[1] All capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation. As used herein, the term "Settling Parties" means Lead Plaintiffs Edward Ko, Derson Jolteus and Davian Holdings ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Nano-X Imaging Ltd. ("Nano-X" or the "Company"), and Ran Poliakine and Itzhak Maayan (collectively, "Defendants").

**Exhibit B**
**Proposed Judgment**

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, including the Settlement Hearing, and it appearing to the Court upon examination that the Settlement is fair, reasonable, and adequate;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.      This Court has jurisdiction over the subject matter of the Litigation and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

C.      Solely for purposes of the Settlement, the Court finds that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs have fairly and adequately represented and protected the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

D.      The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. §78u-4(a)(7), due process, and all other applicable laws and rules.  Such Notice advised Settlement Class Members of the Settlement and of their right to exclude themselves therefrom or object thereto, including the Plan of Allocation, Lead Counsel's Fee and Expense Application, and Lead Plaintiffs' Award,

{00551736;1 }                                              2

**Exhibit B**
**Proposed Judgment**

and a full and fair opportunity was accorded to Settlement Class Members to be heard with respect to the Settlement.

E.      A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the Settlement Hearing thereon.

F.      The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate. Among other things:

(i)      the Settlement was negotiated at arm's-length by Lead Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The Litigation settled only after, among other things: (1) a mediation conducted by an experienced mediator who was familiar with the Litigation; (2) the exchange between Lead Plaintiffs and Defendants of detailed mediation statements before the mediation that highlighted the factual and legal issues in dispute; (3) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Nano-X's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants; (4) the drafting and submission of detailed complaints; and (5) motion practice directed to the complaints.  Accordingly, both Lead Plaintiffs and the Defendants were well-positioned to evaluate the settlement value of the Litigation.  The Stipulation has been entered into in good faith and is not collusive.

(ii)      the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of

{00551736;1 }                                                    3

**Exhibit B**
**Proposed Judgment**

attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure.

(iii)   if the Settlement had not been achieved, both Lead Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Lead Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

G.    The Court hereby finds that the Plan of Allocation is fair and reasonable.  In particular, the Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

H.    Lead Plaintiffs and Lead Counsel have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

I.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rule of Civil Procedure.

**IT IS HEREBY ORDERED THAT:**

1.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court fully and finally certifies a Settlement Class consisting of on behalf of all Persons and entities who purchased or otherwise acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the parent

{00551736;1 }                                        4

**Exhibit B**
**Proposed Judgment**

entity, officers and directors of Nano-X, at all relevant times; (iii) members of the immediate families of such officers and directors of Nano-X, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a direct or indirect controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the procedures approved by the Court, as listed on Exhibit 1 hereto. Lead Plaintiffs are finally certified as the class representatives and Lead Counsel are finally certified as class counsel.

2.       The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Litigation and all of the claims asserted against the Defendants in the Litigation by Lead Plaintiffs are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3.       All Released Plaintiff Parties and Released Defendant Parties, as defined in the Stipulation, are released in accordance with, and as defined in, the Stipulation.

4.       Upon the Effective Date, all Released Plaintiff Parties, including Lead Plaintiffs and each and every Settlement Class Member, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers a Proof of Claim and Release, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or any Fee and Expense Award.

{00551736;1 }                                      5

**Exhibit B**
**Proposed Judgment**

5.      Upon the Effective Date, all Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties.

6.      Any and all of the following claims actions, allegations, causes of action, demands or rights, however denominated and whether presently known or unknown are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) any claims seeking contribution or indemnification by any Person against any of the Released Defendant Parties arising out of or related to any of the Released Plaintiffs' Claims; and (ii) claims for contribution arising out of or related to any Released Plaintiffs' Claims by Defendants to the extent required by 15 U.S.C. § 78u-4(f)(7)(A).

7.      All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8.      All Settlement Class Members who have failed to properly submit Requests for Exclusion (*i.e.*, requests to "opt-out") from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9.      All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

**Exhibit B**
**Proposed Judgment**

10.     The Released Plaintiff Parties are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Defendant Parties.  Claims to enforce the terms of the Stipulation are not released.

11.     The Court hereby approves the Plan of Allocation as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with the Stipulation. Any subsequent order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

13.     Nothing in the Settlement restricts the ability of any Party to advocate in favor of or against the applicability of any offset to any claims asserted in any other action based on any amount paid to Authorized Claimants through the Settlement.

14. The Court hereby awards Plaintiffs' Counsel attorneys' fees of _____% of the Settlement Amount, plus Plaintiffs' Counsel's expenses in the amount of $_____ (the "Fee and Expense Award"), together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the Litigation and substantial risks of non-recovery, time and effort involved, and result obtained for the Settlement Class.

15.     The Fee and Expense Award and interest earned thereon shall be paid to Plaintiffs' Counsel from the Settlement Fund within ten (10) days of the entry of this Order, subject to the

{00551736;1 }                                        7

**Exhibit B**
**Proposed Judgment**

terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

16.     Lead Plaintiff Edward Ko is awarded $_____.  Such payment is appropriate considering his active participation as a Lead Plaintiff in the Litigation, as attested to by his declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

17.     Lead Plaintiff Derson Jolteus is awarded $_____.  Such payment is appropriate considering his active participation as a Lead Plaintiff in the Litigation, as attested to by his declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

18.     Lead Plaintiff Davian Holdings is awarded $_____.  Such payment is appropriate considering its active participation as Lead Plaintiff in the Litigation, as attested to by its declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

19.     Any subsequent order or proceeding relating to the Fee and Expense Award and/or the Lead Plaintiff Awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

20.     Neither the Stipulation nor Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement, nor this Judgment:

(a)     shall be offered or received against any Defendant as evidence of, or evidence in support of, a presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity of any claim that has been, or could have been, asserted in the Litigation, or the deficiency of any defense that has been, or could have been, asserted in the Litigation or in any other litigation;

{00551736;1 }                                    8

**Exhibit B**
**Proposed Judgment**

(b)        shall be offered or received against Defendants as evidence of, or evidence in support of, a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)        shall be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit;

(d)        shall be construed against Defendants, Lead Plaintiffs, or the Settlement Class as evidence of a presumption, concession, or admission that the Settlement Amount represents an amount that could be, or would have been, recovered after trial or in any proceeding other than the Settlement, or that any damages potentially recoverable in the Litigation would have exceeded or would have been less than the Settlement Amount;

(e)        notwithstanding any of the foregoing, Defendants and any other Released Defendant Parties may file the Stipulation and/or this Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.        In the event that the Stipulation is terminated in accordance with its terms: (a) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (b) the Litigation shall proceed as provided in the Stipulation; and (c) the fact of the Settlement shall not be

{00551736;1 }                                                9

**Exhibit B**
**Proposed Judgment**

admissible in any trial of the Litigation, and Lead Plaintiffs and Defendants shall not be prejudiced in any way from the negotiation, fact or terms of the Settlement.

22.     Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time and such other amendments or modifications to the Stipulation necessary to carry out any of its provisions, provided that such extensions, amendments, or modifications do not materially alter the rights of any Settling Party under the Stipulation.

23.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) enforcement of the terms of the Settlement and this Judgment, including all releases; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

IT IS SO ORDERED.

DATED: _____, 202_

_____
THE HONORABLE RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE

{00551736;1 }                                    10